# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BENICIO A. MORTEGA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Civil Action No.  06-0426 (EGS) |
| | ) |
| DONALD H. RUMSFELD, | ) |
| SECRETARY OF DEFENSE, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Defendant Donald H. Rumsfeld, Secretary of Defense, through the undersigned counsel, hereby move the Court for an order of dismissal, pursuant to 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.  In the alternative, should the Court deny Defendant's motion to dismiss, Defendant moves for summary judgment, pursuant to Fed. R. Civ. P. 56.

In support of this motion, Defendant submits a Memorandum of Points and Authorities, a Statement of Material Facts to Which There is No Dispute, and a Proposed Order.   Plaintiff, who is proceeding pro se, is hereby advised that failure to respond[1] to a dispositive motion may result

---

[1]  Plaintiff is placed on notice that any factual assertions contained in the accompanying Memorandum or Statement of Material Facts in support of this motion will be accepted by the Court as true unless the Plaintiff submits his own affidavit or other documentary evidence contradicting the assertions in the declarations and attachments.  See Neal v. Kelly, 963 F.2d 453, 456-57 (D.C. Cir. 1992), Local Rule 7.1, and Fed. R. Civ. P. 56(e), which provides as follows:

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit

in the district court granting the motion and dismissing the case.  See, Fox v. Strickland, 837

F.2d 507, 509 (D.C. Cir. 1988).


July 7, 2006                              Respectfully submitted,


                                          _____/s/_____
                                          KENNETH L. WAINSTEIN, D.C. Bar No. 451058
                                          United States Attorney


                                          _____/s/_____
                                          RUDOLPH CONTRERAS D.C. Bar No. 434122
                                          Assistant United States Attorney


                                          _____/s/_____
                                          ERIC J. JANSON
                                          Special Assistant United States Attorney

OF COUNSEL:
Thomas F. Leary, LCDR, JAGC, USN
General Litigation Division
Office of Judge Advocate General
Suite 3000, 1322 Patterson Avenue, S.E.
Washington, D.C.  20374-5066

---

shall be attached thereto or served therewith.  The court may permit affidavits to
be supplemented or opposed by depositions, answers to interrogatories, or further
affidavits.  When a motion for summary judgment is made and supported as
provided in this rule, an adverse party may not rest upon the mere allegations or
denials of the adverse party's pleading, but the adverse party's response, by
affidavits or as otherwise provided in this rule, must set forth specific facts
showing that there is a genuine issue for trial.  If the adverse party does not so
respond, summary judgment, if appropriate, shall be entered against the adverse
party.

Fed. R. Civ. P. 56(e).

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| BENICIO A. MORTEGA, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-0426 (EGS) |
| | ) | |
| DONALD H. RUMSFELD, | ) | |
| SECRETARY OF DEFENSE, | ) | |
| | ) | |
| **Defendant.** | ) | |
| ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS,
OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Defendant Donald H. Rumsfeld, Secretary of Defense ("the Secretary"), through the

undersigned counsel, hereby submits this memorandum of points and authorities in support of its

motion to dismiss, or in the alternative, for summary judgment pursuant to Fed. R. Civ. P.

12(b)(1), Fed. R. Civ. P.12(b)(6), Fed. R. Civ. P. 56.

**INTRODUCTION**

Plaintiff, Benicio A. Mortega, challenges a thirty-year-old conviction by a Navy special

court-martial, and the subsequent denials of relief by the Board for Correction of Naval Records

("the BCNR"). He asks this Court to vacate his conviction, to reinstate him in the Navy and

credit him with 28 years of honorable service, award compensatory and punitive damages of

$1.001 billion, and grant him citizenship in the United States. See Compl.

1

As forth in detail below, Plaintiff's collateral attack upon his court-martial conviction is barred by the 6-year statute of limitations set forth in 28 U.S.C. § 2401(a). Even if Plaintiff had filed his claim within the limitations period, his collateral attack would nevertheless fail because the issues he raises here were not preserved at the trial court. Accordingly, the portion of Plaintiff's complaint challenging his court-martial conviction should be dismissed for failure to state a claim. Moreover, because the statute of limitations is a condition on the government's waiver of sovereign immunity, the Court also lacks subject matter jurisdiction over these claims.

To the extent Plaintiff challenges the BCNR's decisions denying him relief, this Court should dismiss these claims in part, and enter summary judgment in favor of the Defendant on the remaining claims. Plaintiff's challenges to the 1982 and 1997 BCNR decisions are barred by the 6-year statute of limitations. Regarding the 2001 and 2005 denials, the BCNR acted reasonably and lawfully in refusing to reconsider Plaintiff's petitions. Plaintiff cannot demonstrate that the BCNR's decisions were arbitrary, capricious, or contrary to law. Accordingly, the Court should dismiss Plaintiff's challenges to the 1982 and 1997 BCNR decisions for failure to state a claim, and enter summary judgment in favor of the Defendant regarding Plaintiff's challenges to the BCNR's 2001 and 2005 denials.

Plaintiff's claims for monetary relief should likewise be dismissed for lack of subject matter jurisdiction and for failure to exhaust administrative remedies.

**BACKGROUND**

Plaintiff, Benicio A. Mortega, enlisted in the United States Navy on May 28, 1974.

A.R. 1.  On April 13, 1976, a special court-martial[2] convened to consider a charge against

Plaintiff of being absent without authorization from December 1, 1975, to February 20, 1976, in

violation of 10 U.S.C. § 886.  A.R. 1; C.M. 17-26 and 56-84.[3]

Just prior to his court-martial, on April 5, 1976, Plaintiff requested by letter an

"Undesirable Discharge for the Good of the Service."  C.M. 108-111.  In his request, prepared in

consultation with his military defense attorney, Lieutenant C. C. Jeffries, Jr., Plaintiff stated that

he understood "that an undesirable discharge is under other than honorable conditions and may

deprive [him] of virtually all veterans' benefits . . . and that [he] may expect to encounter

substantial prejudice in civilian life in situations wherein . . . the character of discharge received

[from the Armed Forces] may have a bearing."  C.M. at 108.  Furthermore, Plaintiff indicated

that his "request [was] voluntarily submitted <u>free from any duress or promises of any kind</u>."  <u>Id.</u>

(emphasis added).  This request was not approved.  C.M. at 101.

During his court-martial, the military judge inquired of Plaintiff whether he was satisfied

with his appointed military defense counsel, Lieutenant Jeffries.  C.M. 57-58 and 72.  Plaintiff

voiced no objection, concern, or dissatisfaction with his defense counsel.  <u>Id.</u>  Prior to

considering any evidence against Plaintiff, the Military Judge inquired as follows:

Military Judge ("MJ"): All right.  Lieutenant Jeffries, have you advised the

---

[2] Special courts-martial are convened under 10 U.S.C. § 819 and subject to the limitations articulated therein.  <u>See also</u> Pub. L. 90-632 (Oct. 24, 1968) (amendments applicable to Plaintiff's special court-martial).

[3] Court-Martial Record, including verbatim record of the trial proceedings.

accused of his rights concerning counsel as set forth in Article 38(b) of the Code and paragraph 48 of the Manual?

Defense Counsel ("DC"): Yes, Your Honor, I have.

MJ: All right.  Seaman Recruit Mortega, please be seated.  You have the option to be defended at this trial by a civilian lawyer, provided by you at no expense to the government, or you also have the right to be defended at this trial by a military lawyer of your own choice, provided by the government at no expense to you, if he is reasonably available.

If you are defended by a civilian lawyer, or by a military lawyer of your choice, Lieutenant Jeffries, the detailed defense counsel may act as associate counsel, or he may be excused if you wish, with your consent.  Now, do you understand your rights concerning counsel?

Accused ("ACC"): Yes, sir.

MJ: Do you understand your rights concerning counsel?

ACC: Yes, Your Honor.

MJ: All right.  Now, do you desire to exercise your right to be represented by a civilian lawyer?

ACC: No, sir.

MJ: Do you desire to exercise your right to be represented by a military lawyer of your choice?

ACC: No, sir.

MJ: By whom do you wish to be defended?

ACC: By Lieutenant Jeffries.

MJ: Now, are you satisfied with your defense counsel, Lieutenant Jeffries?

ACC: Yes, Your Honor.

C.M. 57-58.

4

Plaintiff pleaded guilty to the single charge of absence without authorization.  C.M. 69. The Military Judge then questioned Plaintiff further, to determine whether his plea of guilty was knowing and voluntary.  See United States v. Care, 18 C.M.A. 535, 40 C.M.R. 247 (1969) (record of trial must reflect that the elements of each offense have been explained to the accused).  The following colloquy occurred:

> MJ: Now, do you have any questions as to the sentence that could be imposed as a result of your pleas of guilty?
>
> ACC: No, sir.
>
> MJ: Now, have you in fact consulted fully with your defense counsel, and received the full benefit of his advice?
>
> ACC: Yes, sir.
>
> MJ: Are you satisfied with your defense counsel, Lieutenant Jeffries?
>
> ACC: Yes, sir.
>
> MJ: Are you pleading guilty voluntarily, of your own free will?
>
> ACC: Yes, sir.
>
> MJ: Has anyone made any threat, or tried in any other way to force or compel you to plead guilty?
>
> ACC: No, sir.
>
> * * * *
>
> MJ: All right.  I want you to take time now to consult with your counsel again, and then advise me whether you understand the things that we've discussed and whether you still desire to enter pleas of guilty.
>
> ACC: (Conferring) Yes, sir.
>
> MJ: Is it still your desire to enter pleas of guilty?

ACC: Yes, sir.

MJ: All right. I find that your plea of guilty is made voluntarily, and with full knowledge of its meaning and effect. I further specifically find, that the accused has knowingly, intelligently, and consciously waived his rights against self-incrimination, to a trial of the facts by a court-martial, and to be confronted by and to cross-examine witnesses against him. Accordingly, I find that the plea is provident, and it is accepted. However, Seaman Recruit Mortega, I want to advise you that you may request to withdraw such plea at any time before sentence is announced, and if you have any sound reason for your request, I will grant it.

C.M. 72-73.

In accordance with Plaintiff's plea, the court found him guilty, and, after considering evidence offered in extenuation and mitigation, imposed a sentence of a Bad Conduct Discharge from the Navy. C.M. 74 and 75-83. In accordance with 10 U.S.C. § 866(b), Plaintiff's case was automatically appealed to the Navy Court of Military Review[4], which unanimously affirmed the trial court's findings and sentence on July 7, 1976. C.M. 13. Plaintiff then petitioned the Court of Military Appeals[5] to consider his case, see C.M. 28-31, which denied relief on November 8, 1976. U.S. v. Mortega, 2 M.J. 160 (C.M.A. 1976); see also A.R. 1. Plaintiff's Bad Conduct Discharge was thus executed on March 9, 1977. A.R. 1, 8, 14 and 40.

More than five years later, on May 1, 1982, Plaintiff petitioned the Board for Correction of Naval Records ("the BCNR") to upgrade his discharge to "General, Under Honorable Conditions." A.R. 14-15. He asserted that it was "in the interest of justice" to upgrade his discharge in this manner. A.R. 14. The BCNR considered Plaintiff's request, and "finding no justification for such a change," denied him relief on July 30, 1982. A.R. 1-2.

---

[4] The predecessor to the present Navy-Marine Corps Court of Criminal Appeals.

[5] The predecessor to the present Court of Appeals for the Armed Forces.

Nearly 15 years later, on April 29, 1997, Plaintiff again requested the BCNR to upgrade his discharge – this time to "Honorable" – but without offering specific justification for such a change.  A.R. 20-23.  The BCNR noted that there was "nothing new or material" in Plaintiff's request, A.R. 19, and denied him relief on June 27, 1997, A.R. 18.

Plaintiff forwarded yet another request for relief to the BCNR on January 22, 2001.  A.R. 26-30.  This time, he attached a 3-page handwritten statement which, in summary, asserted that (1) his 3-month unauthorized absence should have been tried before a summary court-martial instead of a special court-martial; (2) his defense attorney "coerced" him into signing a "Plea Bargaining Agreement" and promised him "no punitive discharge;" (3) he "vehemently rejected" the bad conduct discharge awarded by the court; and (4) these experiences caused him "mental anguish."  A.R. 28-30.  The BCNR identified these "new contentions," but noted the absence of "material evidence" supporting his claims, A.R. 25, and denied Plaintiff's request for relief on March 6, 2001, A.R. 24.

Plaintiff attempted to revisit these contentions in yet another application to the BCNR on April 27, 2005.  A.R. 33-40.  This time, in a 6-page typewritten document that parallels the Complaint in this case, compare A.R. 34-39; Compl. Parts I-VI, Plaintiff again challenged the counsel he received from his defense attorney and the "harshness" of the bad conduct discharge he received, and sought an "Honorable" discharge. A.R. 33.  The BCNR identified that Plaintiff had raised some "new contentions," but noted the absence of "material evidence" supporting his claims, A.R. 32, and denied his request for relief on June 15, 2005, A.R. 31.

## ARGUMENT

I. **PLAINTIFF'S COLLATERAL ATTACK TO HIS SPECIAL COURT-MARTIAL CONVICTION FAILS TO STATE A CLAIM AND SHOULD BE DISMISSED.[6]**

    A.     **Standard of Review**

        1.  **Lack of Subject Matter Jurisdiction**

On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), the Plaintiff bears the burden of establishing that the court has subject matter jurisdiction. Dist. of Columbia Ret. Bd. v. United States, 657 F. Supp. 428, 431 (D.D.C. 1987). In considering a motion to dismiss for lack of subject matter jurisdiction, the court accepts as true all material factual allegations in the complaint. Hohri v. United States, 782 F.2d 227, 241 (D.C. Cir. 1986), vacated on other grounds, 482 U.S. 64 (1987). In addition, a court may consider such materials outside the pleadings as appropriate to resolve the question whether it has jurisdiction to hear the case. See Herbert v. Nat'l. Academy of Sciences, 974 F.2d 192, 197 (D.C. Cir. 1992); Haase v. Sessions, 835 F.2d 902, 906 (D.C. Cir. 1987); Borg-Warner Protective Servs. Corp. v. EEOC., 81 F. Supp. 2d 20, 23 (D.D.C. 2000).

        2.  **Failure to State a Claim**

A Plaintiff must state a claim upon which relief can be granted. District of Columbia Retirement Bd. v. United States, 657 F. Supp. 428, 433 (D.D.C. 1987). A court must accept the allegations of the complaint as true in determining whether to grant a Rule 12(b)(6) motion to

---

[6] Plaintiff styles his pro se complaint as a petition for habeas corpus. See Compl., p. 1 ("pray[ing] for an order . . . thru [sic] this petition for extraordinary relief in the nature of habeas corpus . . . ."). Although habeas relief is not available to a non-resident alien living freely abroad, see El-Hadad v. United States, 377 F. Supp. 2d 42, 46-48 (D.D.C. 2005) (citations omitted), we consider herein the theories of the case reasonably embraced by the complaint.

dismiss for failure to state a claim.  Scolaro v. D.C. Bd. of Elections and Ethics, 104 F. Supp. 2d

18, 22 (D.D.C. 2000).  See, e.g., Croixland Properties Ltd. Partnership v. Corcoran, 174 F.3d 213,

215 (D.C. Cir.1999).  All reasonable inferences must be drawn in favor of the Plaintiff, and a

court should only dismiss a complaint for failure to state a claim "'if it is clear that no relief

could be granted under any set of facts that could be proved consistent with the allegations.'" Id.

(quoting Hishon v. King & Spalding, 467 U.S. 69, 73(1984)); see also Price v. Crestar Secs.

Corp., 44 F.Supp.2d 351, 353 (D.D.C.1999).  A court "does not test whether the Plaintiff will

prevail on the merits, but instead whether the claimant has properly stated a claim." Price at 353.

### 3.     Standard of Review for Summary Judgment.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories,

and admissions on file, together with the affidavits, if any, show that there is no genuine issue as

to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Diamond v. Atwood, 43 F.3d

1538, 1540 (D.C. Cir. 1995); Molerio v. FBI, 749 F.2d 815, 823 (D.C. Cir. 1984).  Where no

genuine dispute exists as to any material fact, summary judgment is required.  Anderson v.

Liberty Lobby, Inc., 477 U.S. 242 (1986).

A genuine issue of material fact is one that could change the outcome of the litigation.  Id.

at 247.  "The burden on the moving party may be discharged by 'showing' - - that is, pointing out

to the [Court] - - that there is an absence of evidence to support the non-moving party's case."

Celotex, at 325.  Once the moving party has met its burden, the non-movant may not rest on mere

allegations, but must instead proffer specific facts showing that a genuine issue exists for trial.

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  Thus to avoid

summary judgment, the Plaintiff must state specific facts or present some objective evidence that

would enable the court to find he is entitled to relief.

In an opinion issued the same day as <u>Celotex</u>, the Supreme Court explained the

circumstances in which summary judgment is appropriate:

> If the evidence is merely colorable . . . or is not sufficiently probative . . . summary
> judgment may be granted . . . [T]he mere existence of a scintilla of evidence in
> support of the plaintiff's position will be insufficient; there must be evidence on
> which the jury could reasonably find for the plaintiff.

<u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. at 252.  Unsupported speculation is not enough to

defeat a summary judgment motion; the existence of specific material evidentiary facts must be

shown. Fed. R. Civ. P. 56(e)(the nonmoving party may not rest on mere allegations but "must

come forward with 'specific facts showing there is a genuine issue for trial.").  <u>See</u> <u>also</u> <u>Hayes v.</u>

<u>Shalala</u>, 902 F.Supp. 259, 263 (D.D.C. 1995)(opposition to summary judgment must consist of

more than mere unsupported allegations or denials); <u>Johnson v. Digital Equip. Corp.</u>, 836

F.Supp. 14, 18 (D.D.C. 1993)(evidence that is merely colorable or not sufficiently probative is

insufficient to defeat summary judgment); <u>Batson v. Powell</u>, 912 F.Supp. 565, 578 (D.D.C.

1996) <u>aff'd</u> 203 F. 3d 51 (D.C. Cir 1999).

In <u>Celotex</u>, the Supreme Court further instructed that the "[s]ummary judgment procedure

is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the

Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive

determination of every action.'" 477 U.S. at 327, <u>quoting</u> Fed. R. Civ. P. 1._____

**B.    Plaintiff's Collateral Attack On His Court-Martial Conviction Is**
**Barred By the Applicable Statute of Limitations.**

A collateral attack to a court-martial conviction is subject to the six-year limitations period set forth in 28 U.S.C. § 2401(a), and the time for Plaintiff to file has long expired.  The statute provides that "every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action accrues." 28 U.S.C. § 2401(a).  "Section 2401 is a jurisdictional condition attached to the government's waiver of sovereign immunity, and as such must be strictly construed."  Spannaus v. Dep't of Justice, 824 F.2d 52, 55 (D.C. Cir. 1987).  This bar applies to all legal, equitable, or mixed actions, including collateral attacks upon courts-martial and "claims seeking to correct or upgrade the discharge of former service members."  Payne v. Brownlee, 2006 U.S. Dist. LEXIS 17054 (March 24, 2006) (Lamberth, J.) (quoting Kendall v. Army Board for Correction of Military Records, 996 F.2d 362, 365 (D.C. Cir. 1993) and citing Walters v. Sec'y of Defense, 725 F.2d 107, 111-112 (D.C. Cir. 1983), reh'g denied, 737 F.2d 1038 (1984) (en banc) (per curiam)).

Any claim relating to the validity of Plaintiff's court-martial conviction or his Bad Conduct Discharge accrued nearly 30 years ago, on March 9, 1977, the date on which Plaintiff's Bad Conduct Discharge was executed.  Kendall, 996 F.2d at 365 (statute of limitations began to run on the date service member's discharge became final); see A.R. 40 and Compl. I.4 (identifying separation date as March 9, 977 [sic]).  Thus, the limitation period on this action expired six years later, on March 9, 1983.  At the very latest, Plaintiff was aware of his claims on May 1, 1982, the date he first petitioned the BCNR for relief and alleged that his discharge was "against Equity and Good Conscience" and "completely without justification."  A.R. 14-15.

11

Thus, even generously construing the limitation period in this case, the deadline for Plaintiff to have filed this action passed some 18 years ago, in 1988. Plaintiff does not allege – nor could he – that the statute of limitations tolled during the intervening decades. See generally Compl. Accordingly, Plaintiff's collateral challenge to his court-martial conviction is well beyond the six-year statute of limitations period, and should be dismissed under Fed. R. Civ. P. 12(b)(6). Because the statute of limitations is a condition on the government's waiver of sovereign immunity, the Court also lacks subject matter jurisdiction over these claims. Spannus, 824 F.2d 52, 55 (D.C. Cir. 1987)

**C.      Plaintiff Waived Any Challenges to the Validity of His Court-Martial By Failing to Raise Those Claims to The Trial Court.**

Even if Plaintiff's claims were brought within the statute of limitations, his challenge to the validity of his special court-martial conviction should nevertheless be dismissed. This Circuit has established that "the military justice system is sufficiently analogous to state justice systems to apply identical waiver rules to bar claims raised for the first time during a collateral attack on a court-martial." Kendall, 996 F.2d at 366 (citations omitted). Absent a showing of cause and prejudice, claims raised for the first time during a collateral attack on a court-martial are barred. Id. (citations omitted).

Plaintiff failed to raise any claim about the quality of his military defense counsel to the trial court. C.M. 57-58 and 72-73. To the contrary, Plaintiff stated his satisfaction with his military defense counsel each time he was asked by the military judge. Id. Moreover, Plaintiff failed to raise any claim about the "coercion" he now alleges to this Court. Id. Rather, Plaintiff articulated that no one had threatened or coerced him to plead guilty, and that he was pleading

12

guilty of his own volition:

> MJ: Are you pleading guilty voluntarily, of your own free will?
>
> ACC: Yes, sir.
>
> MJ: Has anyone made any threat, or tried in any other way to force or compel your to plead guilty?
>
> ACC: No, sir.
>
> * * *
>
> MJ: Are you pleading guilty to this offense because you believe in your own mind that you are guilty of this offense?
>
> ACC: Yes, sir.

C.M. 73.  Plaintiff cannot now seek to have this Court review these claims.  He has made no showing of cause and prejudice sufficient to excuse his failure to raise these issues in the military justice system.  See Kendall, 996 F.2d at 366.  Accordingly, Plaintiff waived his claims regarding the assistance of counsel, whether he was coerced to plead guilty, and his collateral attack on the validity of his court-martial conviction should be dismissed.

## II.     TO THE EXTENT PLAINTIFF CHALLENGES THE BCNR'S DECISIONS UNDER THE ADMINISTRATIVE PROCEDURE ACT, THESE CLAIMS LACK MERIT AND SHOULD BE DISMISSED.

### A.     The Statute of Limitations Bars Review of the BCNR's 1982 and 1997 Denials.

The 6-year limitation period previously discussed, see supra at Sec. I.B, applies with equal force to bar Plaintiff's APA challenge to the BCNR's 1982 and 1997 denials of relief. Plaintiff first sought relief through the BCNR on May 1, 1982, and was denied relief on July 30, 1982.  A.R. 1-15.  Consequently, the time to bring an APA challenge to this agency action

13

expired on July 30, 1988. Plaintiff's second petition for relief was likewise denied on June 27,

1997. A.R.18-23. Thus, an action challenging this agency action would have had to commence

not later than June 27, 2003. Plaintiff's subsequent filings in 2001 and 2005 – and the BCNR's

subsequent denials – did not reopen the proceedings or commence a new limitations period,

because the administrative record demonstrates that the BCNR did not "alter its original

decision" or "otherwise demonstrate that it had reopened the proceeding." Cf. Robinson v.

Dalton, 45 F. Supp. 2d 1, 3 (D.D.C. 1998) (citing Sendra Corp. v. Magaw, 111 F.3d 162, 167

(D.C. Cir. 1997). Rather, the Executive Director reviewed Plaintiff's petitions and opined that

they both lacked "material" evidence that would warrant reopening his case. A.R. 24 and 31.

Accordingly, to the extent that Plaintiff challenges the BCNR's 1982 and 1997 denials, this

Court lacks jurisdiction to review these actions because the applicable statute of limitations has

run.

## B. The BCNR's 2001 and 2005 Denials Were Not Arbitrary, Capricious, or Contrary to Law, and Were Based Upon Substantial Evidence.

### 1. Standard of Review Under the APA

To prevail in this Court, Plaintiff must "overcome the strong, but rebuttable, presumption

that administrators of the military, like other public officers, discharge their duties correctly,

lawfully, and in good faith." Frizelle v. Slater, 111 F.3d 172, 177 (D.C. Cir 1997) (quoting

Sanders v. United States, 594 F.2d 804, 813 (Cl. Ct. 1979)). To rebut this presumption, Plaintiff

must establish through "cogent and clearly convincing evidence" that the BCNR's denials were

arbitrary, capricious, unsupported by substantial evidence, or contrary to law or regulations.

McDougall v. Widnall, 20 F.Supp. 2d 78, 82 (D.D.C. 1998). Due to this very high standard, only

14

the most egregious agency decisions do not satisfy this very deferential standard of review.  <u>Kreis v. Air Force</u>, 866 F.2d 1508, 1515 (D.C. Cir. 1989).

 In reviewing an agency's action under the APA standard, the Court is limited to reviewing the administrative record that was in front of the agency when it made its decision, <u>Commercial Drapery v. United States</u>, 133 F.3d 1, 7 (D.C. Cir. 1998), and it "will not disturb the decision of an agency that has examined the relevant data and articulated a satisfactory explanation for its action including a rational connection between the facts found and the choice made." <u>MD Pharmaceutical, Inc. v. Drug Enforcement Administration</u>, 133 F.3d 8, 16 (D.C. Cir. 1998).  The explanation for its action "does not mean that an agency's decision must be a model of analytic precision to survive a challenge." <u>Dickson v. Secretary of Defense</u>, 68 F.3d 1396, 1404 (D.C. Cir. 1995).  A reviewing court will "uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned." <u>Id</u>.  Even if reasonable minds might reach differing conclusions, the court is not empowered to substitute its judgment for that of the agency. <u>U.S.P.S. v. Gregory</u>, 534 U.S. 1, 11 (2001).

 In short, the Court's task in reviewing military personnel decisions is to determine whether "the decision making process was deficient, not whether [the] decision was correct." <u>Dickson v. Secretary of Defense</u>, 68 F.3d 1396 (D.C. Cir. 1995) (internal quotations omitted). The Secretary's discretion is so broad that he may choose not to order relief even where a conceded error exists:

> The Secretary may, in other words, have a reason for considering that it is not necessary to alter an applicant's military record in order to correct even an undisputed error or to remove even a conceded injustice.  Drawing upon our own experience, we can readily envision the Secretary, for example, exercising his discretion not to correct an error upon which nothing turns by reason of mootness,

15

> lack of harm to the person in question, or inability by such correction to redress
> the harm claimed. Afield of our experience, we can imagine that the alteration of
> a record may correct one injustice only to commit another, or perhaps only to
> incur some other equally significant institutional cost. All such balancing of
> considerations is to be done by the Secretary, free of judicial second-guessing.
> Such determinations are well within his discretion.

Kreis, 866 F.2d at 1514. Thus, even if reasonable minds might reach differing conclusions, the

Court is not empowered to substitute its judgment for that of the agency. U.S.P.S. v. Gregory,

534 U.S. 1, 11 (2001).

### 2.    The BCNR Properly Determined that Plaintiff's Claims Did Not Warrant Relief.

Plaintiff did not petition the BCNR to vacate the judgment of his court-martial as he does

here. Compare A.R.; Compl. Indeed, the BCNR does not have the authority to overturn

Plaintiff's court-martial conviction. 10 U.S.C. § 1552(f). Rather, "[w]ith respect to records of

courts-martial and related administrative records pertaining to court-martial cases . . .," the

BCNR can only correct records to reflect actions taken by reviewing authorities, or act on a

sentence for the purposes of clemency. Id.; Payne, 2006 U.S. Dist. LEXIS 17054 at 12 (citing

Kendall, 966 F.2d at 364). The BCNR can, however, "'remove all traces of an invalid court

martial from a serviceman's records'" if correction of the record is 'necessary to correct an error

or remove an injustice.'" Payne, 2006 U.S. Dist. LEXIS 17054 at 12 (quoting Baxter v. Claytor,

652 F.2d 181, 185 (D.C. Cir. 1981)).

Because Plaintiff knowingly and voluntarily pleaded guilty at his special court-martial, and

interposed no objections to the adequacy of his counsel or any other aspect of the proceedings, the

BCNR acted reasonably and lawfully in denying Plaintiff's petitions. On March 6, 2001, and

again on June 15, 2005, the Executive Director of the BCNR considered Plaintiff's petitions for

reconsideration, and determined that the information provided was "not material."  A.R. 24 and

31.  Accordingly, in both instances, the Executive Director determined that "reconsideration is not

appropriate at this time."  Id.  "Evidence is material if it is likely to have a substantial effect on the

outcome."  32 C.F.R. § 723.9.  But because Plaintiff only raised "new contentions," A.R. 25 and

32, and did not offer any evidence to support his contentions that his guilty plea was

unconstitutional or otherwise erroneous, the BCNR acted reasonably and consistent with the

administrative record in denying Plaintiff's petitions.  Consequently, this Court should defer to the

BCNR's decisions and enter summary judgment in the Defendant's favor.

III.     PLAINTIFF'S CLAIMS FOR MONEY DAMAGES SHOULD BE DISMISSED

        Although Plaintiff's pro se complaint articulates fairly clearly the agency actions he seeks

this Court to review, his rationale for seeking in excess of one billion dollars in damages is less

than apparent.  Two possible justifications appear likely: either a claim for tort damages, stemming

from the asserted "hurts," "sleepless nights," and associated damage to Plaintiff's "credibility and .

. . dignity;" or a claim for non-tort damages to "indemnify" Plaintiff for military back pay and

allowances.  Under either justification, this Court should dismiss Plaintiff's claim for money

damages.

        A.      If Plaintiff's Claim Sounds In Tort, He Has Failed To Exhaust His
                Administrative Remedies As Required By the Federal Tort Claims Act.

        It is a "long-settled rule of judicial administration that no one is entitled to judicial relief

for a supposed or threatened injury until the prescribed administrative remedy has been

exhausted."  Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 50-51 and n.9 (1938) (citing

cases applying the rule). "Whether courts are free to impose an exhaustion requirement as a matter of judicial discretion depends, at least in part, on whether Congress has provided otherwise[.]" Darby v. Cisneros, 509 U.S. 137, 144 (1993). Supreme Court cases "have recognized that exhaustion of administrative remedies is required where Congress imposes an exhaustion requirement by statute." Coit Independence Joint Venture v. FSLIC, 489 U.S. 561, 579 (1989). "If Congress itself imposes an exhaustion requirement, courts must enforce its express terms. . . . In such cases, failure by a claimant to exhaust deprives federal courts of jurisdiction." FDIC v. Scott, 125 F.3d 254, 257 (5th Cir. 1997); see also EEOC v. Lutheran Social Services, 186 F.3d 959, 963 (D.C. Cir. 1999); Trafalgar Capital Associates, Inc. v. Cuomo, 159 F.3d 21, 26 (1st Cir. 1998); Young v. Reno, 114 F.3d 879, 881 (9th Cir. 1997).

Under the Federal Tort Claims Act ("FTCA"), an action seeking money damages from the United States for an injury or loss may not be initiated in a Federal Court "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency." 28 U.S.C. § 2675; see also McNeil v. United States, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."); Simpkins v. District of Columbia Gov't, 108 F.3d 366, 371 (D.C. Cir. 1997) (quoting McNeil, 508 U.S. at 113) (plaintiff's failure to exhaust administrative remedies deprived the court of subject matter jurisdiction). Moreover, the FTCA mandates that "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing by certified or registered mail of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b)

18

(emphasis added); <u>Kubrick v. United States</u>, 444 U.S. 111, 117-18 (1979) (noting that Courts are not to extend this waiver of sovereign immunity beyond what Congress intended). Although phrased in the disjunctive, "this statute requires a claimant to file an administrative claim within two years [of accrual] and file suit within six months of its denial." <u>Houston v. United States Postal Serv.</u>, 823 F.2d 896, 902 (5th Cir. 1987) (emphasis in original) (citing numerous cases). <u>See also</u> <u>Willis v. United States</u>, 719 F.2d 608, 612 (2d Cir. 1983); <u>Schuler v. United States</u>, 628 F.2d 199, 201 (D.C. Cir. 1980).

The FTCA required that Plaintiff file an administrative claim prior to instituting this action. 28 U.S.C. § 2401(b). Plaintiff has offered no evidence, nor has he even asserted, that he has presented a claim for money damages to either the Department of the Navy or the Department of Defense in a timely manner. <u>See generally</u> <u>Compl</u>. Thus, if Plaintiff's claim is construed as sounding in tort, this Court lacks subject matter jurisdiction because Plaintiff has failed to exhaust his administrative remedies[7]. <u>Kubrick</u>, 444 U.S. at 117-18.

### B.    <u>Plaintiff Cannot Seek Monetary Relief under the APA</u>

To the extent that Plaintiff seeks money damages under the APA, this too must fail as the APA explicitly prohibits the recovery of monetary damages. Section 702 of APA allows a plaintiff to sue a federal agency in a federal court "seeking relief **other than money damages**." 5 U.S.C. § 702 (emphasis added). Courts that have confronted the issue of whether the APA allows monetary damages recovery uniformly held that APA does not. <u>See Linder v. Calero-Portocarrero</u>,

---

[7] Likewise, any claims for <u>punitive</u> damages under the FTCA is barred by statute. <u>See</u> 28 U.S.C. § 2674.

251 F.3d 178, 181(D.C. Cir. 2001); Hubbard v. EPA, 982 F.2d 351, 539 (D.C. Cir. 1992) (en

banc) (holding that the APA does not provide for the award of money damages in the form of

backpay); Scanwell Lab. Inc. v. Thomas, 521 F.2d 941, 948 (D.C. Cir. 1975) (stating that "the

Administrative Procedure Act, by itself, is not a waiver of sovereign immunity in suits seeking

money damages against the United States."). Accordingly, to the extent that Plaintiff seeks relief

under the APA claim for compensatory and/or punitive damages, it must be dismissed for failure

to state a claim for which relief may be granted[8].

###### C.    If Plaintiff's Claim Is For Non-Tort Money Damages In Excess of $10,000, Exclusive Jurisdiction Over This Action Rests With The Court of Federal Claims.

The Tucker Act vests exclusive jurisdiction in the United States Court of Federal Claims

over any claim for non-tort money damages against the United States in excess of $10,000, and

vests concurrent jurisdiction in the federal district courts and the Court of Federal Claims in cases

involving $10,000 or less. 28 U.S.C. §§ 1346(a)(2), 1491; Kidwell v. Dep't of Army, 56 F.3d 279,

283 (D.C. Cir. 1995).

Plaintiff requests the Court to "assume [honorable] naval service to a period of twenty

eight (28) years . . . and presume all promotions as regular to the highest rank of an enlisted man."

Compl. at ¶ 2 and Sec. VI.1.b. Arguably flowing from that request, Plaintiff also requests the

Court to award him $1 million in compensatory damages and $1 billion in punitive damages to

"indemnify" him and his family for his suffering. See Compl. Part VI, ¶ 1.c. To the extent

_____

[8] As noted *supra*, the applicable six-year statute of limitations bars review of the BCNR's 1982 and 1997 denials under the APA.

this may be construed as a claim for back pay and allowances in excess of $10,000, exclusive jurisdiction over this claim is in the Court of Federal Claims, not in this Court.

"Absent other grounds for district court jurisdiction, a claim is subject to the Tucker Act and its jurisdictional consequences if, in whole or in part, it explicitly or 'in essence' seeks more than $10,000 in monetary relief from the federal government." Bliss v. England, 208 F. Supp. 2d 2, 7 (quoting Kidwell v. Dep't of Army, 56 F.3d at 284). Here, Plaintiff explicitly requests monetary relief substantially in excess of the $10,000 jurisdictional limitation imposed by the Tucker Act. See Compl. Part VI, ¶ 1.c.; Bliss, 208 F. Supp. 2d at 7 (complaint that specifically mentioned monetary relief subject to the Tucker Act; exclusive jurisdiction was with the Court of Federal Claims). Thus, the exclusive jurisdiction of the Court of Federal Claims extends to Plaintiff's claims for back pay and allowances, and this Court should dismiss the action under Fed. R. Civ. P. 12(b)(1) as beyond its subject matter jurisdiction.

## CONCLUSION

For the foregoing reasons, the Court should grant defendant's motion to dismiss or, in the alternative, grant the defendant summary judgment.

July 7, 2006                          Respectfully submitted,


                              _____ /s/_____
                              KENNETH L. WAINSTEIN, D.C. Bar No. 451058
                              United States Attorney


                              _____/s/_____
                              RUDOLPH CONTRERAS D.C. Bar No. 434122
                              Assistant United States Attorney

_____/s/_____
ERIC J. JANSON

Special Assistant United States Attorney

OF COUNSEL:

Thomas F. Leary, LCDR, JAGC, USN

General Litigation Division

Office of Judge Advocate General

Suite 3000, 1322 Patterson Avenue, S.E.

Washington, D.C.  20374-5066

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 10, 2006, a true and correct copy of Defendant's Motion

to Dismiss, Or in the Alternative, for Summary Judgment, was served under the Court's ECF

system and via first class mail, postage prepaid to:

> Benicio A. Mortega
>
> 27-C 17th Avenue, Murphy
>
> Quezone City 1109
>
> Philippines


_____ /s/ _____

Eric J. Janson

Special Assistant United States Attorney
555 4th St., N.W. Rm. E4417

Washington, D.C. 20530

(202) 514-9150 (telephone)

(202) 514-8780 (facsimile)

Eric.Janson@usdoj.gov