UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BENICIO A. MORTEGA,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**DONALD H. RUMSFELD,** )<br>**SECRETARY OF DEFENSE,** )<br>)<br>**Defendant.** )<br>)  | Civil Action No. 06-0426 (EGS) |

**DEFENDANT'S STATEMENT OF MATERIAL FACTS**
**TO WHICH THERE IS NO GENUINE DISPUTE**

Pursuant to LCvR 7(h) and in support of Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment (hereafter "Def. Motion"), Defendant respectfully submits this statement of material facts to which there is no genuine dispute. The Administrative Record (A.R.) and Court-Martial Record (C.M.) support this statement.

1. Plaintiff, Benicio A. Mortega, enlisted in the United States Navy on May 28, 1974. A.R. 1.

2. On April 13, 1976, while on active duty in the U.S. Navy, Plaintiff was tried by a special court-martial for unauthorized absence from December 1, 1975, to February 20, 1976. A.R. 1; C.M. 17-26 and 56-84. Plaintiff was represented at that court-martial by a military defense counsel, Lieutenant C.C. Jeffries. C.M. 57. Plaintiff stated that he was satisfied with his defense counsel, Lieutenant Jeffries, and that he did not wish to be represented by any other defense attorney. C.M. 57-58 and 72-73

3. Plaintiff pleaded guilty to the sole charge and specification of unauthorized absence. C.M. 69. The military judge considering the charge and specification advised Plaintiff of his

rights, including his right to plead not guilty, and discussed each element of the charged offense with Plaintiff. C.M. 57-60; 69-73. The military judge concluded that Plaintiff's plea of guilty was offered voluntarily and with full knowledge if its meaning and effect. C.M. 73. The military judge further concluded that Plaintiff had knowingly, intelligently, and voluntarily waived certain rights by pleading guilty, including the right against self-incrimination. C.M. 73. The military judge found Plaintiff guilty of the sole charge and specification, C.M. 73, and sentenced him to be discharged from the Navy with a bad conduct discharge, C.M. 83. The Convening Authority, Commanding Officer, U.S. Naval Station, Subic Bay, Philippines, approved the sentence on May 4, 1976. C.M. 15.

    4. Plaintiff's case was forwarded for consideration to the United States Navy Court of Military Review pursuant to Article 66(c) of the Uniform Code of Military Justice, 10 U.S.C. §866(c). On July 7, 1976, that court affirmed the findings of guilty and the sentence as approved by the Convening Authority. C.M. 13.

    5. Plaintiff petitioned the United States Court of Military Appeals to consider one issue: whether the military judge was empowered to suspend a sentence, or a portion thereof. C.M. 30-31. Plaintiff did not challenge the adequacy or effectiveness of his military defense counsel, or assert that he had been coerced in any way during his court-martial. C.M. 30-31. The Court of Military Appeals denied Plaintiff's petition on November 8, 1976. C.M.9.

    6. On May 1, 1982, Plaintiff submitted a request to upgrade his discharge to the Board for Correction of Naval Records ("the BCNR"). A.R. 14-15. The BCNR denied Plaintiff's petition on July 30, 1982, concluding that Plaintiff's petition lacked justification for a change to his bad conduct discharge. A.R. 1.

7. On April 29, 1997, Plaintiff submitted another application to the BCNR, again requesting an upgrade to his discharge. A.R. 20-21. The BCNR treated Plaintiff's petition as a request for reconsideration. A.R. 19. The Executive Director of the BCNR denied this request on June 27, 1997, because Plaintiff had failed to present any material evidence to warrant reconsideration of the BCNR's 1982 decision. A.R. 18.

8. On January 22, 2001, Plaintiff submitted a third petition to the BCNR, again requesting an upgrade to his discharge. A.R. 26-30. The BCNR treated this petition as a request for reconsideration. A.R. 25. The Executive Director of the BCNR denied this request on March 6, 2001, because Plaintiff had failed to present any material evidence to warrant reconsideration of the BCNR's 1982 decision. A.R. 24.

9. On April 27, 2005, Plaintiff submitted a fourth petition to the BCNR, again requesting an upgrade to his discharge. A.R. 33-40. The BCNR treated this petition as a request for reconsideration. A.R. 32. The Executive Director of the BCNR denied this request on June 15, 2005, because Plaintiff had failed to present any material evidence to warrant reconsideration of the BCNR's 1982 decision. A.R. 31.

July 7, 2006                    Respectfully submitted,

_____/s/_____
KENNETH L. WAINSTEIN, D.C. Bar No. 451058
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS D.C. Bar No. 434122
Assistant United States Attorney

_____/s/_____
ERIC J. JANSON
Special Assistant United States Attorney