

# United States of America

## DEPARTMENT OF THE NAVY

*Washington, D.C. 20374-5047*

I hereby certify that the annexed 114 pages constitutes a true and accurate copy of the record of Trial in the case of Seaman Recruit Benicio Aguilar Mortega, U.S. Navy, 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, *on file in the* Office of the Judge Advocate General.

*C. L. JONES, LIEUTENANT COMMANDER, USN*
*DIRECTOR, ADMINISTRATIVE SUPPORT DIVISION,*
*NAVY-MARINE CORPS APPELLATE REVIEW ACTIVITY*

(Official title)

## OFFICE OF THE SECRETARY

I hereby certify that _____ C. L. JONES _____ who signed the foregoing certificate, was at the time of signing **Director, Administrative Support Division, Navy-Marine Corps Appellate Review Activity** and that full faith and credit should be given her certification as such

In testimony whereof, I have hereunto set my hand and caused the Seal of the Navy Department to be affixed this 24th day of April, two thousand six.

*E. M. McCUE III, Colonel, USMC*
*Assistant Judge Advocate General*
*for Military Justice*



NAVJAG 5800.12 Rev

VERBATIM [1]

# RECORD OF TRIAL [2]

(and accompanying papers)

of

MORTEGA, Benicio A.      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      SR (E-1)

------------------------------------------------------------

(Last name, first name, middle initial)    (Social Security Account No.)    (Rank or grade)

U. S. Naval Station         U. S. Naval Base

U. S. Navy          Subic Bay, Philippines

------------------------------------------------------------

(Organization and armed force)        (Station or ship)

By

SPECIAL    **COURT-MARTIAL**

Convened by       Commanding Officer

(Title of convening authority)

U. S. Naval Station

(Command of convening authority)

**Tried at**

Naval Legal Service Office
Naval Base, Subic Bay, Philippines     on   13 April     19 76

(Place or places of trial)        (Date or dates of trial)



JUN 1976
RECEIVED
USNCMR

76 1523

00001

[1] Insert "verbatim" or "summarized" as appropriate.
(This form will be used by the Army and Navy for verbatim records of trial only.)

[2] See back cover for instructions as to preparation and arrangement.

# ORIGINAL

DD FORM 490    REPLACES DD FORMS 490 AND 490-1, 1 JUN 64, WHICH ARE OBSOLETE

SUPPLEMENTARY
SPECIAL COURT-MARTIAL   )
ORDER NO. 3-77          )
22 FEBRUARY 1977        )

( HEADQUARTERS
( COMMANDER U. S. NAVAL BASE
( SUBIC BAY, PHILIPPINES

COMMANDER U. S. NAVAL BASE
Box 1
FPO San Francisco, California 96601

N6:ADP/hz
5814-2
22 FEB 1977

    In the Special Court-Martial case of Seaman Recruit (E-1) Benicio Aguilar MORTEGA, 567 29 3974, U. S. Navy, the sentence to bad conduct discharge, as promulgated in Special Court-Martial Order No. 34-76, this Headquarters, dated 26 May 1976, was affirmed by the Navy Court of Military Review pursuant to Article 66 on 7 July 1976. The accused's petition for review by the U. S. Court of Military Appeals, dated 1 September 1976, was denied by that Court on 8 November 1976. The provisions of Article 71(c) having been complied with, the sentence will be duly executed.

T. J. KILCLINE

Rear Admiral, U. S. Navy
Commander U. S. Naval Base
Subic Bay, Philippines



00002

SUPPLEMENTARY )     ( HEADQUARTERS
SPECIAL COURT-MARTIAL )     ( COMMANDER U. S. NAVAL BASE
ORDER NO. 3-77 )     ( SUBIC BAY, PHILIPPINES
22 FEBRUARY 1977 )

COMMANDER U. S. NAVAL BASE
Box 1
FPO San Francisco, California 96601

N6:ADP/hz
5814-2
22 FEB 1977

In the Special Court-Martial case of Seaman Recruit (E-1) Benicio
Aguilar MORTEGA, 567 29 3974, U. S. Navy, the sentence to bad conduct
discharge, as promulgated in Special Court-Martial Order No. 34-76, this
Headquarters, dated 26 May 1976, was affirmed by the Navy Court of Military
Review pursuant to Article 66 on 7 July 1976. The accused's petition
for review by the U. S. Court of Military Appeals, dated 1 September 1976,
was denied by that Court on 8 November 1976. The provisions of Article
71(c) having been complied with, the sentence will be duly executed.

T. J. KILCLINE

Rear Admiral, U. S. Navy
Commander U. S. Naval Base
Subic Bay, Philippines

Issued by direction:

B. J. LEGG
CDR, JAGC, USN
Staff Judge Advocate

DISTRIBUTION:
ORIG RECORD OF TRIAL (Orig & 3 cert)
EACH COPY OF RECORD OF TRIAL (1 cert)
ACCUSED's SERVICE RECORD (1 dupl orig)
CHNAVPERS (1 cert)
CO USNAVSTA SUBIC BAY (3 cert & 1)
PRES NAVCLEM&PARBD WASH DC (1 cert)
MJ (CDR J. E. VAN SLATE, JAGC, USN) (1)
TC (LT R. B. ATKINS, JAGC, USNR) (1)
DC (LT C. C. JEFFRIES, JR., JAGC, USNR) (1)
ACCUSED (1)

00003

CERTIFIED TO BE A TRUE COPY:

3

**DEPARTMENT OF THE NAVY**
**OFFICE OF THE JUDGE ADVOCATE GENERAL**
**WASHINGTON, D. C. 20370**

2 OCT 1976

| Date To | Date Accused Signed Card | Date Returned to JAG | Time Expired For Accused |
|---------|--------------------------|----------------------|--------------------------|
| 2 4 AUG 1976 | | | |

Cdr U. S. Naval Base, Box 1
FPO San Francisco, CA 96651

**IN THE U. S. NAVY COURT OF MILITARY REVIEW**
**BEFORE**

| O. L. CEDARBURG | MICHAEL PATRICK MURRAY | R. W. GLASGOW |
|-----------------|------------------------|---------------|

**UNITED STATES**
**v.**

BENICIO AGUILAR MORTEGA, 567 29 3874, Seaman Recruit (E-1),
U. S. Navy

NCM  76 1523                          DECIDED  7 July 1976

Sentence adjudged  13 April 1976      Review pursuant to Article 66(c), UCMJ

of Special      Court-Martial convened by  Commanding Officer,
U. S. Naval Station, Box 50, FPO, San Francisco

   The findings of guilty and the sentence as approved
on review below are affirmed.

O. L. CEDARBURG, Chief Judge

MICHAEL PATRICK MURRAY, Judge

R. W. GLASGOW, Judge

OFFICE OF THE CLERK

UNITED STATES COURT OF MILITARY APPEALS

Washington, D. C.


You are hereby notified that the Petition for Grant of Review in

_____ MORTEGA _____ , Number ███████████████

was docketed on ___September 24, 1976___ and assigned our Docket Number

___33,059___ .




Copy to:  The Judge Advocate General
          Appellate Defense Counsel
          Appellate Government Counsel

## STRIPPINGS FROM RECORD

NAME:                        MORTEGA, Benicio A.

RANK/RATE:                   SR, USN

SERIAL NUMBER:               567 29 3974

NCM NUMBER:                  76 1523

DATE FORWARDED TO CODE 45 9/16/76

<u>PLEASE RETURN STRIPPPINGS TO PETITION CLERK - CODE 04.1</u>

00006

**DEPARTMENT OF THE NAVY**

OFFICER IN CHARGE
NAVAL LEGAL SERVICE OFFICE
BOX 35, FPO SAN FRANCISCO 96651

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE, $300



Officer in Charge
Navy Appellate Review Activity
Office of the Judge Advocate General
Washington Navy Yard
Washington, D.C. 20374



**DEPARTMENT OF THE NAVY**
OFFICE OF THE JUDGE ADVOCATE GENERAL
WASHINGTON, D. C. 20370

IN REPLY REFER TO

JAG:74:TCL:bjc

**2 4 JAN 1977**

From:   Judge Advocate General
To:     Commander U. S. Naval Base, Box 1,
        FPO San Francisco    96651

Subj:   U. S. Court of Military Appeals Action in the case of
        FR Benicio Aguilar MURTECA, USN, SSN: 567 29 3874, NCM 76-1523

Encl:   (1)  Order Denying Petition for Review dtd  8 November 1976

1.   Enclosure (1) is forwarded for delivery to the accused.


                              T. C. LOWRY, JR.
                              By direction

Copy to:
Spindle
R/T

NAVJAG 5814/8 (4-73)

4

8

## UNITED STATES COURT OF MILITARY APPEALS

U N I T E D    S T A T E S,                    )        No.  33,059
                                    Appellee )
                                               )
                                               )        ORDER DENYING PETITION
                                               )
           v.                                  )        FOR REVIEW
                                               )
                                               )
BENICIO A. MORTEGA (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),              )
Seaman Recruit, USN,                           )
                                               )
                                               )
                                    Appellant )

On consideration of the Petition for Grant of Review of the decision of the Court of Military Review in case No. NCM 76-1523 of the United States    Navy    , it is, by the Court, this  8th day of   November 1976,

ORDERED:

That said Petition be, and the same is, hereby denied.

For the Court

United States Court of Military Appeals

Filed  NOV 8 - 1976

CERTIFIED TO BE A TRUE COPY

*Francis X. Lindhart*

Acting Clerk

cc:  The Judge Advocate General
     Appellate Defense Counsel
     Appellate Government Counsel

00009

APPEALS FOR A GRANT OF REVIEW. THE ORIGINAL PINK AND TWO WHITE COPIES SHOULD BE FORWARDED TO THE OFFICER IN CHARGE, NAVY APPELLATE REVIEW ACTIVITY, OFFICE OF THE JUDGE ... GENERAL. ONE REMAINING COPY MAY BE RETAINED BY THE ACTIVITY THAT COMPLETES THE FIRST ENDORSEMENT.

NCM __76 1523__

U N I T E D   S T A T E S

GENERAL-SPECIAL CMO NO. __34-76__
(STRIKE OUT ONE)

v.

__15 April 1976__
TRIAL DATE

SR Benicio A. MORTEGA
567 29 3974
U. S. Navy

__U. S. Naval Station, Box 50, FPO__
CONVENING AUTHORITY     San Francisco

### PETITION BY THE ACCUSED FOR GRANT OF REVIEW BEFORE
### THE UNITED STATES COURT OF MILITARY APPEALS

COMES NOW the Accused in the above entitled case and says that on the __1st__ day of

__September__ 19 __76__ , he was served with a copy of the Decision of the Navy Court

of Military Review, dated __7 July 1976__ , together with a copy of the Action by the

Judge Advocate General of the Navy.

1. The Accused further says that he has been aggrieved by the above decision and

that he petitions under Article 67(c), Uniform Code of Military Justice, for a grant

of review before the United States Court of Military Appeals upon errors of law.

2. The accused further says that he requests the Judge Advocate General of the

Navy to appoint an appellate defense counsel to act for and in behalf of the Accused,

and to represent him before the United States Court of Military Appeals.

_Benicio A. Mortega_
SIGNATURE OF THE ACCUSED

The above Accused, __SR Benicio A. MORTEGA__ , appeared before me and signed

the above Petition on this __1st__ day of __September__ 19 __76__ , of his own free

will and deed.

_C. C. Jeffries Jr._
TO.C. JEFFRIES, JR.
(SIGNATURE AND TITLE OF OFFICER BEFORE WHOM THE
ACCUSED APPEARED)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

FIRST ENDORSEMENT

Date:
1 Sept 1976

From: Commander U. S. Naval Base, Subic Bay, R.P.

To:     OFFICER IN CHARGE, NAVY APPELLATE REVIEW ACTIVITY
OFFICE OF THE JUDGE ADVOCATE GENERAL
WASHINGTON NAVY YARD, WASHINGTON, D. C.  20374

1. Forwarded.

NAVJAG 5814/2 (REV. 1-74)

R. D. WHITE
Acting

6

00010

10



**DEPARTMENT OF THE NAVY**
NAVAL LEGAL SERVICE OFFICE SUBIC BAY
U. S. NAVAL BASE BOX 35
FPO SAN FRANCISCO 96651

25 May 1976

From:  LT C. C. JEFFRIES, JR., JAGC, USN
       Detailed Defense Counsel
To:    Staff Judge Advocate

Subj:  Staff Judge Advocate review in the case of
       Seaman Recruit Benicio A. MORTEGA, USN, 567 29 3974

1.  I have received and examined a copy of the subject review.
I understand that I have an opportunity to correct or challenge
any matter I deem erroneous, inadequate or misleading, or to
otherwise comment on the review.

2.  The motion for a continuance should have been granted as a
delay of the case would not have prejudiced the government's
case in any manner and would have allowed the accused to have
his request acted upon by the GCM authority.  In this case,
the convening authority effectively denied the accused his
right to request an undesirable discharge in lieu of trial by
court-martial by administrative delay solely because he failed
to obtain an examination by a medical doctor vice a psychiatrist.
In light of no material reason that the government needed to
have the case disposed of on the date of trial vice one week to
ten days later as the defense requested, the denial of the
defense motion for a continuance was an abuse of discretion of
the military judge and operated to the substantial prejudice of
the accused in denying his right to request an undesirable
discharge in lieu of trial by court-martial.

3.  Additionally, the SJA review fails to mention the enlisted
performance marks assigned to the accused on the two evaluations
in his service record.  He was assigned marks in professional
performance, military behavior, military appearance, and
adaptability as follows:

          1 MAR 75:  3.2, 3.4, 3.4, 3.6
          1 SEP 75:  3.2, 3.4, 3.4, 3.6

In accordance with existing naval policy regarding evaluation
of nonrated personnel, he was "not observed" in the trait of
leadership and supervisory ability on each occasion.

4.   The accused is being retained at RECUNIT, NAVSTA, Subic Bay, R.P., awaiting your supervisory authority action on his case <u>and</u> the requisite further appellate review by NCMR and COMA

5.   In light of the accused's good past record, as evidenced by his good performance marks and single nonjudicial punishment prior to trial during his two(2) years in the naval service, and his comparatively short unauthorized absence (approximately 2½ months) for which he was tried, it is most strongly urged that the supervisory authority reconsider the military judge's recommendation to suspend the bad conduct discharge for one year and return the accused to duty in the fleet immediately.

C. C. JEFFRIES, JR.

- 2 -

00012

12

## DEPARTMENT OF THE NAVY
## OFFICE OF THE JUDGE ADVOCATE GENERAL
## WASHINGTON, D. C. 20370

### IN THE U. S. NAVY COURT OF MILITARY REVIEW
### BEFORE

| O. L. CEDARBURG | MICHAEL PATRICK MURRAY | R. W. GLASGOW |
|---|---|---|

### UNITED STATES
### V.

BENICIO AGUILAR MORTEGA, 567 29 3874, Seaman Recruit (E-1),
U. S. Navy

**NCM** 76 1523                                **DECIDED** 7 July 1976

Sentence adjudged  13 April 1976          Review pursuant to Article 66(c), UCMJ

**of** Special  Court-Martial convened by  Commanding Officer,
U. S. Naval Station, Box 50, FPO, San Francisco

 The findings of guilty and the sentence as approved
on review below are affirmed.

O. L. CEDARBURG, Chief Judge

MICHAEL PATRICK MURRAY, Judge

R. W. GLASGOW, Judge

00013

13

SPECIAL COURT MARTIAL )          ( HEADQUARTERS
ORDER NO. 34-76 )                ( COMMANDER U. S. NAVAL BASE
26 MAY 1976 )                    ( SUBIC BAY, PHILIPPINES

Before a special court-martial which convened at Naval Legal Service
Office, U. S. Naval Base, Subic Bay, Philippines, pursuant to the
convening order of the Commanding Officer, U. S. Naval Station, Subic
Bay, Philippines, 62:VW:rr 5817 Ser 1171 of 11 March 1976, as amended
by order 62:VW:rr 5817 Ser 1421 of 25 March 1976, was arraigned and
tried:

| Seaman Recruit (E-1) | Benicio A. MORTEGA | 567 29 3974 |
| (Rate) | (Name) | (SSAN) |

United States Navy
(Armed Force)

U. S. Naval Station, Subic Bay, Philippines
(Station)

CHARGE:  VIOLATION OF THE UNIFORM CODE OF MILITARY JUSTICE, ARTICLE 86

Specification:  In that Seaman Recruit Benicio Aguilar MORTEGA, United
States Navy, U. S. Naval Station, Subic Bay, Philippines, formerly
attached to USS MANLEY (DD 940), did, on or about 0730, 01 December
1975, without authority, absent himself from his unit, to wit:
USS MANLEY (DD 940), then located at U. S. Naval Station, Philadelphia,
Pennsylvania, and did remain so absent until on or about 1530,
20 February 1976.

P L E A S

To the Charge and Specification:  Guilty.

F I N D I N G S

Of the Charge and Specification:  Guilty.

S E N T E N C E

To be discharged from the service with a bad conduct discharge.
(No previous convictions considered).

The sentence was adjudged on 13 April 1976.

ORIGINAL

00014

14

SPECIAL COURT-MARTIAL )
ORDER NO. 34-76 )
26 MAY 1976 )

( HEADQUARTERS
( COMMANDER U. S. NAVAL BASE
( SUBIC BAY, PHILIPPINES

Case 1:06-cv-00426-EGS Document 9-4 Filed 07/10/2006

## ACTION OF THE CONVENING AUTHORITY

### UNITED STATES NAVAL STATION
Subic Bay, Philippines

62:VW:rr
5814
Ser 1906
4 MAY 1976

In the foregoing special court-martial case of Seaman Recruit Benicio A. MORTEGA, U. S. Navy, the sentence is approved. The accused will be retained in this command pending review of the case by the supervisory and appellate authorities.

The recommendation of the military judge has been considered.

Synopsis of the accused's prior conduct as required by Section 0123c, JAGMAN:

PREVIOUS CONVICTIONS: None.

PRIOR NONJUDICIAL PUNISHMENT:

31 OCT 75 - Awarded restriction to the ship for thirty days, extra duties for thirty days, forfeiture of $150.00 pay per month for one month, and reduction to pay grade of E-1, for one specification of unauthorized absence from 0730, 10 October 1975 to 1000, 21 October 1975, in violation of the Uniform Code of Military Justice, Article 86; and one specification of missing ship's movement, in violation of the Uniform Code of Military Justice, Article 87.

The accused is entitled to wear the National Defense Service Medal.

The record of trial is forwarded to Commander U. S. Naval Base, Subic Bay, Philippines, for action under Article 65(b), UCMJ.

/s/ A. S. MOREAU, JR.
Captain, U. S. Navy
Commanding Officer, U. S. Naval Station
Subic Bay, Philippines

## ORIGINAL
-2-

00015

15

SPECIAL COURT-MARTIAL )                    ( HEADQUARTERS
ORDER NO. 34-76        )                    ( COMMANDER U. S. NAVAL BASE
26 MAY 1976            )                    ( SUBIC BAY, PHILIPPINES

ACTION OF THE OFFICER EXERCISING
GENERAL COURT-MARTIAL JURISDICTION
COMMANDER U. S. NAVAL BASE
Box 1
FPO San Francisco, California 96651

N6:CLC:ah
5814-2
26 MAY 1976

In the Special Court-Martial case of Seaman Recruit (E-1)
Benicio A. MORTEGA, 567 29 3974, U. S. Navy, tried on 13 April
1976, the sentence, as approved by the Convening Authority, is
approved.  The accused will be retained at U. S. Naval Station,
Subic Bay, Philippines, pending appellate review.

The recommendation of the military judge has been considered.

The record of trial has been reviewed in accordance with
Article 65(b), UCMJ.  It will be forwarded to the Navy Appellate
Review Activity, Office of the Judge Advocate General, Washington
Navy Yard, Washington, D.C., 20390, for review by the Navy Court
of Military Review.

/s/ T. J. Kilcline
T. J. KILCLINE
Rear Admiral, U. S. Navy
Commander U. S. Naval Base
Subic Bay, Philippines

Issued by direction:

W. A. CRANE
CDR, JAGC, USN
Staff Judge Advocate

DISTRIBUTION:
ORIG RECORD OF TRIAL (Orig & 3 cert)
EACH COPY OF RECORD OF TRIAL (1 cert)
ACCUSED'S SERVICE RECORD (1 dupl orig)
CHNAVPERS (1 cert)
CO USNAVSTA SUBIC BAY (3 cert & 1)
PRES NAVCLEM&PAREB WASH DC (1 cert)
MJ (CDR J. E. VAN SLATE, JAGC, USN) (1)
TC (LT R. B. ATKINS, JAGC, USNR) (1)
DC (LT C. C. JEFFRIES, JR., JAGC, USN) (1)
ACCUSED (1)

-3-

# ORIGINAL



# DEPARTMENT OF THE NAVY
COMMANDER U. S. NAVAL BASE SUBIC
COMMANDER U. S. NAVAL FORCES PHILIPPINES
COMMANDER IN CHIEF PACIFIC REPRESENTATIVE PHILIPPINES
FPO SAN FRANCISCO 96651

IN REPLY REFER TO:
N6:CLC:ah
5814-2
24 MAY 1976

From:  Staff Judge Advocate
To:    Commander U. S. Naval Base, Subic Bay

Subj:  Review of Record of Trial by Special Court-Martial
       in the case of Seaman Recruit (E-1) Benicio A. MORTEGA,
       U. S. Navy, 567 29 3974

Ref:   (a) Article 65(b), UCMJ
       (b) Paragraph 85, MCM 1969 (Rev.)

Encl:  (1) Subject record of trial
       (2) LT Roger B. ATKINS ltr FO2:RBA:cta 5800 dtd 13 MAY 76
       (3) Corrections, challenges, or comments by Defense
           Counsel relative to this review or statement that
           none of the foregoing is submitted

1.  Enclosure (1) has been reviewed by me in accordance with
the provisions of references (a) and (b).  My review with
opinions, recommendations, and reasons therefor, is submitted
herewith.

2.  <u>SUMMARY OF THE PROCEEDINGS</u>

    a.  <u>Trial</u>.  The subject named accused was tried on 13 April
1976 before a Special Court-Martial, consisting of a Military
Judge alone, convened by the Commanding Officer, U. S. Naval
Station, Subic Bay, Philippines at Naval Legal Service Office,
Subic Bay, Philippines.

    b.  <u>Charges</u>.  The accused was arraigned upon and tried for
the following offense:

       Charge:  Violation of Article 86, UCMJ

       Specification:  Unauthorized absence from unit, to wit:
USS MANLEY (DD 940) from on or about 0730, 1 December 1975 until
on or about 1530, 20 February 1976.

    c.  <u>Pleas</u>.  The accused pleaded as follows:

       To the Charge and Specification:  Guilty.

    d.  <u>Findings</u>.  The Court found as follows:

       Of the Charge and Specification:  Guilty.

00017

13

17

N6:CLC:ah
5814-2

    e.  Maximum Permissible Sentence that Could have been Awarded:  Discharge from the naval service with a Bad Conduct Discharge, confinement at hard labor for six months, and forfeiture of two-thirds pay per month for six months.

    f.  Sentence Awarded by the Court:  The accused was sentenced to Bad Conduct Discharge with a recommendation that the punitive discharge be suspended for a period of one year.

    g.  Action of the Convening Authority:  On 4 May 1976, the Convening Authority approved the sentence as adjudged.

3.  PERSONAL DATA

| | | |
|---|---|---|
| a. | Age | 27. |
| b. | GCT | 48 (average). |
| c. | Current Service | 28 May 1974 for 4 years. |
| d. | Prior Service | None claimed |
| e. | Marital Status | Married |
| f. | Basic Pay | $361.20 |
| g. | Education | 14 years |
| h. | Medals and Awards | National Defense Service Medal |
| i. | Pretrial Restraint | None |

4.  SUMMARY OF THE EVIDENCE PRIOR TO FINDINGS.  In view of the accused's pleas of guilty, no evidence was presented prior to findings.

5.  SUMMARY OF EVIDENCE PRESENTED AFTER FINDINGS

    a.  Matters in Aggravation Presented by the Government.  After reading the relevant data from the first page of the charge sheet, Trial Counsel introduced into evidence Prosecution Exhibit 1, which is the Navy Occupation/Training and Awards History page from the accused's service record, which indicates that he has a primary code of 9780, that he was promoted to Seaman Apprentice on 28 September 1974, that he was reduced to Seaman Recruit on 31 October 1975, and that he has earned the National Defense Service Medal.  During cross-examination of the accused, the government introduced into evidence Prosecution Exhibits 2 and 3, as follows:

-2-

14

N6:CLC:ah
5814-2

     (1) Prosecution Exhibit 2 is a copy of a message, as follows:

P 250303Z SEP 75

FM NAVCOMMU WASHINGTON CHELTENHAM MD

TO USS MANLEY

BT

UNCLAS // N00000//NAVCOMMU WASHDC NOT ORIG FOL RECD VIA ITT

QUEZON CITY PHILS 25

PLEASE EXTEND MY LEAVE TO OCTOBER 20, 1975 WILL ATTEND SERIOUS

FAMILY PROBLEMS

     RESPECTFULLY

     SA BENICIO A. MORTEGA

     567 29 3874

BT

     (2) Prosecution Exhibit 3 is a copy of a message, as follows:

R 261444Z SEP 75

FM USS MANLEY

TO AMCROSS WASHINGTON DC

BT

UNCLAS

PASS TO MANDALUYONG, RIZAL, PHILIPPINES [sic] CHAPTER

SA BENICIO A. MORTEGA, USN, 567 29 3874

A. NAVCOMMU WASHINGTON DC 250303Z SEP 75

1.  IN RESPONSE TO REF (A) INFORM SNM LEAVE EXTENDED TO EXPIRE

10 OCT 75.

-3-

N6:CLC:ah
5814-2

2.  SNM ADDRESS FOLLOWS:

56-D M. YULO ST.

MANDALUYONG, RIZAL, PHILLIPINES [sic]

BT

b.  <u>Matters in Extenuation and Mitigation Presented by
the Defense</u>.

(1) The accused testified under oath substantially as
follows:

My home is in Quezon City, Philippines.  I enlisted
on 28 May 1974 on the advice of my elder and since entering the
Navy, I have enjoyed it.  I've been stationed onboard the
USS MANLEY (DD 940), homeported at U. S. Naval Station,
Philadelphia, Pa. I went UA due to some serious family problems.
As the eldest boy of five boys and four girls in my family,
I feel that I am the only responsible person who can help in
bringing my family next to my father.  Since I enlisted in the
Navy, I started sending money home to my mother.  My father grabs
the money and indulges himself in drinking, women and gambling,
which leaves my family half starved.  He gets this money through
my mother through the use of violence if necessary.  My brothers
and sisters cannot pay their fees for school without the money
I send home.  My mother is getting very sickly and is very thin
already.  Therefore, I feel that I am the responsible person to
help my mother, if not to totally erase my father's deeds, at
least to get a better life.  My marriage is not an obstacle in
helping my family.  At the time I was UA, it seems that situation
is a little bit--getting a little bit--I mean so--so totally--the
needs of my father, and in that I can help my mother in **every**
way, in upbringing the children.  I will act as the father, even
if my father abandons our family.  I first heard about the problems
of my family while I was on the MANLEY.  This had been going on
for about four months before I went UA.  I went home to the
Philippines while UA.  My UA terminated when I surrendered
myself at the Armed Forces Police Headquarters at U. S. Naval
Base, Subic Bay.  I decided to surrender when I found out that
I had done wrong.  Before going UA, I requested leave to go home.
My request was turned down and that's why I did this thing.  In
requesting leave, I explained the situation.  I was told that
I had to wait until the situation became more serious.  And that
if it became more serious, I would be allowed to have leave.  I
am married and have no children.  I am entitled to wear the National

-4-

00020

20

N6:CLC:ah
5814-2

Defense Service Medal. After taxes, I get about $330 pay per
month. I send $150.00 to my mother and to the others. I keep
the rest for personal expenses, including miscellaneous, clothing,
food and all the things. I realize that going UA was wrong.
My personal problems have been going on ever since I joined the
Navy, prior to October of 1975. I only requested leave to go
home from the MANLEY once. That request was denied. The
USS MANLEY never gave me leave to go home due to these personal
problems. I have seen Prosecution Exhibit 2 before. It is a
message. I have likewise seen the message in Prosecution Exhibit
3 before. I was given leave by the USS MANLEY to go home and
deal with my personal problems, to get married. I wrote the
message contained in Prosecution Exhibit 2. It is the extension
of my leave of getting married [sic]. I requested leave both
to get married and for family problems. The problem at that
time was for getting married. Prosecution Exhibit 3 is a message
extending my leave for getting married. I discovered these family
problems while I was home getting married. When I said that I
had only requested leave once from the MANLEY, I was referring
to requesting leave for the family problems.

(2) The defense introduced into evidence Defense Exhibits
A through E:

(a) Defense Exhibit A is the Enlisted Classification
Record from the accused's service record which indicates that
the accused has a GCT of 48 (average), ARI of 30 (low), MECH of
35 (below average) and CLER of 51 (average) and has completed
14 years of schooling in Philippines schools, converted to a
U. S. school system.

(b) Defense Exhibit B is the Dependency Application/
Record of Emergency from the accused's service record which lists
JOCELYN BAUTISTA MORTEGA as spouse of the accused.

(c) Defense Exhibits C and D are reports of Enlisted
Performance from the accused's service record covering the periods
2 September 1974 to 1 March 1975 and from 2 March 1975 to 1 September
1975, which indicate that the accused is an effective worker as
a clerk typist in the personnel office, who needs occasional
supervision in completing assigned tasks but willingly follows
orders and commands without complaint.

(d) Defense Exhibit E is the accused's final qualifica-
tion as Division Damage Control Petty Officer which indicates that
he was rated satisfactory in all necessary subjects and was, as
of 13 January 1975, recommended to be designated a qualified
Division Damage Control Petty Officer.

-5-

N6:CLC:ah
5814-2

6.  DISCUSSION

    a.  Pleas of Guilty.  In view of the accused's pleas of
guilty no evidence was offered by the prosecution.  An accused's
pleas of guilty, if providently entered, authorize conviction
of the offense to which such pleas relate without further proof
of guilt of that offense.  The Military Judge interrogated the
accused closely with regard to the providence of those pleas,
as required by U.S. v CARE, 18 USCMA 535, 40 CMR 247 (1969).
It is my opinion that the Military Judge substantially complied
with the requirements of CARE, supra, and that the pleas were
voluntary and provident.  The accused's pleas of guilty are
mitigating and should be so considered.

    b.  Motion Prior to Pleading.  Prior to pleas, the accused
moved for a continuance, which motion was denied by the Military
Judge.

        (1) In support of the motion, the defense introduced
into evidence Appellate Exhibit A which is the accused's request
for delay of the proceedings until a decision could be reached
on his request for administrative discharge in lieu of trial.
The request, apparently made pursuant to Section 3420270.2 of
the Bureau of Personnel Manual, was denied by the GCM authority
on 13 APR 1976.  The court also took judicial notice of Article
3420270, Bureau of Naval Personnel Manual, which reads in pertinent
part:

        2.  A request for an undesirable discharge for the good of
        the service does not preclude or suspend disciplinary proceed-
        ings in a case.  Whether such proceedings will be held in
        abeyance pending final action on a request for discharge is
        a matter to be determined by the officer exercising general
        court-martial jurisdiction over the member concerned.

The court also considered as a statement of fact that the sole
reason for delaying action on the request for administrative
discharge in lieu of trial was, at that time, due to the delay
necessary for an appointment with a military psychiatrist which
was scheduled for 20 April 1976 (R-8).  It is noted that a report
of medical examination is required to be attached to the request
before it can be processed.  But referral to a psychiatrist shall
be made only after examination by a medical officer.  Such referral
should be limited, in general, to those cases in which there is
reasonable cause to question whether the member could adhere to

-6-

N6:CLC:ah
5814-2

the right at the time of the alleged offense and is capable
of understanding the nature of the proceedings against him.
Article 3420270.5a BUPERSMAN.

(2) The accused, through his counsel, admitted, in
response to questioning by the Military Judge, that, should
the motion for continuance be denied, he was prepared at that
time to proceed with trial.

(3) In a post-trial letter, attached to this review
as enclosure (2), the Trial Counsel states that he received
as enclosure (1) to the request for delay in the proceedings,
the original signed request for discharge in lieu of trial.
Although it would have difficult for the first endorser to
separate the two entirely different requests (one for delay
and one for discharge in lieu of trial), the First Endorsement
indicates that he did so and that the request for discharge
would be forwarded separately. The Trial Counsel, in his
letter states that a psychiatric consultation, pursuant to
the request for discharge, had been scheduled. It has been
administratively determined that, once the motion for continuance
had been denied and the accused sentenced, no formal action was
taken on the request for discharge in lieu of trial.

(4) The granting or denial of a motion for continuance
is a matter, like many other interlocutory rulings, within the
sound discretion of the military judge, whose decision will not
be disturbed on appeal absent a clear abuse of discretion.
Para. 58b and d, MCM; U.S. v DANIELS, 11 USCMA 52, 28 CMR 276
(1959); U.S. v JOHNSON, 20 USCMA 359, 43 CMR 199 (1971). In
evaluating the exercise of that discretion, the substance of
the motion itself must be examined, for in moving for a continuance,
the accused has the burden of providing justification for the
requested trial delay. U.S. v PARRISH, 7 USCMA 337, 22 CMR 127
(1956). An interruption of the trial is justified if the accused
provides a sufficient indication that the trial's continuation
will result in prejudice to the accused's substantial rights.
U.S. v PARRISH, supra; U.S. v DANIELS, 11 USCMA 52, 28 CMR 276
(1959); U.S. v MASSEY, 14 USCMA 486, 34 CMR 266 (1964). On
review, the crucial question is not whether the appellate authority,
or another might have ruled differently, but whether in light of
all the circumstances the ruling made was so unfair as to con-
stitute an abuse of discretion resulting in prejudice to the
accused. U.S. v POTTER, 14 USCMA 118, 33 CMR 330 (1963);
U.S. v ROGAN, 8 USCMA 739, 25 CMR 243 (1958). While the decision

-7-

N6:CLC:ah
5814-2

to grant or deny a motion for continuance rests within the
trial judge's sound discretion, he remains accountable for
an abuse of discretion which prejudices an accused's substantial
rights.  U.S. v DUNKS, 24 USCMA 71, 51 CMR 200 (1976), citing
U.S. v FOREMAN, 18 USCMA 249. 39 CMR 249 (1969); U.S. v DANIELS,
supra; and U.S. v PLUMMER, 1 USCMA 373, 3 CMR 107 (1952).

        (5) Upon examination of the record, it is clear that
the denial of the motion for continuance did not prejudice any
substantial rights of the accused.  While it is undisputed that
an accused has the right to request an administrative discharge
in lieu of trial, he does not have the further right that it
will be favorably received.  The portion of the BUPERSMAN cited
by both counsel at trial sets forth a procedure whereby the
accused may request that the proceedings be delayed while
pending resolution of the request for discharge.  The procedure
outlined contemplates denial of the request, since final action
on the request for delay is a "matter to be determined by the
officer exercising general court-martial jurisdiction over the
member concerned."  Article 3420270.2, BUPERSMAN.  In this case,
the Commanding Officer, U. S. Naval Station, Subic Bay, in his
endorsement of 12 April 1976 states that "It can be reasonably
be expected that the request [for discharge in lieu of trial]
will be disapproved."  The officer exercising general court-
martial jurisdiction was the same officer who would later take
action on the request for discharge.  At the time of his denial
of the request for delay, he had before him the comment by the
CO of Naval Station which can be interpreted as a recommendation
against the discharge and he also had before him, as an enclosure,
the request for administrative separation and the accused's
handwritten letter in support thereof.  It must be assumed that
the officer exercising general court-martial jurisdiction carefully
considered the request for discharge when he made the determination
that the trial would not be delayed.  It is likely that the request
for discharge would have been denied in any case.  Further, there
is no "right" to a discharge in lieu of trial and the defense
specifically stated that it was prepared to proceed to trial.
Indeed, a reading of the record of trial in its entirety convinces
this reviewer that the defense counsel in fact presented a vigorous,
well-prepared case in extenuation and mitigation.  Thus, it is
considered that the military judge did not abuse his discretion
and properly denied the motion for continuance.  It is noted that
this case, on its facts, is different from that in U.S. v DUNKS,
supra, in which the U.S. Court of Military Appeals ruled that
the military judge abused his discretion in denying a motion
for continuance until the proper authority could act on the

-8-

24

N6:CLC:ah
5814-2

accused's request for discharge in lieu of trial. In that case, the court ruled that the government was bound to follow its own rules which provided for a 45-day delay in which to process the request for discharge. No such 45-day rule exists in this case.

c. <u>Court Recommendation for Clemency</u>. In awarding the sentence, the Military Judge recommended suspension of the Bad Conduct Discharge for a period of one year. The Convening Authority in his action stated that he considered the recommendation for clemency. I have also considered the recommendation for clemency in making my recommendation with respect to sentence.

7. <u>OPINIONS</u>

a. The court, consisting of a military judge alone, was legally constituted throughout the trial and had jurisdiction over the accused and the offense charged.

b. The accused had the requisite mental capacity at the time of the hearing and the requisite mental responsibility at the time of the commission of the offense.

c. The accused's pleas of guilty established his guilt of the offense beyond a reasonable doubt.

d. There were no errors which materially prejudiced the substantial rights of the accused.

e. The findings and sentence are correct in fact and law and the sentence was within the power of the court to adjudge and within prescribed limitations on punishment. Left to determine it its appropriateness.

The accused was convicted, in accordance with his pleas of guilty, of an unauthorized absence of about 82 days. Just prior to the commencement of this absence on 1 December 1975, he had been punished at Captain's Mast for an unauthorized absence of about 11 days from 10 October 1975 to 21 October 1975 and for missing ship's movement. It is considered that the accused's conduct is that of one who no longer desires to or should remain a member of the naval service. Considering the nature of the offense of which the accused stands convicted, as well as his past record, in my opinion, the sentence as adjudged is appropriate.

-9-

N6:CLC:ah
5814-2



8.   STAFF JUDGE ADVOCATE'S RECOMMENDATION.  In view of the serious nature of the accused's conduct, and considering his past record, it is recommended that the sentence as approved by the Convening Authority, be approved.  An action designed to accomplish this recommendation is attached for your signature should you concur.

9.   SUPERVISORY AUTHORITY'S RESPONSIBILITY.  The foregoing constitutes my review of the case including my opinions and my recommendation as to the action to be taken with respect to the findings and sentence.  As the Supervisory Authority in this case, the determination as to the appropriateness of the findings and sentence rests solely with you.  Unless you determine that each finding of guilty is established to your satisfaction beyond a reasonable doubt by the accused's voluntary and provident pleas of guilty, you should disapprove such finding. In acting on the findings, as well as on the sentence, you are empowered to approve only such findings of guilty and such part of the sentence as you find correct in law and as you, in your discretion, determine should be approved, and you may suspend all or any part of the sentence you approve.  Your authority includes the power to approve, disapprove, or modify a finding of guilty provided that such modification does not increase the gravity of the offense; and to approve, disapprove, mitigate, reduce, suspend, modify, or change the sentence or any part thereof, so long as its severity is not increase.  In the above connection, it is within your authority to agree or disagree, in whole or in part, with my opinions and recommendation and substitute your own.

10.   As required by United States v. Goode, 23 USCMA 367, 50 CMR 1 (1975), a copy of this review will be served on Defense Counsel so that he may have an opportunity to correct or challenge any matter he deems erroneous, inadequate, or misleading, or to otherwise comment on this review.  His statement will be appended hereto as enclosure (3).

Very respectfully,

W. A. CRANE
CDR, JAGC, USN

-10-

00026

26

N6:CLC:ah
5814-2

    Receipt of a copy of the foregoing review is acknowledged this *24* day of *MAY* , 1976. I understand that I have five (5) calendar days within which to submit to the Staff Judge Advocate, in writing, any corrections, challenges, or comments relative to the review that I might desire to make. In the event that I do not desire to submit any such corrections, challenges, or comments, I will so indicate to the Staff Judge Advocate, in writing, within five (5) calendar days of this receipt. I further understand that any request for additional delay in submitting my comments must be made in writing, signed by the accused and forwarded to Commander, U. S. Naval Base, Subic Bay, via the Staff Judge Advocate.

CHARLES C. JEFFRIES, JR
LT, JAGC, USN
Defense Counsel

DISTRIBUTION:
ORIG RECORD OF TRIAL (Orig & 1 signed copy)
EACH COPY OF RECORD OF TRIAL (1 copy)
CO USNAVSTA SUBIC BAY (1 copy)
PRES NAVCLEM&PARBD WASH. DC (1 copy)
MJ (CDR J. E. VAN SLATE, JAGC, USN) (1 copy)
TC (LT R. B. ATKINS, JAGC, USNR) (1 copy)
DC (LT C. C. JEFFRIES, JR., JAGC, USN) (1 copy)

-11-

*Control*

IN THE UNITED STATES
COURT OF MILITARY APPEALS

| | | |
|---|---|---|
| U N I T E D   S T A T E S | ) | PETITION FOR GRANT OF REVIEW |
| Appellee | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Benicio A. MORTEGA | ) | U. S. Navy Court of Military |
| 567 29 3974 | ) | Review NCM No:  76 1523 |
| Seaman Recruit | ) | |
| U. S. Navy | ) | |
| | ) | |
| Appellant | ) | Docket No: _____ |

TO THE HONORABLE, THE JUDGES OF THE UNITED STATES
COURT OF MILITARY APPEALS

1.  Appellant was tried by special court-martial at Naval
Base, Subic Bay, Philippines, on 13 April 1976.  Charged with
one specification of unauthorized absence in violation of Article
86, Uniform Code of Military Justice, 10 USC § 986, he was found
guilty upon his pleas and was sentenced by the military judge
to a bad conduct discharge.  Intermediate reviewing authorities
approved the findings and sentence without change.  On 7 July
1976, the United States Navy Court of Military Review approved
the findings and sentence.

2.  The appellant hereby petitions the United States
Court of Military Appeals for a grant of review of the decision
of the Court of Military Review, pursuant to the provisions
of the Uniform Code of Military Justice, Article 67(b)(3).

3.  The undersigned appellate defense counsel has been
designated by the Judge Advocate General of the Navy to
represent the appellant in processing this petition for grant
of review, and during the review, if the same be granted by
the United States Court of Military Appeals.

4.  The appellant claims error on the following question
of law:

00028

28

POWERED UNDER 18 U.S.C. § 3651 TO
SUSPEND A SENTENCE, OR PORTION
THEREOF, WHEN IN HIS JUDGMENT SUCH
ACTION APPEARS WARRANTED BY THE
EVIDENCE.

5.  The appellant was notified of the Court of Military
Review's decision on 1 September 1976 and on the same date he
deposited in military channels his request for grant of review
in the United States Court of Military Appeals.  The petition
was received in the Office of the Judge Advocate General of
the Navy on 8 September 1976, and in the Office of the Director,
Appellate Defense Division on 16 September 1976.


                              A. W. EOFF, II
                              Commander, JAGC, USN
                              Appellate Defense Counsel
                              Office of the Judge Advocate
                                General of the Navy

                    Certificate of Service

     I certify that a copy of the foregoing was delivered to
Appellate Government Counsel on this ___24th___ day of
September 1976.


                              A. W. EOFF, II
                              Commander, JAGC, USN
                              Appellate Defense Counsel
                              Office of the Judge Advocate
                                General of the Navy


                            -2-

COURT OF MILITARY APPEALS

| U N I T E D   S T A T E S | ) | B__.F IN SUPPORT OF PETITION |
|---|---|---|
| Appellee | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Benicio A. MORTEGA | ) | U. S. Navy Court of Military |
| 567 29 3974 | ) | Review NCM No: 76 1523 |
| Seaman Recruit | ) | |
| U. S. Navy | ) | |
| | ) | |
| Appellant | ) | Docket No: _____ |

TO THE HONORABLE, THE JUDGES OF THE UNITED STATES
COURT OF MILITARY APPEALS

## Statement of Facts

After announcing the sentence he awarded your appellant,
the judge recommended that the adjudged bad conduct discharge
be suspended (R. 24). The convening and supervisory authorities
chose not to suspend the adjudged discharge. The Navy Court
below also did not suspend or disapprove the discharge.[1/]

## Error and Argument

> THE MILITARY JUDGE IS EMPOWERED
> UNDER 18 U.S.C. § 3651 TO SUSPEND
> A SENTENCE, OR PORTION THEREOF,
> WHEN IN HIS JUDGMENT SUCH ACTION
> APPEARS WARRANTED BY THE EVIDENCE.

In the case *sub judice* the military judge had listened to
all the evidence and had decided that, although a bad conduct
discharge was warranted, appellant should be given another
opportunity to serve honorably in the service. Appellant submits

---

[1/] Appellant bases his implication the Navy Court did have
power to suspend upon this Honorable Court's decision in United
States v. Keller, 23 USCMA 545, 50 CMR 716 (1975).

that the judge had the inherent power himself to effectuate a suspended discharge.  See 18 U.S.C. § 3651.  The case sub judice is on point with both the facts and the errors granted by this Court in the cases of United States v. Williams, Docket No. 31,795 and United States v. Occhi, Docket No. 31,663. Appellant, therefore, respectfully suggests that this Honorable Court should vacate the decision below and remand this case to the Navy Court below with an order to abate further proceedings pending resolution of the OCCHI and WILLIAMS cases.

WHEREFORE, appellant respectfully requests that this Honorable Court grant this petition, vacate the decision below and remand the case to the Navy Court of Military Review with a specific order to abate further proceedings pending resolution of the WILLIAMS and OCCHI cases.

A. W. EOFF, II
Commander, JAGC, USN
Appellate Defense Counsel
Office of the Judge Advocate
General of the Navy

## Certificate of Service

I certify that a copy of the foregoing was delivered to Appellate Government Counsel on this ____24th____ day of September 1976.

A. W. EOFF, II
Commander, JAGC, USN
Appellate Defense Counsel
Office of the Judge Advocate
General of the Navy

-2-

32

IN THE UNITED STATES
COURT OF MILITARY APPEALS

| | | |
|---|---|---|
| U N I T E D    S T A T E S | ) | GOVERNMENT REPLY TO PETITION |
| Appellee | ) | FOR GRANT OF REVIEW |
| | ) | |
| v. | ) | U. S. Navy Court of Military |
| | ) | Review NCM No. 76 1523 |
| Benicio A. MORTEGA | ) | |
| SSN: 567 29 3974 | ) | |
| Seaman Recruit | ) | |
| U. S. Navy | ) | |
| Appellant | ) | Docket No.33,059 |

TO THE HONORABLE, THE JUDGES OF THE UNITED STATES
COURT OF MILITARY APPEALS

1.  The Government accepts the summary of proceedings
set forth in the petition for grant of review.

2.  Appellant claims error on the following question
of law:

> WHETHER THE MILITARY JUDGE IS EMPOWERED
> UNDER 18 U.S.C. §3651 TO SUSPEND A SEN-
> TENCE, OR PORTION THEREOF, WHEN IN HIS
> JUDGMENT SUCH ACTION APPEARS WARRANTED
> BY THE EVIDENCE.

3.  The Government respectfully submits that this issue,
which was presented to the United States Navy Court of Military
Review, was properly decided by that Court for the reasons set
forth in the attached brief.

4.  No good cause having been shown, the petition for
grant of review should be denied.

> P. N. KRESS
> Lieutenant Colonel, USMC
> Appellate Government Counsel
> Office of the Judge Advocate
> General of the Navy

00032

32

W. D. BLALOCK
Captain, USMCR
Appellate Government Counsel
Office of the Judge Advocate
General of the Navy

<u>Certificate of Service</u>

I hereby certify that a copy of the foregoing was served upon Appellate Defense Counsel on this 7th day of October 1976.

W. D. BLALOCK
Captain, USMCR
Appellate Government Counsel
Office of the Judge Advocate
General of the Navy

00033

33



IN THE UNITED STATES
COURT OF MILITARY APPEALS

| | | |
|---|---|---|
| U N I T E D   S T A T E S | ) | GOVERNMENT REPLY TO BRIEF IN |
| Appellee | ) | SUPPORT OF PETITION FOR GRANT |
| | ) | OF REVIEW |
| v. | ) | |
| | ) | U. S. Navy Court of Military |
| Benicio A. MORTEGA | ) | Review NCM No. 76 1523 |
| SSN: 567 29 3974 | ) | |
| Seaman Recruit | ) | |
| U. S. Navy | ) | |
| Appellant | ) | Docket No. |

TO THE HONORABLE, THE JUDGES OF THE UNITED STATES
COURT OF MILITARY APPEALS

### Argument

THE MILITARY JUDGE DID NOT HAVE THE POWER,
UNDER THE PROVISIONS OF 18 U.S.C. 3651, TO
SUSPEND ANY PORTION OF THE SENTENCE WHICH
HE ADJUDGED.

No court, be it civilian or military, has an "inherent"
power to suspend the execution of a sentence which it has
imposed. Ex Parte United States, 242 U.S. 27, 37 S.Ct. 72,
61 L.Ed. 129 (1916) and United States v Marshall, 2 USCMA 342,
8 CMR 142 (1953). Congress has given civilian federal district
courts the power to suspend sentences through the Federal Pro-
bation Act of 1925, now 18 U.S.C. 3651. This statute has
never been applied to military trial judges because Congress
specifically gave sentence suspension powers in the military
to the convening authority and other officers of the executive
branch of government. Article 71, Uniform Code of Military
Justice, 10 U.S.C. 871. The Government respectfully submits
that this congressional determination is proper and should be
accorded deference by this Honorable Court.

P. N. KRESS
Lieutenant Colonel, USMC
Appellate Government Counsel
Office of the Judge Advocate
General of the Navy

IN THE UNITED STATES
COURT OF MILITARY APPEALS

UNITED    STATES          )    GOVERNMENT REPLY TO BRIEF IN
                Appellee    )    SUPPORT OF PETITION FOR GRANT
                            )    OF REVIEW
          v.                )
                            )    U. S. Navy Court of Military
Benicio A. MORTEGA          )    Review NCM No. 76 1523
SSN: 567 29 3974            )
Seaman Recruit              )
U. S. Navy                  )
                Appellant    )    Docket No.

TO THE HONORABLE, THE JUDGES OF THE UNITED STATES
COURT OF MILITARY APPEALS

### Argument

THE MILITARY JUDGE DID NOT HAVE THE POWER,
UNDER THE PROVISIONS OF 18 U.S.C. 3651, TO
SUSPEND ANY PORTION OF THE SENTENCE WHICH
HE ADJUDGED.

No court, be it civilian or military, has an "inherent"
power to suspend the execution of a sentence which it has
imposed. Ex Parte United States, 242 U.S. 27, 37 S.Ct. 72,
61 L.Ed. 129 (1916) and United States v Marshall, 2 USCMA 342,
8 CMR 142 (1953). Congress has given civilian federal district
courts the power to suspend sentences through the Federal Pro-
bation Act of 1925, now 18 U.S.C. 3651. This statute has
never been applied to military trial judges because Congress
specifically gave sentence suspension powers in the military
to the convening authority and other officers of the executive
branch of government. Article 71, Uniform Code of Military
Justice, 10 U.S.C. 871. The Government respectfully submits
that this congressional determination is proper and should be
accorded deference by this Honorable Court.

P. N. KRESS
Lieutenant Colonel, USMC
Appellate Government Counsel
Office of the Judge Advocate
General of the Navy

W. D. BLALOCK
Captain, USMCR
Appellate Government Counsel
Office of the Judge Advocate
    General of the Navy

<u>Certificate of Service</u>

I hereby certify that a copy of the foregoing was served upon Appellate Defense Counsel on this 7th day of October 1976.

W. D. BLALOCK
Captain, USMCR
Appellate Government Counsel
Office of the Judge Advocate
    General of the Navy

00036

36

N6:CLC:ah
5814-2
24 MAY 1976

From:   Staff Judge Advocate
To:     Commander U. S. Naval Base, Subic Bay

Subj:   Review of Record of Trial by Special Court-Martial
        in the case of Seaman Recruit (E-1) Benicio A. MORTEGA,
        U. S. Navy, 567 29 3974

Ref:    (a) Article 65(b), UCMJ
        (b) Paragraph 85, MCM 1969 (Rev.)

Encl:   (1) Subject record of trial
        (2) LT Roger B. ATKINS ltr FO2:RBA:cta 5800 dtd 13 MAY 76
        (3) Corrections, challenges, or comments by Defense
            Counsel relative to this review or statement that
            none of the foregoing is submitted

1.  Enclosure (1) has been reviewed by me in accordance with
the provisions of references (a) and (b). My review with
opinions, recommendations, and reasons therefor, is submitted
herewith.

2.  SUMMARY OF THE PROCEEDINGS

    a.  Trial.  The subject named accused was tried on 13 April
1976 before a Special Court-Martial, consisting of a Military
Judge alone, convened by the Commanding Officer, U. S. Naval
Station, Subic Bay, Philippines at Naval Legal Service Office,
Subic Bay, Philippines.

    b.  Charges.  The accused was arraigned upon and tried for
the following offense:

    Charge:  Violation of Article 86, UCMJ

    Specification:  Unauthorized absence from unit, to wit:
USS MANLEY (DD 940) from on or about 0730, 1 December 1975 until
on or about 1530, 20 February 1976.

    c.  Pleas.  The accused pleaded as follows:

    To the Charge and Specification:  Guilty.

    d.  Findings.  The Court found as follows:

    Of the Charge and Specification:  Guilty.

00037

37

N6:CLC:ah
5814-2

e.  Maximum Permissible Sentence that Could have been Awarded:  Discharge from the naval service with a Bad Conduct Discharge, confinement at hard labor for six months, and forfeiture of two-thirds pay per month for six months.

f.  Sentence Awarded by the Court:  The accused was sentenced to Bad Conduct Discharge with a recommendation that the punitive discharge be suspended for a period of one year.

g.  Action of the Convening Authority:  On 4 May 1976, the Convening Authority approved the sentence as adjudged.

3.  PERSONAL DATA

| | | |
|---|---|---|
| a. | Age | 27. |
| b. | GCT | 48 (average). |
| c. | Current Service | 28 May 1974 for 4 years. |
| d. | Prior Service | None claimed |
| e. | Marital Status | Married |
| f. | Basic Pay | $361.20 |
| g. | Education | 14 years |
| h. | Medals and Awards | National Defense Service Medal |
| i. | Pretrial Restraint | None |

4.  SUMMARY OF THE EVIDENCE PRIOR TO FINDINGS.  In view of the accused's pleas of guilty, no evidence was presented prior to findings.

5.  SUMMARY OF EVIDENCE PRESENTED AFTER FINDINGS

a.  Matters in Aggravation Presented by the Government. After reading the relevant data from the first page of the charge sheet, Trial Counsel introduced into evidence Prosecution Exhibit 1, which is the Navy Occupation/Training and Awards History page from the accused's service record, which indicates that he has a primary code of 9780, that he was advanced to Seaman Apprentice on 28 September 1974, that he was reduced to Seaman Recruit on 31 October 1975, and that he has earned the National Defense Service Medal.  During cross-examination of the accused, the government introduced into evidence Prosecution Exhibits 2 and 3, as follows:

-2-

00038

N6:CLC:ah
5814-2

      (1) Prosecution Exhibit 2 is a copy of a message, as follows:

P 250303Z SEP 75

FM NAVCOMMU WASHINGTON CHELTENHAM

TO USS MANLEY

BT

UNCLAS // N00000//NAVCOMMU WASHDC NOT ORIG FOL RECD VIA ITT QUEZON CITY PHILS 25

PLEASE EXTEND MY LEAVE TO OCTOBER 20, 1975 WILL ATTEND SERIOUS FAMILY PROBLEMS

      RESPECTFULLY

      SA BENICIO A. MORTEGA

      567 29 3874

BT

      (2) Prosecution Exhibit 3 is a copy of a message, as follows:

R 261444Z SEP 75

FM USS MANLEY

TO AMCROSS WASHINGTON DC

BT

UNCLAS

PASS TO MANDALUYONG, RIZAL, PHILIPPINES [sic] CHAPTER

SA BENICIO A. MORTEGA, USN, 567 29 3874

A. NAVCOMMU WASHINGTON DC 250303Z SEP 75

1. IN RESPONSE TO REF (A) INFORM SNM LEAVE EXTENDED TO EXPIRE 10 OCT 75.

      -3-

N6:CLC:ah
5814-2

2.  SNM ADDRESS FOLLOWS:

    56-D M. YULO ST.

    MANDALUYONG, RIZAL, PHILIPPINES [sic]

BT

    b.  Matters in Extenuation and Mitigation Presented by
the Defense.

        (1) The accused testified under oath substantially as
follows:

            My home is in Quezon City, Philippines.  I enlisted
on 28 May 1974 on the advice of my elder and since entering the
Navy, I have enjoyed it.  I've been stationed onboard the
USS MANLEY (DD 940), homeported at U. S. Naval Station,
Philadelphia, Pa. I went UA due to some serious family problems.
As the eldest boy of five boys and four girls in my family,
I feel that I am the only responsible person who can help in
bringing my family next to my father.  Since I enlisted in the
Navy, I started sending money home to my mother.  My father grabs
the money and indulges himself in drinking, women and gambling,
which leaves my family half starved.  He gets this money through
my mother through the use of violence if necessary.  My brothers
and sisters cannot pay their fees for school without the money
I send home.  My mother is getting very sickly and is very thin
already.  Therefore, I feel that I am the responsible person to
help my mother, if not to totally erase my father's deeds, at
least to get a better life.  My marriage is not an obstacle in
helping my family.  At the time I was UA, it seems that situation
is a little bit--ggetting a little bit--I mean so--so totally--the
needs of my father, and in that I can help my mother in some
way, in upbringing the children.  I will act as the father, even
if my father abandons our family.  I first heard about the problems
of my family while I was on the MANLEY.  This had been going on
for about four months before I went UA.  I went home to the
Philippines while UA.  My UA terminated when I surrendered
myself at the Armed Forces Police Headquarters at U. S. Naval
Base, Subic Bay.  I decided to surrender when I found out that
I had done wrong.  Before going UA, I requested leave to go home.
My request was turned down and that's why I did this thing.  In
requesting leave, I explained the situation.  I was told that
I had to wait until the situation became more serious.  And that
if it became more serious, I would be allowed to have leave.  I
am married and have no children.  I am entitled to wear the National

-4-

40

N6:CLC:ah
5814-2

Defense Service Medal.  After taxes, I get about $330 pay per
month.  I send $150.00 to my mother and to the others.  I keep
the rest for personal expenses, including miscellaneous, clothing,
food and all the things.  I realize that going UA was wrong.
My personal problems have been going on ever since I joined the
Navy, prior to October of 1975.  I only requested leave to go
home from the MANLEY once.  That request was denied.  The
USS MANLEY never gave me leave to go home due to these personal
problems.  I have seen Prosecution Exhibit 2 before.  It is a
message.  I have likewise seen the message in Prosecution Exhibit
3 before.  I was given leave by the USS MANLEY to go home and
deal with my personal problems, to get married.  I wrote the
message contained in Prosecution Exhibit 2.  It is the extension
of my leave of getting married [sic].  I requested leave both
to get married and for family problems.  The problem at that
time was for getting married.  Prosecution Exhibit 3 is a message
extending my leave for getting married.  I discovered these family
problems while I was home getting married.  When I said that I
had only requested leave once from the MANLEY, I was referring
to requesting leave for the family problems.

(2) The defense introduced into evidence Defense Exhibits
A through E:

(a) Defense Exhibit A is the Enlisted Classification
Record from the accused's service record which indicates that
the accused has a GCT of 48 (average), ARI of 30 (low), MECH of
35 (below average) and CLER of 51 (average) and has completed
14 years of schooling in Philippines schools, converted to a
U. S. school system.

(b) Defense Exhibit B is the Dependency Application/
Record of Emergency from the accused's service record which lists
JOCELYN BAUTISTA MORTEGA as spouse of the accused.

(c) Defense Exhibits C and D are reports of Enlisted
Performance from the accused's service record covering the periods
2 September 1974 to 1 March 1975 and from 2 March 1975 to 1 Septembe
1975, which indicate that the accused is an effective worker as
a clerk typist in the personnel office, who needs occasional
supervision in completing assigned tasks but willingly follows
orders and commands without complaint.

(d) Defense Exhibit E is the accused's final qualifica-
tion as Division Damage Control Petty Officer which indicates that
he was rated satisfactory in all necessary subjects and was, as
of 13 January 1975, recommended to be designated a qualified
Division Damage Control Petty Officer.

-5-

N6:CLC:ah
5814-2

6. DISCUSSION

a. Pleas of Guilty. In view of the accused's pleas of guilty no evidence was offered by the prosecution. An accused's pleas of guilty, if providently entered, authorize conviction of the offense to which such pleas relate without further proof of guilt of that offense. The Military Judge interrogated the accused closely with regard to the providence of those pleas, as required by U.S. v CARE, 18 USCMA 535, 40 CMR 247 (1969). It is my opinion that the Military Judge substantially complied with the requirements of CARE, supra, and that the pleas were voluntary and provident. The accused's pleas of guilty are mitigating and should be so considered.

b. Motion Prior to Pleading. Prior to pleas, the accused moved for a continuance, which motion was denied by the Military Judge.

(1) In support of the motion, the defense introduced into evidence Appellate Exhibit A which is the accused's request for delay of the proceedings until a decision could be reached on his request for administrative discharge in lieu of trial. The request, apparently made pursuant to Section 3420270.2 of the Bureau of Personnel Manual, was denied by the GCM authority on 13 APR 1976. The court also took judicial notice of Article 3420270, Bureau of Naval Personnel Manual, which reads in pertinent part:

2. A request for an undesirable discharge for the good of the service does not preclude or suspend disciplinary proceedings in a case. Whether such proceedings will be held in abeyance pending final action on a request for discharge is a matter to be determined by the officer exercising general court-martial jurisdiction over the member concerned.

The court also considered as a statement of fact that the sole reason for delaying action on the request for administrative discharge in lieu of trial was, at that time, due to the delay necessary for an appointment with a military psychiatrist which was scheduled for 20 April 1976 (R-8). It is noted that a report of medical examination is required to be attached to the request before it can be processed. But referral to a psychiatrist shall be made only after examination by a medical officer. Such referral should be limited, in general, to those cases in which there is reasonable cause to question whether the member could adhere to

-6-

00042

42

N6:CLC:ah
5814-2

the right at the time of the alleged offense and is capable
of understanding the nature of the proceedings against him.
Article 3420270.5a BUPERSMAN.

(2) The accused, through his counsel, admitted, in
response to questioning by the Military Judge, that, should
the motion for continuance be denied, he was prepared at that
time to proceed with trial.

(3) In a post-trial letter, attached to this review
as enclosure (2), the Trial Counsel states that he received
as enclosure (1) to the request for delay in the proceedings,
the original signed request for discharge in lieu of trial.
Although it would have difficult for the first endorser to
separate the two entirely different requests (one for delay
and one for discharge in lieu of trial), the First Endorsement
indicates that he did so and that the request for discharge
would be forwarded separately. The Trial Counsel, in his
letter states that a psychiatric consultation, pursuant to
the request for discharge, had been scheduled. It has been
administratively determined that, once the motion for continuance
had been denied and the accused sentenced, no formal action was
taken on the request for discharge in lieu of trial.

(4) The granting or denial of a motion for continuance
is a matter, like many other interlocutory rulings, within the
sound discretion of the military judge, whose decision will not
be disturbed on appeal absent a clear abuse of discretion.
Para. 58b and d, MCM; U.S. v DANIELS, 11 USCMA 52, 28 CMR 276
(1959); U.S. v JOHNSON, 20 USCMA 359, 43 CMR 199 (1971).  In
evaluating the exercise of that discretion, the substance of
the motion itself must be examined, for in moving for a continuance,
the accused has the burden of providing justification for the
requested trial delay.  U.S. v PARRISH, 7 USCMA 337, 22 CMR 127
(1956).  An interruption of the trial is justified if the accused
provides a sufficient indication that the trial's continuation
will result in prejudice to the accused's substantial rights.
U.S. v PARRISH, supra; U.S. v DANIELS, 11 USCMA 52, 28 CMR 276
(1959); U.S. v MASSEY, 14 USCMA 486, 34 CMR 266 (1964).  On
review, the crucial question is not whether the appellate authority,
or another might have ruled differently, but whether in light of
all the circumstances the ruling made was so unfair as to con-
stitute an abuse of discretion resulting in prejudice to the
accused.  U.S. v POTTER, 14 USCMA 118, 33 CMR 330 (1963);
U.SS.v ROGAN, 8 USCMA 739, 25 CMR 243 (1958).  While the decision

-7-

00043

47

N6:CLC:ah
5814-2

to grant or deny a motion for continuance rests within the
trial judge's sound discretion, he remains accountable for
an abuse of discretion which prejudices an accused's substantial
rights. U.S. v DUNKS, 24 USCMA 71, 51 CMR 200 (1976), citing
U.S. v FOREMAN, 18 USCMA 249. 39 CMR 249 (1969); U.S. v DANIELS,
supra; and U.S. v PLUMMER, 1 USCMA 373, 3 CMR 107 (1952).

          (5) Upon examination of the record, it is clear that
the denial of the motion for continuance did not prejudice any
substantial rights of the accused. While it is undisputed that
an accused has the right to request an administrative discharge
in lieu of trial, he does not have the further right that it
will be favorably received. The portion of the BUPERSMAN cited
by both counsel at trial sets forth a procedure whereby the
accused may request that the proceedings be delayed while
pending resolution of the request for discharge. The procedure
outlined contemplates denial of the request, since final action
on the request for delay is a "matter to be determined by the
officer exercising general court-martial jurisdiction over the
member concerned." Article 3420270.2, BUPERSMAN. In this case,
the Commanding Officer, U. S. Naval Station, Subic Bay, in his
endorsement of 12 April 1976 states that "It can be reasonably
be expected that the request [for discharge in lieu of trial]
will be disapproved." The officer exercising general court-
martial jurisdiction was the same officer who would later take
action on the request for discharge. At the time of his denial
of the request for delay, he had before him the comment by the
CO of Naval Station which can be interpreted as a recommendation
against the discharge and he also had before him, as an enclosure,
the request for administrative separation and the accused's
handwritten letter in support thereof. It must be assumed that
the officer exercising general court-martial jurisdiction carefully
considered the request for discharge when he made the determination
that the trial would not be delayed. It is likely that the request
for discharge would have been denied in any case. Further, there
is no "right" to a discharge in lieu of trial and the defense
specifically stated that it was prepared to proceed to trial.
Indeed, a reading of the record of trial in its entirety convinces
this reviewer that the defense counsel in fact presented a vigorous,
well-prepared case in extenuation and mitigation. Thus, it is
considered that the military judge did not abuse his discretion
and properly denied the motion for continuance. It is noted that
this case, on its facts, is different from that in U.S. v DUNKS,
supra, in which the U.S. Court of Military Appeals ruled that
the military judge abused his discretion in denying a motion
for continuance until the proper authority could act on the

-8-

00044

44

N6:CLC:ah
5814-2

accused's request for discharge in lieu of trial. In that case, the court ruled that the government was bound to follow its own rules which provided for a 45-day delay in which to process the request for discharge. No such 45-day rule exists in this case.

c. <u>Court Recommendation for Clemency</u>. In awarding the sentence, the Military Judge recommended suspension of the Bad Conduct Discharge for a period of one year. The Convening Authority in his action stated that he considered the recommendation for clemency. I have also considered the recommendation for clemency in making my recommendation with respect to sentence.

7. OPINIONS

a. The court, consisting of a military judge alone, was legally constituted throughout the trial and had jurisdiction over the accused and the offense charged.

b. The accused had the requisite mental capacity at the time of the hearing and the requisite mental responsibility at the time of the commission of the offense.

c. The accused's pleas of guilty established his guilt of the offense beyond a reasonable doubt.

d. There were no errors which materially prejudiced the substantial rights of the accused.

e. The findings and sentence are correct in fact and law and the sentence was within the power of the court to adjudge and within prescribed limitations on punishment. Left to determine it its appropriateness.

The accused was convicted, in accordance with his pleas of guilty, of an unauthorized absence of about 82 days. Just prior to the commencement of this absence on 1 December 1975, he had been punished at Captain's Mast for an unauthorized absence of about 11 days from 10 October 1975 to 21 October 1975 and for missing ship's movement. It is considered that the accused's conduct is that of one who no longer desires to or should remain a member of the naval service. Considering the nature of the offense of which the accused stands convicted, as well as his past record, in my opinion, the sentence as adjudged is appropriate.

-9-

N6:CLC:ah
5814-2

8. **STAFF JUDGE ADVOCATE'S RECOMMENDATION**. In view of the serious nature of the accused's conduct, and considering his past record, it is recommended that the sentence as approved by the Convening Authority, be approved. An action designed to accomplish this recommendation is attached for your signature should you concur.

9. **SUPERVISORY AUTHORITY'S RESPONSIBILITY**. The foregoing constitutes my review of the case including my opinions and my recommendation as to the action to be taken with respect to the findings and sentence. As the Supervisory Authority in this case, the determination as to the appropriateness of the findings and sentence rests solely with you. Unless you determine that each finding of guilty is established to your satisfaction beyond a reasonable doubt by the accused's voluntary and provident pleas of guilty, you should disapprove such finding. In acting on the findings, as well as on the sentence, you are empowered to approve only such findings of guilty and such part of the sentence as you find correct in law and as you, in your discretion, determine should be approved, and you may suspend all or any part of the sentence you approve. Your authority includes the power to approve, disapprove, or modify a finding of guilty provided that such modification does not increase the gravity of the offense; and to approve, disapprove, mitigate, reduce, suspend, modify, or change the sentence or any part thereof, so long as its severity is not increase. In the above connection, it is within your authority to agree or disagree, in whole or in part, with my opinions and recommendation and substitute your own.

10. As required by United States v. Goode, 23 USCMA 367, 50 CMR 1 (1975), a copy of this review will be served on Defense Counsel so that he may have an opportunity to correct or challenge any matter he deems erroneous, inadequate, or misleading, or to otherwise comment on this review. His statement will be appended hereto as enclosure (3).

Very respectfully,

W. A. CRANE
CDR, JAGC, USN

-10-

00046

46

N6:CLC:ah
5814-2

Receipt of a copy of the foregoing review is acknowledged this ___ day of _____, 1976. I understand that I have five (5) calendar days within which to submit to the Staff Judge Advocate, in writing, any corrections, challenges, or comments relative to the review that I might desire to make. In the event that I do not desire to submit any such corrections, challenges, or comments, I will so indicate to the Staff Judge Advocate, in writing, within five (5) calendar days of this receipt. I further understand that any request for additional delay in submitting my comments must be made in writing, signed by the accused and forwarded to Commander, U. S. Naval Base, Subic Bay, via the Staff Judge Advocate.

CHARLES C. JEFFRIES, JR.
LT, JAGC, USN
Defense Counsel

DISTRIBUTION:
ORIG RECORD OF TRIAL (Orig & 1 signed copy)
EACH COPY OF RECORD OF TRIAL (1 copy)
CO USNAVSTA SUBIC BAY (1 copy)
PRES NAVCLEM&PARBD WASH. DC (1 copy)
MJ (CDR J. E. VAN SLATE, JAGC, USN) (1 copy)
TC (LT R. B. ATKINS, JAGC, USNR) (1 copy)
DC (LT C. C. JEFFRIES, JR., JAGC, USN) (1 copy)

-11-

00047

47



**DEPARTMENT OF THE NAVY**
NAVAL LEGAL SERVICE OFFICE SUBIC BAY
U. S. NAVAL BASE BOX 35
FPO SAN FRANCISCO 96651

25 May 1976

From:   LT C. C. JEFFRIES, JR., JAGC, USN
        Detailed Defense Counsel
To:     Staff Judge Advocate

Subj:   Staff Judge Advocate review in the case of
        Seaman Recruit Benicio A. MORTEGA, USN, 567 29 3974

1. I have received and examined a copy of the subject review. I understand that I have an opportunity to correct or challenge any matter I deem erroneous, inadequate or misleading, or to otherwise comment on the review.

2. The motion for a continuance should have been granted as a delay of the case would not have prejudiced the government's case in any manner and would have allowed the accused to have his request acted upon by the GCM authority. In this case, the convening authority effectively denied the accused his right to request an undesirable discharge in lieu of trial by court-martial by administrative delay solely because he failed to obtain an examination by a medical doctor vice a psychiatrist. In light of no material reason that the government needed to have the case disposed of on the date of trial vice one week to ten days later as the defense requested, the denial of the defense motion for a continuance was an abuse of discretion of the military judge and operated to the substantial prejudice of the accused in denying his right to request an undesirable discharge in lieu of trial by court-martial.

3. Additionally, the SJA review fails to mention the enlisted performance marks assigned to the accused on the two evaluations in his service record. He was assigned marks in professional performance, military behavior, military appearance, and adaptability as follows:

        1 MAR 75:   3.2, 3.4, 3.4, 3.6
        1 SEP 75:   3.2, 3.4, 3.4, 3.6

In accordance with existing naval policy regarding evaluation of nonrated personnel, he was "not observed" in the trait of leadership and supervisory ability on each occasion.

4. The accused is being retained at RECUNIT, NAVSTA, Subic Bay, R.P., awaiting your supervisory authority action on his case and the requisite further appellate review by NCMR and COMA

5. In light of the accused's good past record, as evidenced by his good performance marks and single nonjudicial punishment prior to trial during his two(2) years in the naval service, and his comparatively short unauthorized absence (approximately 2½ months) for which he was tried, it is most strongly urged that the supervisory authority reconsider the military judge's recommendation to suspend the bad conduct discharge for one year and return the accused to duty in the fleet immediately.

C. C. JEFFRIES, JR.

- 2 -



**DEPARTMENT OF THE NAVY**
NAVAL LEGAL SERVICE OFFICE SUBIC BAY
U. S. NAVAL BASE BOX 35
FPO SAN FRANCISCO 96651

FO2:RBA:cta
5800
13 MAY 1976

From:  LT Roger B. ATKINS, JAGC, USNR, Trial Counsel
To:    Staff Judge Advocate, U. S. Naval Base, Subic Bay

Subj:  U.S. v. MORTEGA, Beneficio A., SR, USN, 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;
       UD request in

1.  Both the UD request and the request for suspension of disciplinary
proceedings pending action on the UD request were submitted by the
defense to the trial counsel in one packet of materials dated 5 APR
1976.  The UD request itself was an enclosure submitted with the
request for suspension of disciplinary proceedings which was the
cover letter.  Both requests, including the supporting statement of
the accused, were forwarded, along with the trial counsel's
endorsement, to Commander U. S. Naval Base, Subic Bay, via Commanding
Officer, U. S. Naval Station, Subic Bay, on 6 APR 1976.

2.  It should be noted that trial counsel's endorsement responded
to <u>both</u> defense requests.

3.  Subsequent communications by telephone, between trial counsel
and the disciplinary office at the Receiving Unit, U. S. Naval Station,
Subic Bay, revealed that a psychiatric evaluation had been scheduled
and that an appointment had been made for said evaluation for a date
subsequent to the date of trial.

4.  The supervisory authority denied the request for suspension of
disciplinary proceedings and the case proceeded to trial.  The
service record and all papers in the trial counsel's possession were
returned to the Receiving Unit.

Very respectfully,

ROGER BRYAN ATKINS

VERBATIM

## RECORD OF TRIAL

(Proper)

of

| MORTEGA, Benicio A. | 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 | SR (E-1) |
|---|---|---|
| (Last name, first name, middle initial) | (SSN) | (Rank or grade) |

| U. S. Naval Station | U. S. Naval Base |
| U. S. Navy | Subic Bay, Philippines |
|---|---|
| (Armed Force)     (Organization/Station/Ship) | |

by

SPECIAL   COURT-MARTIAL

Appointed by     Commanding Officer
                      (Convening Authority)

U. S. Naval Station

Tried at

Naval Legal Service Office,
Naval Base, Subic Bay, R. P.          on          13 April          19 76

| Index | | Record |
|---|---|---|
| Introduction of Counsel | R- | 2 |
| Challenges | R- | ----------- |
| Arraignment | R- | 4 |
| Motions | R- | 5 |
| Pleas | R- | 10 |
| XXXXXXXXXXXXXXXXXXX.....CARE INQUIRY | R- | 10 |
| Findings | R- | 15 |
| Sentence | R- | 24 |
| Proceedings in revision | R- | ----------- |

| Name of Witness | TESTIMONY Direct & Redirect | Cross & Recross | Court |
|---|---|---|---|
| **Prosecution** | | | |
| None. | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| **Defense** | | | |
| Accused (SR B. A. MORTEGA, USN [E&M]) | 17, 22 | 19 | |
| | | | |
| | | | |
| | | | |
| | | | |
| **Court** | | | |
| None. | | | |

## EXHIBITS ADMITTED IN EVIL. E

| Number or Letter | Description | Page Where Offered | Admitted |
|---|---|---|---|
| PE 1 | PAGE 4 OCCUPATIONAL/TRAINING/AWARDS HISTORY | 16 | 16 |
| PE 2 | MESSAGE DTG NCS WASH 250303Z SEP 75 | 21 | 21 |
| PE 3 | +MESSAGE DTG USS MANLEY 261444Z SEP 75 | 21 | 21 |
| DE A | PAGE 3 ENLISTED CLASSIFICATION RECORD | 16 | 17 |
| DE B | PAGE 2 RECORD OF EMERGENCY DATA | 16 | 17 |
| DE C | ENLISTED PERFORMANCE EVALUATION | 16 | 17 |
| DE D | ENLISTED PERFORMANCE EVALUATION | 16 | 17 |
| DE E | RECORD OF QUAL FOR DCPO | 16 | 17 |

## COPIES OF RECORD

___1___ copy of record furnished the accused as per attached certificate of receipt.

___2___ copy(ies) of record forwarded herewith.

## RECEIPT FOR COPY OF RECORD

I hereby acknowledge receipt of a copy of the above-described record of trial, delivered to me at U.S. NAVAL BASE, SUBIC BAY, R.P. this X6TH day of APRIL , 1976

SN BENICIO A. MORTEGA, USN
(Signature of accused)

I hereby acknowledge receipt of a copy of the above-described record of trial, delivered to me at _____ this _____ day of _____, 19___

_____
(Signature of accused)

## CERTIFICATE IN LIEU OF RECEIPT

_____
(Place)                         (Date)

I certify that on this date delivery of a copy of the above-described record of trial, including all exhibits admitted in evidence or descriptions thereof, was made to the accused, _____ at _____
(Name of accused)                         (Place of delivery)

by _____, and that the receipt of the accused had not been received on the date this record was forwarded to the convening authority. The receipt of the accused will be forwarded as soon as it is received.

_____
(Signature of trial counsel)

If copy of record prepared for accused contains matters requiring security protection, see paragraph 82g, MCM.

NAVAL LEGAL SERVICE OFFICE
SUBIC BAY, R. P.

United States of America

v.

SR Benicio Aguilar MORTEGA,
USN, 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

Request for Trial Before Military
Judge Alone (Article 16, UCMJ)

    I have been informed that <u>CDR J. E. VAN SLATE, JAGC, USN,</u> is the military judge detailed to the court-martial to which the charges and specifications pending against me have been referred for trial.  After consulting with my defense counsel, I hereby request that the court be composed of the military judge alone.  I make this request with full knowledge of my right to be tried by a court-martial composed of commissioned officers and enlisted personnel.

_____6 April_____, 19 76
Date

_Benicio Aguilar Mortega_

    Prior to the signing of the foregoing request, I advised fully the above accused of his right to trial before a court-martial composed of commissioned officers and of his right to have such court consist of at least one-third enlisted members not of his unit upon his request.

_____6 April_____, 19 76

C. C. JEFFRIES, JR.
LT, JAGC, USN
Defense Counsel

Argument is (not) requested.

R. B. ATKINS
LT, JAGC, USNR
Trial Counsel

    I approve (~~disapprove~~) the foregoing request for trial before me alone.

_____13 April_____, 19 76

J. E. VAN SLATE
CDR, JAGC, USN
Military Judge

00053



# DEPARTMENT OF THE NAVY
## U. S. NAVAL STATION
### BOX 50, FPO SAN FRANCISCO 96651

62:VW:rr
5817
Ser 1421
25 MAR 1976

Lieutenant Roger B. ATKINS, JAGC, U. S. Naval Reserve, certified in accordance with Article 27(b) and previously sworn in accordance with Article 42(a) is detailed trial counsel of the special court-martial convened by order 62:VW:rr 5817 serial 1171 of 11 March 1976, vice Lieutenant P. Keely COSTELLO, JAGC, U. S. Naval Reserve, hereby relieved, for the trial of Seaman Recruit Benicio A. MORTEGA, U. S. Navy, only.

A. S. MOREAU, JR.
Captain, U. S. Navy
Commanding Officer, U. S. Naval Station
Subic Bay, Philippines

00054



# DEPARTMENT OF THE NAVY
U. S. NAVAL STATION
BOX 50, FPO SAN FRANCISCO 96651

62:VW:rr
5817
Ser 1171
11 MAR 1976

A special court-martial is hereby convened.  It may proceed at the
U. S. Naval Base, Subic Bay, Philippines, to try Seaman Recruit
Benicio A. MORTEGA, U. S. Navy, only.  The court will be constituted
as follows:

## MILITARY JUDGE

Commander Jean E. VAN SLATE, JAGC, U. S. Navy, certified in
accordance with Article 26(b) and previously sworn in accordance
with Article 42(a).

## MEMBERS

Lieutenant Commander Herbert W. KALLUSCH, U. S. Navy
Lieutenant Commander Erwin A. SHARP, U. S. Navy
Lieutenant Gregory NMN WADDINGTON, MSC, U. S. Navy
Lieutenant Kenneth P. EASTERDAY, U. S. Navy
Ensign Louise P. LOTTI, SC, U. S. Naval Reserve

## COUNSEL

Lieutenant P. Keely COSTELLO, JAGC, U. S. Naval Reserve, TRIAL
COUNSEL, certified in accordance with Article 27(b) and previously
sworn in accordance with Article 42(a).

Lieutenant Charles C. JEFFRIES, Jr., JAGC, U. S. Navy, DEFENSE
COUNSEL, certified in accordance with Article 27(b) and previously
sworn in accordance with Article 42(a).

A. S. MOREAU, JR.
Captain, U. S. Navy
Commanding Officer, U. S. Naval Station
Subic Bay, Philippines

00055

3/

The military judge called the Article 39(a) session to order at the Naval Legal Service Office, Naval Base, Subic Bay, Philippines, at 1635 hours, 13 April 1976, pursuant to the following orders:

Captain A. S. Moreau, U. S. Navy, was in command on the date of the convening orders.

1

PERSONS PRESENT

Commander Jean E. Van Slate, JAGC, U. S. Navy, MILITARY JUDGE;
Lieutenant Roger B. Atkins, JAGC, U. S. Naval Reserve, TRIAL COUNSEL;
Lieutenant Charles C. Jeffries, JAGC, U. S. Navy, DEFENSE COUNSEL.

PERSONS ABSENT

MEMBERS.

The following named accused was present:

Seaman Recruit Benicio A. MORTEGA, U. S. Navy.

The detailed reporter, Legalman First Class Robert E. Routson, U. S.
Navy, had previously been sworn.

The case is transcribed by Legalman First Class William L. Winstel,
U. S. Navy, who also has previously been sworn.

TC:  The legal qualifications and status as to oath of the members of
the prosecution are correctly stated in the convening order.

TC:  No member of the prosecution named in the convening order, has acted
as investigating officer, military judge, court member, or as a member of
the defense in this case, or as counsel for the accused at a pretrial
investigation or other proceedings involving the same general matter.

MJ:  All right.  Trial counsel, would you announce the amendment to the
convening order.

TC:  Yes, Your Honor.  There has been an amendment, reflecting a change
in trial counsel, from Lieutenant P. Keely Costello, JAGC, U. S. Naval
Reserve, to Lieutenant Roger B. Atkins, Judge Advocate General's Corps,
United States Naval Reserve.

MJ:  All right.  Lieutenant Jeffries, have you advised the accused of
his rights concerning counsel as set forth in Article 38(b) of the
Code and paragraph 48 of the Manual?

DC:  Yes, Your Honor, I have.

MJ:  All right.  Seaman Recruit Mortega, please be seated.  You have the
option to defended at this trial by a civilian lawyer, provided by you at
no expense to the government, or you also have the right to be defended
at this trial by a military lawyer of your choice, provided by the government
at no expense to you, if he is reasonably available.

If you are defended by a civilian lawyer, or by a military lawyer of
your choice, Lieutenant Jeffries, the detailed defense counsel may act as
associate counsel, or he may be excused if you wish, with your consent.  Now,
do you understand your rights concerning counsel?

ACC:  Yes, sir.

MJ:  Do you understand your rights concerning counsel?

ACC:  Yes, Your Honor.

MJ:  All right.  Now, do you desire to exercise your right to be
represented by a civilian lawyer?

ACC:  No, sir.

2

00057

MJ: Do you desire to exercise your right to be represented by a military lawyer of your choice?

ACC: No, sir.

MJ: By whom do you wish to be defended?

ACC: By Lieutenant Jeffries.

MJ: Now, are you satisfied with your defense counsel, Lieutenant Jeffries?

ACC: Yes, Your Honor.

MJ: Trial counsel has the accused's case been referred to any other court-martial, other than the one announced by you at the beginning of these proceedings?

TC: No, Your Honor.

MJ: By whom will the accused be defended?

DC: Your Honor, the accused will be defended by Lieutenant Charles C. Jeffries, Jr., Judge Advocate General's Corps, United States Navy. The legal qualifications and status as to oaths of the detailed defense counsel are correctly stated in the convening order.

TC: Has any member of the defense acted as the accuser, a member of the prosecution, investigating officer, military judge, or as a member of the court in this case?

DC: The detailed defense counsel has not so acted.

MJ: All right. It appears then, that counsel for both sides have the requisite qualifications. And, the court notes for the record, that the legal qualifications and status as to oath of the military judge, are correctly reflected in the convening order.

TC: All personnel of the court required to be present have been sworn. The general nature of the charges in this case, allege a violation of Article 86, unauthorized absence. The charges were preferred by YN2 F. R. REINSHUTTLE, United States Navy. The military judge will not be a witness for the prosecution. If the military judge is aware of any matters which he believes may be a ground for challenge by either side against him, he should now state such matters.

MJ: Well, gentlemen, I am not aware of any facts or circumstances which would give rise to a challenge for cause against me in this case. However, I would be happy to answer questions by either side.

TC: The prosecution does not desire to question the military judge, and does not desire to challenge the military judge for cause. Does the accused desire to question the military judge, or to challenge the judge for cause?

3

DC: The accused would only have one question for the military judge. And, that would be, if the fact, that a man submits a request for *RBA* undesirable discharge, and the military judge were aware of it. Would this in any way have a bearing    on the military judge's decision? *RBA*

MJ: I am aware of--of course, in this case, that the accused has submitted an undesirable discharge request. But, no it would not influence me one way or the other on sentencing, if we reach that point in the trial.

DC: Thank you, Your Honor. The defense has no other questions.

MJ: All right. Seaman Recruit Mortega, I have here your request by military judge alone. I'd like to show you this request, and ask you if this is your signature upon it (handing document to trial counsel).

TC: (Handing document to the accused).

ACC: (Viewing document) Yes, Your Honor.

TC: (Taking document from accused and handing it to the military judge).

MJ: (Receiving document from trial counsel) Now, I want to advise you, that you have the right to be tried by a court consisting of at least *three RBA* members, who will be officers, or you may request in writing, that at least one-third of the members of your court be enlisted members, or you may request to be tried before me as military judge alone. Should you be tried by a court consisting of members, two-thirds of the members voting by secret written ballot must concur in all findings of guilty, if any. And, should you be found guilty, two-thirds of the members voting by secret written ballot must concur in a sentence. If you are tried by me as military judge alone, I alone would determine your guilt or innocence. And, should you be found guilty, I alone would determine a sentence. Now, do you understand your rights in this regard, and these distinctions?

ACC: Yes, sir.

MJ: Now, understanding the difference between trial before members, and trial before me alone. Do you wish to be tried before me alone? If you like, take time again to consult with your counsel.

ACC: Yes, sir.

MJ: Is it your desire to be tried by military judge alone?

ACC: Yes, sir.

MJ: Now, is your request made freely as your own decision?

ACC: Yes, sir.

4

35

MJ: All right. I am going to approve your request. (Signing the military judge alone request). I am going to direct that the request be attached to the convening orders in this case. This Article 39(a) session is terminated. The court is assembled. And, we'll proceed now to arraign the accused.

[THE CHARGE SHEET FOLLOWS THIS PAGE]

TC: All parties to the trial have been furnished with a copy of the charges. Does the accused desire that they be read?

DC: Your Honor, the accused waives the reading of the charges.

MJ: All right, the reading of the charges may be omitted.

TC: The charges were signed by YN2 REINSHUTTLE, United States Navy, a person subject to the code as accuser, are properly sworn to before a commissioned officer of the armed forces, authorized to administer oaths. And, are properly referred to this court for trial by the Commanding Officer, Naval Station, Subic Bay, Philippines, the convening authority. The charges were served on the accused by Lieutenant P. Keely Costello, on 16 March 1976.

MJ: All right. May I ask that the accused and his counsel please stand (accused and counsel standing). Seaman Recruit Benicio A. Mortega, United States Navy, I now ask you how do you plead. But, before receiving your pleas I advise you, that any motion to dismiss any charge or to grant other relief, should be made at this time.

DC: Your Honor, prior to entering pleas, the defense at this time would like to make a motion for a continuance.

MJ: All right, Seaman Recruit Mortega, please be seated.

DC: Your Honor, on the 5th of April, 1976, the accused submitted a request, for undesirable discharge in lieu of trial by court-martial, pursuant to BUREAU OF NAVAL PERSONNEL MANUAL, Section 3420270. The convening authority to this date has not acted on that request. Concurrent, with that submission, was a request that was forwarded also to the supervisory authority, requesting a stay of proceedings. The convening authority acted on that request on the 12th of April. The supervisory authority--the convening authority acted on the request recommending denial of the request for the stay of the proceedings. On the 13th of April, the supervisory authority returned that request for the delay, denying the request for a delay of the proceedings. And, as yet, there still been no action by the convening authority, after 10 days, on the request for the undesirable discharge.

MJ: All right.

DC: The----

MJ: Counsel, can you supply the court, with the request as to the stay of proceedings?

DC: Yes, Your Honor, I have a zerox copy that has been made from the original, and I would offer it at this time.

5

00060

## CHARGE SHEET

| PLACE | DATE **(Prepared)** |
|---|---|
| U.S. Naval Station, Subic Bay, Philippines | 08 March 1976 |

ACCUSED (Last name, First name, middle initial) (List aliases when material)

| | SOCIAL SECURITY ACCOUNT NUMBER | GRADE OR RANK | |
|---|---|---|---|
| MORTEGA, Benicio Aguilar | 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 | AND PAY GRADE | SR E1 |

ORGANIZATION AND ARMED FORCE (If the accused is not a member of any armed force, state other appropriate description showing that he is subject to military law)

DATE OF BIRTH
23 August 1948

U.S. Naval Station
Subic Bay, Philippines
United States Navy

CONTRIBUTION TO FAMILY OR QUARTERS ALLOWANCE (MCM, 126i(2)) (If none, so state)

NONE    N/A

| PAY PER MONTH | |
|---|---|
| BASIC | $361.20 |
| SEA OR FOREIGN DUTY | |
| TOTAL | $361.20 |

### RECORD OF SERVICE

| INITIAL DATE OF CURRENT SERVICE | TERM OF CURRENT SERVICE |
|---|---|
| 28 May 1974 | For Four (4) Years |

PRIOR SERVICE: 00 YEARS  00 MONTHS  00 DAYS  (As to each prior period of service, give inclusive dates of service and Armed Force, if available.)

### DATA AS TO WITNESSES
(Summary Court Officer will line out and insert names as applicable (MCM, 79g) and initial changes)

| NAME OF WITNESS | ADDRESS (Include ZIP Code) | WITNESSES FOR | |
|---|---|---|---|
| | | PROSECUTION | ACCUSED |
| | | | |

### DOCUMENTS AND OBJECTS

LIST AND DESCRIBE (If not attached to charges, note where it may be found)

### DATA AS TO RESTRAINT

| NATURE OF ANY RESTRAINT OF ACCUSED | DATE | LOCATION |
|---|---|---|
| | | |

**DD** FORM **458**
1 OCT 69

PREVIOUS EDITIONS ARE OBSOLETE.
S/N 0102-904-6501

1

00061

61

Charge          : Violation of the Uniform Code of Military Justice, Article  86.

Specification :  In that Seaman Recruit Benicio Aguilar MORTEGA, United States Navy,
U.S. Naval Station, Subic Bay, Philippines, formerly attached to USS MANLEY (DD 940),
did, on or about 0730, 01 December 1975, without authority, absent himself from his
unit, to wit:  USS MANLEY (DD 940), then located at U.S. Naval Station, Philadelphia,
Pennsylvania, and did remain so absent until on or about 1530, 20 February 1976.

If this space is insufficient for all charges and specifications, they will be set forth numerically, front to back, on separate sheets attached to
this page.

- 2 -

00062

62

NAME, GRADE AND ORGANIZATION OF ACCUSER
F.R. REINSHUTTLE, YN2, USN
U.S. Naval Station, Subic Bay, Philippines

SIGNATURE

**AFFIDAVIT**

Before me, the undersigned, authorized by law to administer oaths in cases of this character, personally appeared the above-named accuser this **08** day of **March**, 19 **76**, and signed the foregoing charges and specifications under oath that he is a person subject to the Uniform Code of Military Justice, and that he either has personal knowledge of or has investigated the matters set forth therein, and that the same are true in fact, to the best of his knowledge and belief.

Lieutenant, United States Navy
U.S. Naval Station, Subic Bay, R.P.
GRADE AND ORGANIZATION OF OFFICER

SIGNATURE

SUMMARY COURT-MARTIAL OFFICER
OFFICIAL CHARACTER, AS ADJUTANT, SUMMARY COURT, ETC.
(MCM, 29g, and Article 30g and 136)

C. H. KLOKE
TYPED NAME

Officer administering oath must be a commissioned officer.

DATE

I have this date informed the accused of the charges against him (MCM, 32f(1)).
C.H. KLOKE, LT, USN
U.S. Naval Station, Subic Bay, R.P.
SUMMARY COURT-MARTIAL OFFICER
NAME, GRADE AND ORGANIZATION OF IMMEDIATE COMMANDER

SIGNATURE

U.S. Naval Station, Subic Bay, R.P.
DESIGNATION OF COMMAND OF OFFICER EXERCISING
SUMMARY COURT-MARTIAL JURISDICTION        PLACE        DATE

The sworn charges above were received at **1225** hours, this date (MCM, 33b).

C. H. KLOKE            FOR THE¹ ___COMMANDING OFFICER___
LT      USN
SUMMARY COURT-MARTIAL OFFICER
NAME, GRADE, AND OFFICIAL CAPACITY OF OFFICER SIGNING

SIGNATURE

**1ST INDORSEMENT**

U.S. Naval Station, Subic Bay, R.P.
DESIGNATION OF COMMAND OF CONVENING AUTHORITY        PLACE        11 March 1976
DATE

Referred for trial to the ___special___ court-martial appointed by ___convening order 5817___
Serial 1171

___, of 11 March___ 19 **76**, subject to the following instructions:²

/BY/     /P//ll// // ////     /M/

A. S. MOREAU, JR.
Captain, U.S. Navy
Commanding Officer
NAME, GRADE, AND OFFICIAL CAPACITY OF OFFICER SIGNING

SIGNATURE

I have served a copy hereof on each of the above-named accused, this **16** day of **MARCH**
19 **76**.

P. Keely Costillo  LT JAGC USNR
NAME, GRADE, AND ORGANIZATION OF TRIAL COUNSEL

P. Kly Costello
SIGNATURE

¹ When an appropriate commander signs personally, inapplicable words are stricken out. ² Relative to proper instructions which may be included in the indorsement of reference for trial, see MCM, 33f(1). If none, so state.

3

00063

Fill in blank numbers of pertinent charges and specifications or "all specifications and charges," as may be appropriate for use unless departmental regulations prevent such election (MCM, 32f(2)).

[ ] THE ACCUSED HAS BEEN PERMITTED AND HAS ELECTED TO REFUSE PUNISHMENT UNDER ARTICLE 15 AS TO

[ ] THE ACCUSED HAS NOT BEEN OFFERED PUNISHMENT UNDER ARTICLE 15 AS TO

| NAME, GRADE, AND ORGANIZATION OF OFFICER EXERCISING ARTICLE 15 JURISDICTION | SIGNATURE |
|---|---|
| | |

### RECORD OF TRIAL BY SUMMARY COURT-MARTIAL

**CASE NUMBER** *(inserted by convening authority)*

WAS THE ACCUSED ADVISED IN ACCORDANCE WITH PARAGRAPH 79d, MCM, 1969 (Rev.) ?  [ ] YES

*(To be filled in by summary court)*

| I [ ] CONSENT   [ ] OBJECT TO TRIAL BY SUMMARY COURT-MARTIAL | SIGNATURE OF ACCUSED |
|---|---|
| *(To be filled in by the accused)* | |

### TO BE FILLED IN BY SUMMARY COURT AS APPLICABLE

THE ACCUSED, HAVING REFUSED TO CONSENT IN WRITING TO TRIAL BY SUMMARY COURT-MARTIAL, THE CHARGES ARE HEREWITH RETURNED TO THE CONVENING AUTHORITY.

[ ] CHECK, IF APPLICABLE

| NAME, GRADE, AND ORGANIZATION OF SUMMARY COURT OFFICER | SIGNATURE |
|---|---|
| | |

| SPECIFICATIONS AND CHARGES | PLEAS | FINDINGS | SENTENCE OR REMARKS |
|---|---|---|---|
| | | | |
| | | | |
| | | | NUMBER OF PREVIOUS CONVICTIONS CONSIDERED (MCM, 75b(2)) |

| PLACE AND DATE OF TRIAL | DATE SENTENCE ADJUDGED |
|---|---|
| | |

| NAME, GRADE, ORGANIZATION, AND ARMED FORCE OF SUMMARY COURT OFFICER (MCM, 4f) | SIGNATURE |
|---|---|
| | |

*Enter after signature, "Only officer present with command", if such is the case.*

### TO BE FILLED IN BY CONVENING AUTHORITY (MCM, 89, and app. 14a)

| ORGANIZATION | PLACE | DATE |
|---|---|---|
| | | |

ACTION OF CONVENING AUTHORITY

| NAME, GRADE, AND ORGANIZATION OF CONVENING AUTHORITY | SIGNATURE |
|---|---|
| | |

ENTERED ON APPROPRIATE PERSONNEL RECORDS IN CASE OF CONVICTION. (MCM, 91c)

A COPY OF THE RECORD OF TRIAL AND ACTION OF THE CONVENING AUTHORITY HAS BEEN FURNISHED TO THE ACCUSED

| NAME, GRADE, AND DESIGNATION OF OFFICER RESPONSIBLE FOR ACCUSED'S RECORDS | SIGNATURE |
|---|---|
| | |

NOTE: Summary of evidence, if required by the convening or higher authority, will be attached on separate pages.

4

☆ GPO : 1973 O - 710-898

00064

64

MJ: All right.

DC: I'll show it first to the trial counsel, for his inspection and possible objection to the documents.

TC: (Reading document).

DC: Your Honor, the----

MJ: Well, first of all, let's have this marked. I'll direct that it be marked then as an Appellate Alphabetic exhibit. So, this should be Appellate Exhibit A.

The reporter marked the document as Appellate Exhibit A.

MJ: Any objection by the government? (Pause) As to the court considering the request?

TC: No objection, Your Honor.

MJ: All right, then, Appellate Exhibit A, is admitted and will be considered by the court. Defense counsel.

DC: Yes, Your Honor. Paragraph 2, of section 3420270, BUREAU OF NAVAL PERSONNEL MANUAL, states, and I will quote, "A request for an undesirable discharge for the good of the service, does not preclude or suspend disciplinary proceedings in a case. Whether such proceedings, will be held in abeyance, pending final action on a request for discharge, is a matter to be determined by the officer exercising general court-martial jurisdiction, over the member concerned." That paragraph was the basis for the accused's request. However, in this situation, we believe that it is the government's position, is as we believe it will be in this case, if the trial should go ahead and proceed at this point, prior to any determinative action on the UD, that it would effectively deny the defense, or the accused in this case, the right to request a UD.

MJ: All right, counsel, rather than hearing argument at this point, let me see if the government has any evidence it wishes to offer in this area. Do you have any other evidence to offer on your request for a continuance?

DC: No, sir, just an argument, Your Honor.

MJ: All right. Now, I take it then, if I were to deny the request, that the defense at this time would be prepared to proceed to trial.

DC: Yes, sir. We'd like to argue this.

MJ: All right, I will allow some arguments, shortly.

DC: Yes, sir.

MJ: Does the government/to present any evidence on the request for a continuance?

6

00065

TC:  Your Honor, the government does not wish to ~~desire~~ Submit anything in addition to the citation already supplied by the defense.  But, with the court's permission, the government would offer--would like to take another look at the Appellate Exhibit submitted by the defense. May I approach the bench?

(Trial counsel

MJ:  Yes.  (Taking Appellate Exhibit A).

TC:  (Reading document) Thank you, Your Honor.  The government has nothing further.

MJ:  All right, gentlemen, can you advise me again, which provisions of the BUPERS Manual, counsel are relying upon?

TC:  Yes, Your Honor, that is Section 3420270, of the BUREAU OF NAVAL PERSONNEL MANUAL.

DC:  Your Honor, with your permission, I have an extra copy of that section, and would be glad to provide you with a copy.

MJ:  All right.

DC:  (Handing copy of section to military judge).

MJ:  All right, then, the court will take judicial notice of the BUREAU OF NAVAL PERSONNEL MANUAL, Article 3420270, with regard to administratives procedures for requesting discharge for the good of the service.  I take it then at this point, the--that counsel only have argument?

DC:  Yes, Your Honor.

MJ:  On the request for a continuance?

DC:  Yes, Your Honor, that is correct.

MJ:  All right.  Defense counsel.

DC:  Your Honor, the previously cited paragraph 2 of that section, does specifically indicate the officer exercising general court-martial jurisdiction over the member concerned, will make a determination on any request as to whether to stay the proceedings.  The defense would urge however, that concurrent with that, there is an unwritten duty on the part of the convening authority to expeditiously act on requests for undesirable discharge.  To do otherwise, would prejudice the accused by denying him the right that is set out here, to request an undesirable discharge, in lieu of trial.

Under the provisions of this, the convening authority could conceivably delay acting administratively, in an expeditious manner to such an extent and require the man to continue and go on into court, so as to preclude his right under this article.  We urge that the convening authority has a duty to expeditiously process this, and as we argue, we feel that the convening authority has failed to sustain this duty or burden which he has.  The convening authority has had adequate time to administratively act on the UD request, as he has had it for ten days, and has still not forwarded it to the supervisory authority.

As set out in this section, the convening authority, is required under

7

section 5, paragraph 5, of this same section of the BUPERS Manual to require a medical examination. According to the trial counsel, the sole reason for holding this request up, is due to waiting an appointment of the accused with a psychiatrist----

MJ: I don't have those matters before me, but I take it that the government has no objection to the court considering that statement as a statement of fact?

TC: At this point, the proceedings are awaiting the psychiatrist's appointment.

MJ: And, when is this psychiatric appointment scheduled for.

TC: 20 April 1976.

MJ: All right, the court will consider that then, as a fact.

DC: Thank you, Your Honor. It is also our understanding, as to an out of court conversation between the trial counsel and myself, that--the fact that a psychiatrist evaluation is not required by this section of this BUPERS Manual. This fact has been related to the convening authority, that all that is necessary is an examination by a Navy doctor. The defense maintains that this unnecessary delay by the convening authority, in requiring a psychiatric evaluation rather than getting what is required by the article, a doctor's medical examination, and requiring the accused to go to trial at this point, will effectively operate to deny him his right to have the supervisory authority act on his request for undesirable discharge.

We feel that the burden should be on the government and on the convening authority to expeditiously process these requests for undesirable discharge. The appellate exhibits indicate that he was able to expeditiously act on a request for a stay of the proceedings. It took him nine days to get a request for a stay in the proceedings forwarded to the supervisory authority.

We feel that with the same due diligence, that he applied in forwarding that request, he could have also obtained the forwarding of the undesirable discharge request to the supervisory authority. We feel that, this is a duty of the convening authority, and he has failed to meet his burden, and any other action other than a motion for continuance or grant of a motion for continuance at this time, would effectively deny the accused a right that is set out.

MJ: All right. Trial counsel.

TC: Thank you, Your Honor. The defense counsel has accurately set forth the provisions of the BUPERS Manual, and he has accurately stated that the language indicates a right of the accused to request the undesirable discharge. Also, it has been accurately set forth, that it is discretionary with the general court-martial authority, to either grant the suspension of disciplinary proceedings, or to deny it. The government submits that it was the intention of the Chief of Naval Personnel to allow for the situation, wherein the UD request could not be processed quickly enough to avoid a delay in the disciplinary proceedings. Paragraph 2 specifically allows the GCM authority to avoid the delay, by not granting the suspension of disciplinary proceedings. The government submits also, that the accused has not been prejudiced in any specific way, by the actions taken thusfar

8

6-7

in this case.

The entire package of materials, as evidenced by Appellate Exhibit A, was submitted both to the Commanding Officer of the Naval Station, and to the GCM authority, for their perusal. They did have the benefit of these materials, when they decided that the requested suspension of disciplinary proceedings would not be granted. Consequently, since the authority for going ahead with trial, even though there is a UD request in the mill, exists right in the same authority for the UD request itself, and, since the materials submitted by the accused in support of his UD request, were observed by the GCM authority, the government submits that what is taking place here, is the making of a decision that, waiting for a response to the UD request, would not be worthwhile. It would not be worth delaying the proceedings in this case, when the GCM authority has indicated that he desires this case to proceed to trial.

MJ:  All right, counsel. Thank you.

DC:  Thank you, Your Honor.

MJ:  Any rebuttal?

DC:  Yes, Your Honor, just----Your Honor, the trial counsel, used the words, quickly enough in referring to the processing of this, and that this was the intent of the Chief of Naval Personnel. We urge that the convening authority has had ample time to process this. This is not the situation where they have not had the opportunity to process this quickly enough, so as to get it to the supervisory authority. What is required under this article in the BUPERS Manual, does not require any long delay as they have indicated here for a psychiatrist's evaluation, it is merely a doctor's evaluation that is required, which they could have obtained, easily, within the ten days since it was submitted. The fact that the trial counsel mentions that the entire package was submitted, we would take exception to the----that. The entire package was not submitted. The entire package as required by the BUPERS Manual includes the medical evaluation. The report of medical examination that, the convening authority is to append to the record, before he forwards it to the supervisory authority. What the supervisory authority considered was incomplete and therefore his decision, we feel should also be void, on the fact that he was considering an incomplete packet. One of the factors that he is supposed to consider, in considering how to act on this request for discharge, includes the medical examination, by a doctor, not necessarily a psychiatrist. He did not consider this in this case, and therefore, we would once again urge, that the motion for continuance should be granted, until such time as the convening authority can forward the documents to the supervisory authority, and the supervisory authority can act on this request.

MJ:  All right. Gentlemen, before making a decision, on the request for a continuance, again let me be sure in my understanding, that the defense is in all respects prepared to go to trial today, if I were to deny the request for a continuance?

DC:  Yes, Your Honor, we are---- (Pause) But, we feel that, as we have said----

MJ:  All right, I understand the position of the defense, in desiring at this time a continuance so that the request for the discharge in lieu of trial could be acted upon.

00068

68

MJ: And, at this time, gentlemen, I am going to recess the court for a period sufficient for me to read both Defense Exhibit A and to look at the provisions of the BUPERS Manual. So, the court will stand recessed.

The court recessed at 1701 hours, 13 April 1976.

The court was called to order at 1708 hours, 13 April 1976

MJ: The court will come to order.

TC: Let the record reflect that all persons present when the court last recessed are again present.

MJ: The request for a continuance by the defense, is denied. Does the defense have any other motions at this time?

DC: No, Your Honor, the defense has no other motions.

MJ: Are you prepared to enter pleas, on behalf of your client?

DC: Yes, Your Honor, we are.

MJ: May I ask that the accused please stand. (Standing) Seaman Recruit Benicio A. Mortega, United States Navy, how do you plead?

DC: Your Honor, the accused pleads:

Guilty, to Charge I and the Specification thereunder.

MJ: All right, please be seated. Now, Seaman Recruit Mortega, is it my understanding then, that you are entering pleas of guilty to the Charge and Specification before the court?

ACC: Yes, sir.

MJ: Now, it's going to be my purpose to explain the meaning and effect of your plea, and to conduct an inquiry, so that I may determine whether you understand its meaning and effect. You may consult with your counsel concerning any question that I might ask you. Your plea of guilty will not be accepted unless you understand its meaning and effect. You are legally entitled to plead not guilty, even though you believe that you are guilty, and thus place upon the prosecution, the burden of proving your guilt, beyond reasonable doubt. A plea of guilty is equivalent to a conviction, and is the stongest form of proof known to the law.

On your pleas alone, without receiving any evidence, this court can find you guilty of the offense, of which you are offering to plead guilty. Your plea will not be accepted unless you realize that by your plea, you are admitting each and every act or omission, and every element with respect to the offense, to which your plea of guilty relates.

Your plea will not be accepted, unless I am convinced that you are pleading guilty because you are in fact guilty. If you are not convinced that you are in fact, guilty, you should not allow any other consideration to influence you to plead guilty. Now, do you have any questions at this time?

ACC: No, sir.

00069

69

MJ: By your plea of guilty, you are giving up certain very important rights which you would otherwise have should you enter a plea of not guilty. The rights that you are giving up by your plea of guilty are:

First, the right against self-incrimination, that is the right to say nothing at all, and to remain silent;

Second, the right to a trial of the facts in this case by a court, that is the right to have a court decide whether or not you are guilty, based upon evidence which the prosecution will present, and on any evidence that you may introduce; and,

Third, the right to be confronted by and to cross-examine witnesses which may be called to testify against you.

Now, do you understand these rights?

ACC: Yes, sir.

MJ: Do you further understand that by pleading guilty, you no longer have these rights, with respect to any offense to which your plea of guilty relates?

ACC: Yes, sir.

MJ: Now, I am going to list the elements of the offense to which you've entered a plea of guilty. These are the facts which the prosecution must prove beyond reasonable doubt, before the court can find you guilty, should you enter a plea of not guilty. As I state each of these elements, ask yourself, whether it's absolutely true, and whether you wish to admit that it is true. And, when I have completed this, I want you to be prepared to discuss each of these elements and essential facts with me. Now, do you understand the procedure we are going to follow?

ACC: Yes, sir.

MJ: Now, the elements and essential facts of the offense alleged in the Specification under the Charge, which your plea of guilty would admit are:

That, at the U. S. Naval Station, Philadelphia, Pennsylvania, on or about 0730, on 1 December 1975, you absented yourself, from your unit, that is, the USS MANLEY (DD 940);

That, your absence was without proper authority from anyone competent to give you leave; and,

That, you remained so absent, until on or about 1530, on 20 February 1976.

Now, do you understand the elements of this offense?

ACC: Yes, sir.

MJ: Do you have any questions concerning them?

ACC: No, sir.

MJ: Do you understand that your plea of guilty would admit that each

11

of these elements accurately describe what you did, or failed to do on this occasion?

ACC:  Yes, sir.

MJ:  Do you believe and admit that taken together, these elements and essential facts correctly describe what you did or failed to do on this occasion?

ACC:  Yes, sir.

MJ:  Now, does the specification properly show your name, grade and armed force?

ACC:  Yes, sir.

MJ:  And, was the USS MANLEY your ship or unit on the 1st of December 1975?

ACC:  Yes, sir.

MJ:  And, did this absence commence on or about 0730, on 1 December 1975?

ACC:  Yes, sir.

MJ:  Would you tell me how this absence came about?

ACC:  Sir, I went home because I got serious problems that concerns my family.  And, that I do any other things to help myself to help them. And, I left the ship on or about 1 December 1975, and I took a plane back home to the Philippines.

MJ:  Now, were you required to be on board the MANLEY on or about 0730, on 1 December 1975?

ACC:  Yes, sir.

MJ:  Now, did you believe that you had authority from anyone to be absent?

ACC:  No, sir.

MJ:  Did you believe at that time, that you were an unauthorized absentee?

ACC:  Yes, sir.

MJ:  Now, did this absence terminate on or about 1530 hours, on 20 February 1976?

ACC:  Yes, sir.

MJ:  Now, during this period, was this absence caused or extended by a physical inability on your part to return to your command?

ACC:  No, sir.

00071

47

71

MJ: Now, during this period did you ever contact military authority?

ACC: No, sir.

MJ: Did you have any contact with military authority?

ACC: I--The only contact I had is, I--I surrendered on the 20th of February.

MJ: You say you surrendered. Where did you surrender?

ACC: At Armed Forces Police, at Subic Naval Base.

MJ: Was that on or about 1530 hours, on the 20th of February?

ACC: Yes, sir.

MJ: Now, during this period from the 0730 on 1 December 1975, until you surrendered, at about approximately 1530 hours, on 20 February 1976, did you believe that you were an unauthorized absentee?

ACC: Yes, sir.

MJ: Could you tell me where you were during this period?

ACC: I was with my family at that time, sir. In Quezon City, Philippines.

MJ: All right, and you say this absence terminated by your surrendering yourself to the Armed Forces Police, here at Subic Bay?

ACC: Yes, sir.

MJ: Now, I want you to understand that on your plea of guilty alone, you could be sentenced to the maximum punishment authorized for the offenses to which you've entered pleas of guilty. Now the maximum permissible punishment for the offense to which you've entered pleas of guilty is: to be discharged from the service with a bad conduct discharge; to be confined at hard labor for six months; to forfeit two-thirds pay per month for six months; and, to be reduced to the lowest enlisted pay grade, however, you are already in the lowest enlisted pay grade.

Now, do you have any questions as to the sentence that could be imposed as a result of your pleas of guilty?

ACC: No, sir.

MJ: Now, have you in fact consulted fully with your defense counsel, and received the full benefit of his advice?

ACC: Yes, sir.

MJ: Are you satisfied with your defense counsel, Lieutenant Jeffries?

ACC: Yes, sir.

00072

72

MJ: Are you pleading guilty voluntarily, of your own free will?

ACC: Yes, sir.

MJ: Has anyone made any threat, or tried in any other way to force or compel you to plead guilty?

ACC: No, sir.

MJ: Gentlemen, is there a pretrial agreement in connection with these pleas?

TC: No, Your Honor.

DC: No, Your Honor.

MJ: Is there any agreement or understanding which counsel are aware of which is an inducement for the accused's pleas here today?

TC: No, Your Honor.

DC: None, Your Honor.

MJ: Now, Seaman Recruit Mortega, do you believe that you have an agreement or an understanding with anyone, which is a reason for your pleas of guilty here today?

ACC: No, sir.

MJ: Are you pleading guilty to this offense because you believe in your own mind that you are guilty of this offense?

ACC: Yes, sir.

MJ: All right. I want you to take time now to consult with your counsel again, and then advise me whether you understand the things that we've discussed, and whether you still desire to enter pleas of guilty.

ACC: (Conferring) Yes, sir.

MJ: Is it still your desire to enter pleas of guilty?

ACC: Yes, sir.

MJ: All right. I find that your plea of guilty is made voluntarily, and with full knowledge of its meaning and effect. I further specifically find, that the accused has knowingly, intelligently, and consciously waived his rights against self-incrimination, to a trial of the facts by a court-martial, and to be confronted by and to cross-examine witnesses against him. Accordingly, I find that the plea is provident, and it is accepted. However, Seaman Recruit Mortega, I want to advise you that you may request to withdraw such plea at any time before sentence is announced, and if you have any sound reason for your request, I will grant it.

14

MJ: May I ask that the accused and his counsel, please rise (accused and counsel standing). Seaman Recruit Benicio A. Mortega, United States Navy, it is my duty as military judge to inform you that in accordance with your pleas of guilty, this court finds you:

RBA

Of the Charge and Specification:    Guilty.

MJ: Please be seated. Seaman Recruit Mortega, shortly, we'll be going into a presentencing hearing. During this presentencing hearing, you have the right to present evidence in extenuation and or mitigation of the offense of which you stand convicted. That is, any evidence which might tend to explain or lessen the degree of severity of the offense of which you've been convicted. You may testify under oath as to such matters. You may remain silent, in which case, the court will not draw any adverse inference from your silence. You may call witnesses, or introduce documents. You may make an unsworn statement, either oral or written, by yourself, or through your counsel. You are advised, that an unsworn statement is not evidence, and you cannot be cross-examined upon it. However, the prosecution may offer evidence to rebut anything contained in an unsworn statement. You may stand silent, or you may elect to use any manner, or combination of manners about which you've been advised to bring forth matter in extenuation and or mitigation. Now, do you understand your rights in this regard?

ACC: Yes, sir.

MJ: Is the defense prepared at this time to proceed to the presentencing hearing?

DC: Yes, Your Honor, the defense is ready.

MJ: Is the government?

TC: Yes, Your Honor.

MJ: All right. The court then will now hear the personal data concerning the accused as shown on the charge sheet, and will received any other information from his personnel records relative to sentencing.

TC: The first page of the charge sheet shows the following data concerning the accused:

PLACE: U. S. Naval Station, Subic Bay, Philippines.
DATE: 8 March 1976.
ACCUSED'S NAME: MORTEGA, Benicio Aguilar.
SOCIAL SECURITY NUMBER: 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.
GRADE OR RANK: Seaman Recruit.
PAY GRADE: E-1.
ORGANIZATION AND ARMED FORCE: United States Naval Station, Subic Bay, Philippines; United States Navy.
CONTRIBUTION TO FAMILY OR QUARTERS ALLOWANCE: None.
PAY PER MONTH (BASIC): $361.20
FOREIGN DUTY PAY: None.
TOTAL: $361.20.
INITIAL DATE OF CURRENT SERVICE: 28 May 1974.
TERM OF CURRENT SERVICE: Four (4) years.
PRIOR SERVICE: None.
DATA AS TO RESTRAINT: None.

15

79

TC:  Does the accused have any objection to the data as read?

MJ:  What is the date of birth of the accused, counsel?

TC:  Your Honor, the date of birth, was 23 August 1948.

MJ:  Does the accused have any objection to that data as read?

DC:  Only a single correction, Your Honor, the block containing the contribution to family or quarters allowance, should correctly read, not applicable, vice none, in accordance with current regulations in the Judge Advocate General's Manual.

MJ:  All right, that correction will be made.

TC:  Yes, Your Honor.  At this time, the government would offer what has been previously marked as Prosecution Exhibit 1 for identification, ask that the words, "for identification," be deleted, and that a true copy be inserted in the record.  The government now shows the exhibit to the defense for inspection and possible objection.

DC:  No objection, Your Honor.

TC:  May I approach the bench, Your Honor?                    *RBA*

MJ:  Yes.  (Receiving document from trial counsel) All right, Prosecution Exhibit 1 for identification is admitted into evidence as Prosecution Exhibit 1.  The words, "for identification," may be stricken, and a certified true copy substituted in the record.

TC:  Thank you, Your Honor, the government has nothing further.

MJ:  Is the defense ready to proceed at this time?            *RBA*

DC:  Yes, Your Honor, the defense is ready.

MJ:  All right, you may proceed.

DC:  At this time, the defense would offer into evidence what has been previously been marked as Defense Exhibits A, B, C, D, and E for identification.  Defense Exhibit A is a page 4 of the member's service record, enlisted classification record.  Defense Exhibit B is page 2, from Seaman Recruit Mortega's service record, his dependency application record of emergency data.  Defense Exhibit C is a performance evaluation on the service member from 2 March 75 to 1 September 1975.  Defense Exhibit D, is another performance evaluation, from the period 2 September 74 to 1 March 75.  Defense Exhibit E is a record of his completion of practical factors for division damage control petty officer, and the various things he had to do to obtain that specialty.

TC:  The government has no objection.

MJ:  All right, ah--may I see the documents, please.

DC:  (Handing documents to the defense)   military judge    *RBA*

16

MJ:  All right.  Defense Exhibits A through E, are admitted into evidence.
The words, "for identification," may be stricken.

DC:  At this time, Your Honor, the defense would call its only witness,
Seaman Recruit Mortega.  He has been fully advised of his rights to make a
sworn or unsworn statement.  And, he voluntarily wishes to make a sworn
statement.

MJ:  All right.

Seaman Recruit Benicio A. Mortega, U. S. Navy, was called as a witness
by the defense in extenuation and mitigation, was sworn, and
testified as follows:

DIRECT EXAMINATION

Questions by the prosecution:

Q.  Are you the accused in this case?
A.  Yes.

Questions by the defense:

Q.  Seaman Recruit Mortega, where is your home?
A.  Quezon City.

Q.  What country is that?
A.  The Philippines.

Q.  When did you enlist?
A.  On 28 May, 1974.

Q.  Why did you enlist?
A.  The elder's advice

RBA   Q.  Have you liked the Navy----

REPORTER:  Excuse me, sir.  Would he repeat his last answer?         RBA

Q.  Why did you enlist?  In the Navy?
A.  Through elder's advice.

Q.  Since you've entered the Navy, have you enjoyed it?         RBA
A.  Yes, sir.

Q.  Where have you been stationed since you've been in the Navy?
A.  USS MANLEY (DD 940), homeported at U. S. Naval Station, Philadelphia,
Pennsylvania.

RBA   Q.  Why did you go UA?
A.  Because I got--I went UA because, I got some serious family problems,
which confronts me, and my family.  See, I am the eldest boy in the family,
of five boys and four girls.  And, in that way, I feel that I am the only
responsible person which can help in bringing my family next to my father.
In this case, since I enlist in the Navy, and it started sending money to
my mother.  My father grabs the chance of getting almost the amount and he
indulges himself, drinking, women, and gambling.  Which leave my family
half starved and he gets this through my mother, if not by violence, if
my mother will not give him any money, and that he do this almost regularly.

17

My brothers and sisters are having problem in acquiring their educations, on account of the things that my father is doing. He gets almost all the money, and my brothers and sisters cannot pay their fees for school. And thus, almost all the time, they could not attend or take the examination. And, the household, my mother is getting very sickly, is very thin, already. And, this, they are having a hard time, to adjust to family life because of the--they having problem with their meals. To this I feel that, there is no any other person, who--to help my father, or I mean my mother, so my brothers and sisters next to me to be responsible. And, I'm the only guy who can do the job, if not totally erasing my fathers deeds, at least making my household, helping my mother to get a better life. Even though I am already married, and that marriage is not an obstacle, even at present. And, that, is I feel that my family needs me, and at the time I was UA, it seems that the situation is a little bit--getting a little bit--I mean so--so totally--the needs of my father, and in that I can help my mother in every way, in upbringing the children. Leading the family, even if--I will act as the father, even if my father will abandon our family.

Q. How, did you first hear of the problem your family was having?
A. I heard it already when I was on the MANLEY, at my duty station.

Q. About how long was this before you went UA?
A. This has been going for about say for not so long, but about four months or so, until I found out that my father is doing those things.

Q. Where did you go when you went UA?
A. I went home here in the Philippines, I went home.

Q. How did you terminate your UA? How did you end your UA?
A. I surrendered at the Armed Forces Police, in U. S. Naval Base, Subic Bay.

Q. Why did you decide to terminate your UA? Why did you surrender?
A. Well, sir, I found out that I had done wrong, in that matter.

Q. Did you ever request leave to come home, before you went UA. Did you request leave while you were on the MANLEY?
A. Yes, I do.

Q. And, can you tell us what happened on those requests?
A. My request was turned down, and that's why I did this thing.

Q. Did you explain the reason you requested leave?
A. I did explain it.

Q. Did they give you a reason for turning down your leave?
A. Yes.

Q. Could you tell us what they said, was the reason for denying your leave?
A. They told me that, I had to wait, until the situation becomes more serious than ever. If it was more serious they will let me.

Q. You mentioned you were married?
A. Yes.

Q. Do you have any children?
A. No.

18

77

Q.  What medals are you entitled to wear?
A.  National Defense Service Medal.

Q.  Approximately how much money do you get each month in your
paycheck, that is after the taxes are taken out?
A.  About $330.00.

Q.  What do you do with this money?
A.  I send $150.00 to my mother, and the others.  The other I keep for
my personal expenses.

Q.  Does it all go to just personal expenses?
A.  Including my miscellaneous, all my clothing, food, and all the things.

Q.  Do you realize that going UA was wrong?
A.  Yes.

DC:  I have no further questions, at this time, Your Honor.

MJ:  All right.  Cross-examine.

CROSS-EXAMINATION

TC:  Thank you, Your Honor.

Questions by the prosecution:

Q.  Seaman Recruit Mortega, how long have these personal problems
been going on?
A.  Ever since I was in the Navy.

Q.  Then these problems were taking place prior to October of 1975?
A.  Yes.

Q.  And, you say you did request leave from USS MANLEY?
A.  Yes.

Q.  How many times did you request leave?
A.  I request for one going home here.

Q.  You only asked once?
A.  I requested once, yes.

Q.  And, that request was denied?
A.  Yes.

Q.  Are you saying then, that the USS MANLEY, never gave you leave
to go home due to these personal problems?
A.  No.

TC:  Your Honor, at this time, I'd like to have two exhibits marked---

MJ:  Well, you can deal with that in a moment counsel, do you have other
questions of the witness, or are you attempting to have these document----

TC:  Your Honor----

MJ:  Documents identified by the witness?

TC:  Yes, Your Honor.  I'd like to first have the witness identify them and
then question him based on these.

19

00078

MJ: All right, you may have them marked then.

The reporter marked Prosecution Exhibits 2 and 3 for identification.

Q. Seaman Recruit Mortega, I show you what has been marked----

DC: Before you show them to the witness, I'd like to examine those.

TC: Your Honor, the government has not offered these into evidence yet, we're merely attempting to have these items identified.

MJ: All right. Well, at this particular point, you may show them to the witness, and see if he can identify them.

TC: Thank you, Your Honor.

Q. Seaman Recruit Mortega, I show you now what has been marked as Prosecution Exhibits 2 and 3 for identification, and ask you first if you can identify Prosecution Exhibit 2?
A. (Looking at documents) Yes, sir.

Q. Would you tell the court what it is, please?
A. It is a message.

Q. Have you seen that message before?
A. Yes.

Q. I am showing you now what has been marked as Prosecution Exhibit 3 for identifidation, and ask you, if you can identify that?
A. Yes.

Q. Could you tell the court what it is?
A. It is another message.

Q. Have you seen that before?
A. Yes.

Q. (Lengthy pause) (Showing documents to the defense)

DC: No objection.

Q. Seaman Recruit Mortega, I would again ask you, whether or not you were given leave by the USS MANLEY, to go home and deal with your personal problems?
A. Personal problems, yes, sir.

Q. So, you were given leave?
A. Given leave to get married.

Q. Showing you again what has been marked as Prosecution Exhibit 2 for identification, would you tell the court, who submitted that message, and to whom?
A. (Pause) This is to our ship, the USS MANLEY.

Q. And, who wrote that message?  Who authored that message?
A. I wrote it.

Q. And, would you tell the court, what the contents of the message?
A. This is the extension of my leave of getting married.

20

Q. And, did you request leave for any other purpose, besides getting married?
A. Yes.

Q. What was that purpose?
A. This is the purpose of the seriousness of my family problems.

Q. Isn't it true that you indicate in that message, that you were going to attack those family problems at that time?
A. This is message for getting married here.

TC: Your Honor, I'd ask that the response be stricken, since it is not responsive to the question.

MJ: Motion is denied.

Q. Seaman Recruit Mortega, once again, I am again asking, whether or not, in that message you indicated that you were intending to tend to family problems, along with getting married?
A. Statement, will attend.

Q. And, is that not an indication that you were intending to tend to family problems at the same time?
A. Yes, but, the problem at that time is not particularly on this. The problem is for getting married, that was personal.

Q. I am showing you what has been marked as Prosecution Exhibit 3 for identification, and ask if you could describe the contents of that message for the court?
A. It is a message to the USS MANLEY again, from the USS MANLEY.

Q. To whom?
A. To me.

Q. And, what does the message state?
A. It is an extension of my leave, for getting married.

TC: May I retrieve the exhibit, Your Honor?

MJ: Yes.

TC: I have no further questions of this witness, Your Honor. Would the court entertain the offering of the exhibits at this time?    *RBA*

MJ: Yes, counsel. Does the prosecution desire to offer Prosecution Exhibits 2 and 3 into evidence?

TC: Yes, Your Honor, and ask that the words, "for identification," be deleted, and true copies be inserted, or copies would not be necessary. I show them now to defense counsel for possible objection.

DC: No objection, Your Honor.

MJ: All right, may I see the documents please? (Trial counsel handing documents to the military judge). All right, Prosecution Exhibits 2 and 3 are admitted into evidence.

TC: Thank you, Your Honor, I have nothing further.

00680

80

MJ:  Redirect?

DC:  Yes, Your Honor.

REDIRECT EXAMINATION

Questions by the defense:

Q.  Seaman Recruit Mortega, you indicated on direct examination, that you discovered these problems a few months before your UA began.  I ask you again, did you discover these problems while you were home to get married?
A.  (Nodding in the affirmative) Yes.

Q.  And, when you said, you had only requested leave once from the MANLEY, were you referring to requesting leave for the family problems?
A.  Yes.

DC:  No further questions, Your Honor.

MJ:  All right.

TC:  Nothing further, Your Honor.

MJ:  Seaman Recruit Mortega, you may resume your seat.

The witness resumed his seat at the counsel table.

MJ:  Defense counsel?

DC:  I am sorry, Your Honor.  The defense has nothing more to offer at this time, and the defense is ready to proceed with argument unless the prosecution has something in rebuttal.

RSA  MJ:  Any rebuttal?

TC:  The prosecution has nothing in rebuttal, and is prepared to argue.

MJ:  All right.  I'll hear the arguments of counsel.

TC:  Your Honor, the government will waive opening argument.

MJ:  All right, defense counsel?

DC:  Yes, Your Honor, thank you.  Your Honor, Seaman Recruit Mortega, from his testimony has indicated that he is a man who is devoted to his family.  Devoted to his mother, and to the betterment of his brothers RSA and sisters.  He has testified that he, one of ten children at home.

He has further testified that the primary factor that moved him to go UA, was a deep concern for the problems that were occurring at home, and they had not gotten better since he had been home on leave, to get married. We have had no evidence of any prior offenses, neither in civilian or military life.  His UA was for two months, 19 days and 8 hours.  We agree it was a UA, of some length.  However, it is mitigated by the fact that he surrendered, he voluntarily returned, on the 20th of February.  Surrendering here at Subic Naval Base from Quezon City.  Since his return, he has not been restricted.  He has not been confined.  He has virtually no restraint on him whatsoever.  And, yet inspite of this, he has had no UAs, no missed musters, no additional disciplinary infractions.

22

00081

From his testimony he has indicated, that he realized that what he did
was wrong. The defense has offered a total of five exhibits into
evidence. Defense Exhibit A indicates that he is a Category III recruit,
of average to low average intelligence, with a GCT/ARI combination of
48 and 30, respectively. He is married, supporting his wife, and in
addition to that, further evidence of his diversion and concern for his
family, providing additional support to his parents in the amount of $150.00
of his $330.00 each month.

Defense Exhibits C and D, indicate that he has had good marks, and
very favorable comments regarding his performance, while he has been
on active duty. Defense Exhibit E is offered for the purpose of showing
that he is qualified at a job that is very difficult, and often times
not wanted, by many men in the Navy. That of Damage Control Petty Officer.

It is offered to indicate that many requirements, or practical factors
that were required prior to receiving that specialty qualification.

Your Honor, the accused has attempted to be very open, and frank with
the court. He tried to explain very fully all of his actions, and has
tried to give the court the entire story from his personal situation, and
the reason for him going UA, in the hopes that he can receive an appropriate
sentence from the court. Thank you.

MJ: Any rebuttal?

TC: Your Honor, the defense argues that the accused is devoted to
his family. The government would inquire as to whether he is devoted
to the Navy. The length of the absence indicates that perhaps, he is
not as devoted to the Navy, as he ought to be. Furthermore, testimony
would have led the court to believe that he has never been given
an opportunity by the Navy, to settle his family problems. However,
government exhibits 2 and 3, Your Honor, the government submits, negate
this.

They indicate that he had been given the opportunity through extension
of his leave, to take care of these matters. The government believes that
the length of the UA dictates a substantial punishment in this case, in
order to avoid a situation, where personnel in the Navy believe that they
can tend to their family problems and be given a lenient hand without having
first sought authority from the Navy. The Navy cannot afford to have his--
its personnel just running off at will.

In summation, Your Honor, the government would ask whether or not the
accused has demonstrated whether he really is devoted to the Navy. Two, *RBA*
whether or not he has been fully honest with the court, and three, whether *RBA*
or not, the court can give anything else but substantial confinement *RBA*
in response to the offense of the accused.

MJ: Anything further by either side?

DC: Nothing further, Your Honor.

TC: Nothing further.

MJ: The court will be closed.

00082

92

The court closed at 1756 hours, 13 April 1976.

The court opened at 1812 hours, 13 April 1976.

MJ: The court will come to order.

TC: Your Honor, let the record reflect that all parties present when the court last recessed are now present.

MJ: All right. May I ask that the accused and his counsel please' rise (accused and counsel standing). Seaman Recruit Benicio A. Mortega, United States Navy, it is my duty as military judge of this court to inform you, that this court sentences you:

> "to be discharged from the service with
> a bad conduct discharge."

MJ: Please be seated. At arriving at its sentence, Seaman Recruit Mortega, the court considered your pleas of guilty, and your family problems, and responsibilities that gave rise to your unauthorized absence.

Considering your record, the court did not believe that confinement at hard labor, or forfeitures of pay would serve a useful purpose in your case. However, the court deems the offense of which you stand convicted to be a serious one. You were gone for a prolonged period. And, to bring home to you the seriousness of that offense, the court has adjudged a punitive discharge.

Now, the court is going to recommend to the convening authority in this case, that he consider suspending your bad conduct discharge for a period of one year. During that period of suspension, it will give you an opportunity to return to duty and to continue to perform your military duties, in a manner which are a credit to you and the Navy. In other words, this is an opportunity for you to return to duty. The court only hopes that you take that opportunity, if the convening authority sees fit to suspend your bad conduct discharge.

MJ: Trial counsel, do you have any other cases to try at this time?

TC: No, Your Honor.

MJ: Then the court will stand adjourned to meet at my future call. The court is adjourned.

The court adjourned at 1814 hours, 13 April 1976.

00083

AUTHENTICATION OF THE RECORD OF TRIAL

in the case of

Seaman Recruit Benicio A. Mortega, U. S. Navy

JEAN E. VAN SLATE, CDR, JAGC, USN
MILITARY JUDGE

26 April , 1976.

The Defense Counsel has not examined the original record of trial. He
has been notified this date that the record in the foregoing case has
been authenticated and he has been advised that a corrected copy of the
record is available for his viewing in the files of the Naval Legal Service
Office, Subic Bay.

ROGER B. ATKINS, LT, JAGC, USNR
TRIAL COUNSEL

28 APRIL , 1976.

25

00084

UNITED STATES NAVAL STATION
Subic Bay, Philippines

62:VW:rr
5814
Ser 1986
4 MAY 1976

In the foregoing special court-martial case of Seaman Recruit Benicio A. MORTEGA, U. S. Navy, the sentence is approved. The accused will be retained in this command pending review of the case by the supervisory and appellate authorities.

The recommendation of the military judge has been considered.

Synopsis of the accused's prior conduct as required by Section 0123c, JAGMAN:

PREVIOUS CONVICTIONS:  None.

PRIOR NONJUDICIAL PUNISHMENT:

31 OCT 75 – Awarded restriction to the ship for thirty days, extra duties for thirty days, forfeiture of $150.00 pay per month for one month, and reduction to pay grade of E-1, for one specification of unauthorized absence from 0730, 10 October 1975 to 1000, 21 October 1975, in violation of the Uniform Code of Military Justice, Article 86; and one specification of missing ship's movement, in violation of the Uniform Code of Military Justice, Article 87.

The accused is entitled to wear the National Defense Service Medal.

The record of trial is forwarded to Commander U. S. Naval Base, Subic Bay, Philippines, for action under Article 65(b), UCMJ.

A. S. MOREAU, JR.
Captain, U. S. Navy
Commanding Officer, U. S. Naval Station
Subic Bay, Philippines

00085

COMMANDER U. S. NAVAL BASE
Box 1
FPO San Francisco, California 96651

N6:CLC:ah
5814-2
26 MAY 1976

In the Special Court-Martial case of Seaman Recruit (E-1) Benicio A. MORTEGA, 567 29 3974, U. S. Navy, tried on 13 April 1976, the sentence, as approved by the Convening Authority, is approved. The accused will be retained at U. S. Naval Station, Subic Bay, Philippines, pending appellate review.

The recommendation of the military judge has been considered.

The record of trial has been reviewed in accordance with Article 65(b), UCMJ. It will be forwarded to the Navy Appellate Review Activity, Office of the Judge Advocate General, Washington Navy Yard, Washington, D.C., 20390, for review by the Navy Court of Military Review.

T. J. KILCLINE
Rear Admiral, U. S. Navy
Commander U. S. Naval Base
Subic Bay, Philippines

NAVY OCCUPATION/TRAINING
AND AWARDS HISTORY

MAY 74

*See Art. B-2305, BuPers Manual

CONTINUOUS ACTIVE DUTY DATE:

## 1. NAVY ENLISTED CLASSIFICATION RECORD

| DATE | PRIMARY CODE | SECONDARY CODE | *OFFICER'S INITIALS |
|------|--------------|----------------|---------------------|
| 14AUG74 | 9780 | 9900 | P |
| | DIAI21OM SCHOOL COLLEGE | | |

## 2. DESIGNATOR RECORD

| DATE | DESIGNATOR | QUALIFICATION OR REVOCATION | *OFFICER'S INITIALS |
|------|-----------|------------------------------|---------------------|
| | | | |

## 3. GENERAL EDUCATIONAL DEVELOPING TESTING RECORD

| | HIGH SCHOOL GRADUATION (In-Service Equivalent) | | NAME & LOCATION OF HIGH SCHOOL |
|---|---|---|---|
| GED TESTS | DATE PASSED | OFF. INITIALS | |
| CC TESTS GEN EXAMS | ONE YEAR COLLEGE (In-Service Equivalent) | | |
| | DATE PASSED | OFF. INITIALS | DATE OF DIPLOMA | OFF. INITIALS |

## 4. RECORD OF NAVY SERVICE SCHOOLS ATTENDED (CLASS A, B, C, P AND FUNCTIONAL SCHOOLS)

| COURSE TITLE AND SCHOOL LOCATION | COURSE TITLE AND SCHOOL LOCATION |
|---|---|
| EARNED NEC / COURSE LENGTH / DATE ENROLLED | EARNED NEC / COURSE LENGTH / DATE ENROLLED |
| DATE COMPLETED / FINAL MARK (00-99) (63 passing) / CLASS STANDING ___ in a class of ___ | DATE COMPLETED / FINAL MARK (00-99) (63 passing) / CLASS STANDING ___ in a class of ___ |
| MANNER OF COMPLETION ☐ GRADUATED ☐ DROPPED FOR | MANNER OF COMPLETION ☐ GRADUATED ☐ DROPPED FOR |
| SIGNATURE* | SIGNATURE* |

NAME (Last, First, Middle): MORTEGA BENICIO AGUILA    C161    BRANCH AND CLASS: USN    SOCIAL SECURITY NO.: 7567293874

NAVY OCCUPATION/TRAINING AND AWARDS HISTORY   NAVPERS 1070/85 REV. 6/72)

PE 1 FOR I D

A TRUE COPY, ATTEST:

_Roger Bryan Atkins_

TRIAL COUNSEL

ROGER BRYAN ATKINS
LT JAGC, USNR

PROSECUTION EXHIBIT   1

00087

97

| 5. TRAINING COURSES COMPLETED | | | 6. PRACTICAL FACTORS/ PERFORMANCE TESTS | | | 7. ADVANCEMENT, REDUCTION OR CHANGE IN RATING | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| DESCRIPTION OF COURSE, RATE OR NAVPERS NUMBER | DATE COMPLETED | OFF. INIT. | DESCRIPTION | DATE COMPLETED | LIFE. INIT. | RATE ADVANCED, REDUCED OR CHANGED | EFFECTIVE DATE | TIME IN RATE COMPUTED FROM | OFF. INIT. | |
| | | | PF/PT E-2 | 14MAY74 | | SR   SA | 28SEP74 | 28SEP74 | HAB | |
| | | | | | | SA   SR | 31OCT75 | 31OCT75 | HSM | |

| 8. RECORD OF OFF-DUTY STUDY (USAFI Courses, Etc.) | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| DATE COMPLETED | NUMBER AND TITLE OF COURSE OR TEST | SCHOOL | GRADE | OFF. INIT. | DATE COMPLETED | NUMBER AND TITLE OF COURSE OR TEST | SCHOOL | GRADE | OFF. INIT. |
| | | | | | | | | |

| 9. GOOD CONDUCT AWARDS | | | 10. DECORATIONS, UNIT, AND MARKSMANSHIP AWARDS | | | |
|---|---|---|---|---|---|---|
| AWARD NUMBER | DATE EARNED | OFF. INIT. | AWARD | ACTIVITY | DATE OF AWARD | OFF. INIT. |
| | | | | | | |

| 11. CAMPAIGN/SERVICE AND OTHER AWARDS | | | | | |
|---|---|---|---|---|---|
| AWARD | ENGAGEMENT(S) | OFF. INIT. | AWARD | ENGAGEMENT(S) | OFF. INIT. |
| NATIONAL DEFENSE SERVICE MEDAL | ISSUED AT NTC SAN DIEGO | | | | |

| 12. RECORD OF MAINTENANCE AND/OR TECHNICAL QUALIFICATIONS (Include significant Fleet or Shore Base short-term Instruction) | | | | |
|---|---|---|---|---|
| DATE COMPLETED | TYPE OR EQUIPMENT AND/OR INSTRUCTION | DURATION | LOCATION | OFF. INIT. |
| 14AUG74 | DEFENSIVE DRIVING COURSE | 4 HRS. | RTC, NTC, SDIEGO, CALIF. | |
| 13JAN75 | DIVISION DAMAGE CONTROL PETTY OFFICER | | USS MANLEY DD940 | HAR |

NAVPERS 1070/35 (REV. 6/72)                                                        8-6742

A TRUE COPY, ATTEST.

*Roger Bryan Atkins*

TRIAL COUNSEL
ROGER BRYAN ATKINS
LT JAGC, USNR

PROSECUTION EXHIBIT     1

00088

83



```
NNNNPTTUZYUW RUECSAA0050 2680303-UUUU--RUEONUA.
ZNR UUUUU
P 250303Z SEP 75
FM NAVCOMMU WASHINGTON CHELTENHAM MD
TO USS MANLEY
BT
UNCLAS//N 00000//NAVCOMMU WASHDC NOT ORIG FOL RECD VIA ITT
QUEZONCITY PHILS 25
PLEASE EXTEND MY LEAVE TO OCTOBER 20, 1975
DEFINITELY GETTING MARRIED OCTOBER 5, 1975 WILL
ATTEND SERIOUS FAMILY PROBLEMS
     RESPECTFULLY
     SA BENICIO A. MORTEGA
     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, USN
BT
#0050    NRT    RO    SLOT
         15     28    54
```

A TRUE COPY. ATTEST:

*Roger Bryan Atkins*

TRIAL COUNSEL
ROGER BRYAN ATKINS
LT JAGG, USNR

PE 2 FOR ID

PROSECUTION EXHIBIT 2

00089

89

```
ZNR UUUUU
R 261444Z SEP 75
FM USS MANLEY
TO AMCROSS WASHINGTON DC
BT
UNCLAS
PASS TO MANDALUYONG, RIZAL, PHILLIPINES CHAPTER
SA BENICIO A. MORTEGA, USN, 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
A. NAVCOMMU WASHINGTON DC 250303Z SEP 75
1. IN RESPONSE REF (A) INFORM SNM LEAVE EXTENDED TO EXPIRE
10 OCT 75.
2. SNM ADDRESS FOLLOWS:
   56-D M. YULO ST.
   MANDALUYONG, RIZAL, PHILLIPINES
BT
```

PE 3

A TRUE COPY: ATTEST

TRIAL COUNSEL
ROGER BRYAN ATKINS
LT JAGC, USNR

PROSECUTION EXHIBIT 3

90

EXEMPT REPORT

## ENLISTED CLASSIFICATION RECORD

| LAST NAME | (First) | (Middle) | SERVICE NO. | RATE | CLASS | CO. NO. | D. O. T. OCCUP. CO. |
|---|---|---|---|---|---|---|---|
| MORTEGA | BENICIO | AGUILAR | 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 | SR | 11 | 161 | 000,000 |

| YR. BIRTH | GCT | ARI | MECH | CLER | BTB FORM | SCHAR | RADIO | ETST | | | | TEST SCORE PROFILE | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 48 | 48 | 30 | 35 | 51 | 8 | – | – | 22 | | | GCT | ARI | MECH | CLER |

| SPECIAL TEST SCORES | | | | | HIGH | 1 | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| NAME | FORM | DATE | SCORE | | | 2 | | | | |
| Shop Practices | | | 40 | | AVER | 3 | X | | | X |
| | | | | | | 4 | | | X | |
| | | | | | LOW | 5 | | X | | |

| MOST SIGNIFICANT EDUCATION | DATES | YEARS EDUCATION | DEGREE | NAME OF COLLEGE OR UNIVERSITY |
|---|---|---|---|---|
| College | 7/66–11/68 | 14 | HS | University of Santo Tomas, Manila, Philippines |

| MAJOR COURSES | | SPECIAL STUDIES | ALG.-GEOM. | TRIG. | PHYS. | TYPING | SHORTH. |
|---|---|---|---|---|---|---|---|
| English (25SH) | | HIGH SCH. | 3 | – | 1 | | WPM |
| SPECIALIZED TRAINING (Vocational, trade school, business) | | COLLEGE | 1 | – | – | | WPM |

–*Not matriculated for a full curriculum. Attended school in the Philippines.
School grades completed converted to U. S. School system.

| LEISURE TIME ACTIVITIES | SPORTS IN WHICH QUALIFIED |
|---|---|
| | |

| TALENT FOR PUBLIC ENTERTAINMENT | HIGHEST POSITION OF LEADERSHIP |
|---|---|
| | |

| MAIN CIVILIAN OCCUPATION (D. O. T. TITLE) | EMPLOYER'S NAME |
|---|---|
| STUDENT | |

| LOCATION | YRS. SERVICE | WKLY. WAGE | TRADE TEST NAME | SCORE |
|---|---|---|---|---|
| | | $ | | |

DUTIES, SKILLS, MACHINES

| SECOND BEST OCCUPATION (D. O. T. TITLE) | EMPLOYER'S NAME |
|---|---|
| – | |

| LOCATION | YRS. SERVICE | WKLY. WAGE | TRADE TEST NAME | SCORE |
|---|---|---|---|---|
| | | $ | | |

DUTIES, SKILLS, MACHINES

OTHER WORK EXPERIENCE

| RIGHT EYE | | LEFT EYE | | RIGHT HANDED | LEFT HANDED | QUALIFIED SWIMMER | QUALIFIED FOR | NOT QUALIFIED FOR |
|---|---|---|---|---|---|---|---|---|
| 20/100 | 20/20 | 20/100 | 20/20 | X | | CLASS III | | |

| CODED RECOMMENDATIONS | REMARKS |
|---|---|
| SK-DK-SH | Wood Shop 1 yr., Biology 1 yr. |
| RECOMMENDED TO STRIKE FOR | HS: Psychology 5SH, Col. |
| Administrative Specialist and Clerk Ratings | |

| PREPARING ACTIVITY | I VOLUNTEER FOR | INITIALS |
|---|---|---|
| NTC, San Diego, California | | |

| INTERVIEWEE'S SIGNATURE | VERIFIED: | DATE |
|---|---|---|
| *Benicio Aguilar Mortega* BENICIO AGUILAR MORTEGA | *P. M. Javier* P. M. JAVIER, PN1, USN | 6/24/ |

ENLISTED CLASSIFICATION RECORD     NAVPERS-601-5 (REV. 4-59) S/N 0106-006-1300     DEA ~~FOR ID~~

A TRUE COPY, ATTEST:

*Roger Bryan Atkins*

TRIAL COUNSEL
ROGER BRYAN ATKINS
LT JAGC, USNR

DEFENSE EXHIBIT ___A___

00091

91

DEPENDENCY APPLICATION / RECORD OF EMERGENCY

| 1. UNIT I.D. 31993 | 2. SHIP OR STATION NAVSTA RECRUIT SUBIC BAY | 3. | 4. |
|---|---|---|---|

| 5. NAME OF SPOUSE JOCELYN BAUTISTA MORTEGA | 6. DATE OF BIRTH OF SPOUSE 49SEP03 | 7. RELATIONSHIP WIFE |
|---|---|---|

| 8. PLACE OF MARRIAGE (CITY & STATE OR COUNTRY) KAWIT, CAVITE, PHILIPPINES | 9. DATE MARRIED 75OCT05 | 10. CITIZENSHIP OF SPOUSE FILIPINO |
|---|---|---|

| 11. ADDRESS OF SPOUSE NO. 949 PANAMITAN, KAWIT, CAVITE, R.P. | 12. DEP YES |
|---|---|

| 13. NAME OF CHILD OR DEPENDENT | 14. DATE OF BIRTH | 15. RELATIONSHIP |
|---|---|---|
| 16. ADDRESS (INCLUDE NAME OF CUSTODIAN IF OTHER THAN CLAIMANT) | | 17. DEP |
| 18. NAME OF CHILD OR DEPENDENT | 19. DATE OF BIRTH | 20. RELATIONSHIP |
| 21. ADDRESS (INCLUDE NAME OF CUSTODIAN IF OTHER THAN CLAIMANT) | | 22. DEP |
| 23. NAME OF CHILD OR DEPENDENT | 24. DATE OF BIRTH | 25. RELATIONSHIP |
| 26. ADDRESS (INCLUDE NAME OF CUSTODIAN IF OTHER THAN CLAIMANT) | | 27. DEP |
| 28. NAME OF CHILD OR DEPENDENT | 29. DATE OF BIRTH | 30. RELATIONSHIP |
| 31. ADDRESS (INCLUDE NAME OF CUSTODIAN IF OTHER THAN CLAIMANT) | | 32. DEP |

| 33. NAME OF FATHER TEOTINO RABULAN MORTEGA |
|---|
| 34. ADDRESS OF FATHER (SEE SPECIAL INSTRUCTIONS BEFORE COMPLETING BLOCK 35) LIBON, ALBAY, R.P. | 35. DEP NO |

| 36. NAME OF MOTHER ADELINA DELA TORRE (AGUILAR) MORTEGA |
|---|
| 37. ADDRESS OF MOTHER (SEE SPECIAL INSTRUCTIONS BEFORE COMPLETING BLOCK 38) LIBON, ALBAY, R.P. | 38. DEP NO |

| 39. WERE YOU PREVIOUSLY MARRIED? [ ] YES [X] NO | 40. PRIOR MARRIAGE DISSOLVED BY [ ] DEATH [ ] ANNULMENT [ ] DIVORCE | 41. DATE | 42. PLACE (CITY & STATE OR COUNTRY) |
|---|---|---|---|
| 43. WAS SPOUSE PREVIOUSLY MARRIED? [ ] YES [X] NO | 44. PRIOR MARRIAGE DISSOLVED BY [ ] DEATH [ ] ANNULMENT [ ] DIVORCE | 45. DATE | 46. PLACE (CITY & STATE OR COUNTRY) |

| 47. OTHER | 48. | 49. RELATIONSHIP |
|---|---|---|

| 50. NEXT OF KIN OF SPOUSE (NOT HUSBAND, WIFE OR MINOR CHILD) DINDO O. BAUTISTA | 51. ADDRESS 949 PANAMITAN, KAWIT, CAVITE, RP | 52. RELATIONSHIP BROTHER |
|---|---|---|
| 53. BENEFICIARY(S) FOR UNPAID PAY AND ALLOWANCES JOCELYN B. MORTEGA | 54. ADDRESS 949 PANAMITAN, KAWIT CAVITE, R.P. | 55. RELATIONSHIP WIFE | 56. % 100 |
| 57. PERSON TO RECEIVE ALLOTMENT IF IN A MISSING STATUS, SUBJECT TO SECNAV DETERMINATION JOCELYN B. MORTEGA | 58. ADDRESS SAME AS IN BLOCK NO. 54 | 59. % 100 | |
| 60. BENEFICIARY (S) FOR GRATUITY PAY (NO SPOUSE OR CHILD SURVIVING) ADELINA A. MORTEGA | 61. ADDRESS LIBON, ALBAY, R.P. | 62. RELATIONSHIP MOTHER | 63. % 100 |
| 64. LIFE INSURANCE DATA (NAME OF CO) (DO NOT INCLUDE SGLI) | 65. POLICY NUMBER | | |

| 67. RELIGION ROMAN CATHOLIC | 68. 1 | 69. 75OCT05 | 70. RANK / RATE SA | 71. PAGE | 72. OF PAGES |
|---|---|---|---|---|---|
| 73. NAME OF DESIGNATOR (LAST, FIRST, MIDDLE) MORTEGA, TEOFILO AGUILAR | 74. SSN 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 | 75. USN [X] | 76. USNR |

NAVPERS 1070/602 (Rev. 7-73)    S/N 0106-010-6022                    PART II                    DEB ~~FORCED~~                    SERVICE RECORD (1

A TRUE COPY, ATTEST:

*[signature]*

TRIAL COUNSEL
BRYAN ATKIN

DEFENSE EXHIBIT ___B___

REPORT OF ENLISTED PERFORMANCE EVALUATION
NAVPERS 1616/3 (10-73) (formerly NAVPERS 792)

| | | 02 MAR 75 | 01 SEP 75 |

**MORTEGA, Benicio A.** | 567293874 | SA | **USS MANLEY (DD 940)**

INSTRUCTIONS

Clerk typist assigned to the Personnel Office.  Performs routine servi
record maintenance.  Types leave papers, orders, daily muster report a
the ship's Plan of the Day.  Supply PN.  Stands Duty YN and Messenger
the Watch.

SA MORTEGA is an effective worker who requires occasional supervision
in the performance of his assigned tasks.  This is largely due to the
fact that he does not have the benefit of Class "A" school.  He has be
progressing slowly, but is expected that his abilities will continue t
improve.  SA MORTEGA willingly follows commands given to him.  He is
neat in appearance, both in uniform and in civilian attire.  He gets
along very well with other crewmembers as well as with his Greek frien
He contributes to good morale within the division.

| | |
|---|---|
| X SEMI-ANNUAL  ☐ TRANSFER  ☐ OTHER | 01 SEP 75 | R. R. PASSARELLA, LCDR,

EXECUTIVE OFFICER
DEC  FOR EA

A TRUE COPY.  ATTEST:

TRIAL COUNSEL
BRYAN ATKIN

DEFENSE EXHIBIT    C

00093

69

43

REPORT OF ENLISTED PERFORMANCE E...UATION
NAVPERS 792 (Rev. 6-65)
S/N 0106-007-8920

| | | OF REPORT | |
|---|---|---|---|
| | | 02 SEP 74 To 01 MAR 75 | |

| NAME (Last, First, Middle) | SERVICE NO. | RATE ABB. | PRESENT SHIP OR STATION |
|---|---|---|---|
| MORTEGA, Benicio Aguilar | 56729387 | SA | USS MANLEY (DD 940) |

**INSTRUCTIONS**

1. For each trait, evaluate the man on his actual observed performance. If performance was not observed, check the "Not Observed" box.
2. Compare him with others of the same rate.
3. If the major portion of his work has been outside his rate or pay grade during this reporting period, evaluate him on what he did. Describe what he did in the "Comments" section.
4. Pick the phrase which best fits the man in each trait and check left or right box under it. (Left box is more favorable.)

**1. PROFESSIONAL PERFORMANCE:** His skill and efficiency in performing assigned duties (except SUPERVISORY)

| NOT OBSERVED | Extremely effective and reliable. Works well on his own. | Highly effective and reliable. Needs only limited supervision. | Effective and reliable. Needs occasional supervision. | Adequate, but needs routine supervision. | Inadequate. Needs constant supervision. |
|---|---|---|---|---|---|
| ☐ | * | | X | * | * |

**2. MILITARY BEHAVIOR:** How well he accepts authority and conforms to standards of military behavior.

| NOT OBSERVED | Always acts in the highest traditions of the Navy. | Willingly follows commands and regulations. | Conforms to Navy standards. | Usually obeys commands and regulations. Occasionally lax. | Dislikes and flouts authority. Uncooperative. |
|---|---|---|---|---|---|
| ☐ | * | X | | * | * |

**3. LEADERSHIP AND SUPERVISORY ABILITY:** His ability to plan and assign work to others and effectively direct their activities.

| NOT OBSERVED | Gets the most out of his own. | Handles men very effectively. | Gets good results from his men. | Usually gets adequate results. | Poor supervisor. |
|---|---|---|---|---|---|
| X | * | | | | |

**4. MILITARY APPEARANCE:** His military appearance and neatness in person and dress.

| NOT OBSERVED | Impressive. Wears Naval uniform with great pride. | Smart. Neat and correct in appearance. | Conforms to Navy standards of appearance. | Passable. Sometimes careless in appearance. | No credit to the Naval Service. |
|---|---|---|---|---|---|
| ☐ | * | X | | * | * |

**5. ADAPTABILITY:** How well he gets along and works with others.

| NOT OBSERVED | Gets along exceptionally well. Promotes good morale. | Gets along very well with others. Contributes to good morale. | A good shipmate. Helps morale. | Gets along adequately with others. | A misfit. |
|---|---|---|---|---|---|
| ☐ | * | X | | | * |

**6. DESCRIPTION OF ASSIGNED TASKS**

Clerk typist assigned to the Personnel Office. Performs routine mainten-ance on enlisted service records. Types the daily muster report, various administrative forms, leave papers, orders and the ship's Plan of the Day Stands Duty Yeoman and Messenger of the Watch.

**7. EVALUATION OF PERFORMANCE** (E-5 and above include comment on ability in self expression and command, orally and in writing, of the English language)

Although new to the PN field, SA MORTEGA performs his assigned duties in an effective manner. Without the benefit of PN "A" School, SA MORTEGA needs occasional supervision in completing his assigned tasks. SA MORTEGA learns easily, but has a little trouble retaining all the information due to his limited experience. He willingly follows orders and commands with-out complaint. His appearance, both on duty and off, conforms to Navy Standards and COMDESRON 12 in regards to civilian attire. SA MORTEGA get along very well with all personnel and contributes to the morale of the division. SA MORTEGA has exhibited the potential of being a highly skill Personnelman and a credit to the Navy.

**8. THESE ITEMS MUST BE JUSTIFIED BY COMMENTS IN ADDITION TO THOSE IN ITEM 7 ABOVE.**

| 9. REASON FOR REPORTING | 10. DATE | 11. SIGNATURE OF REPORTING SENIOR |
|---|---|---|
| ☒ SEMIANNUAL ☐ TRANSFER ☐ OTHER | 01 MAR 75 | E. H. BLACK, LCDR, USN |
| | | EXECUTIVE OFFICER |

A TRUE COPY. ATTEST:

TRIAL COUNSEL
ROGER BRYAN ATKINS
LT JAGC, USNR

DEFENSE EXHIBIT _D_

00094

94

NAVPERS 94119-2Q1A

FINAL QUALIFICATION AS
DIVISION DAMAGE CONTROL PETTY OFFICER

NAME __MORTEGA, Benicio A._____ RATE __SA__

These Qualification Cards are to be used as a record of satisfac-
tory completion of the designated sections of the Qualification
Standard. Only specifically designated supervisors may signify
completion of the applicable sections of the Qualification Standard
by either written and/or oral examination, or by observing the
performance and discussing designated evolutions. The examination
or check-out need not cover every item indicated in the Qualification
Standard, but a sufficient number should be covered to demonstrate
the examinee's knowledge. If the Supervisor "gives away" his sig-
nature too easily, he can expect unnecessary difficulties in future
routine operations.

If the trainee attends the appropriate shore-based school, select-
ed items may be signed off at the school. However, in all cases,
the responsibility for final qualification rests with the ship or
shore team, with each trainee demonstrating knowledge of and
proficiency on the equipment as it is installed in his own ship or
shore installation. When the trainee arrives on board his ship or
shore installation and discovers the installation does not have
some of the system components of the complete systems as indicated
in his Qualification Standard, the requirements of the standard are
to be disregarded.

These Qualification Cards are working documents to be carried and
safeguarded by the above individual during his training so that he
will at all times be aware of the tasks remaining to be completed.

QUALIFICATION

Having observed __S A    MORTEGA__
                    (Name/Rank/Rate)
performing on watch, on station, and having examined him either
orally or by written examination in the subjects listed in the
Qualification Standard and found his performance to be satisfactory,
it is recommended that he be designated a qualified DIVISION DAMAGE
CONTROL PETTY OFFICER.

RECOMMENDED __R J McN____ PO1__ DATE __1/12/75__
                (Supervisor)

RECOMMENDED _____ DATE __1/12/75__
                (Division Officer)

RECOMMENDED _____ DATE __1/13/75__
                (Department Head)

QUALIFIED _____ DATE __13 JAN 75__
                (Damage Control Officer)

_DEE For TD_  8 Pages

A TRUE COPY. ATTEST:

_Roger Bryan Atkins_

TRIAL COUNSEL
ROGER BRYAN ATKINS
LT JAGC, USNR

DEFENSE EXHIBIT ___E___

00095

<u>DIVISION DAMAGE CONTROL PETTY OFFICER</u>

<u>QUALIFICATION SUMMARY</u>

<u>GENERAL DAMAGE CONTROL REQUIREMENTS</u>

Recommended ~~R.J. McArthur~~ PN1 1/12/75 COMPLETED _____
         (Supervisor/Date)                (Training Officer/Date)

<u>DIVISION DAMAGE CONTROL PETTY OFFICER REQUIREMENTS</u>   14 JAN 75

Recommended ~~R.J. McArthur~~ PN1  1/12/75
         (Supervisor/Date)

Recommended _____ 13 Jan 75 COMPLETED _____
         (Division Officer/Date)              (Damage Control
                                      Officer/Date)

13 JAN 75

2

A TRUE COPY. ATTEST:

ROGER BRYAN ATKINS
LT JAGC, USNR
TRIAL COUNSEL

DEFENSE EXHIBIT _E_

00096

## DIVISION DAMAGE CONTROL PETTY OFFICER

### THEORY AND SYSTEM SUMMARY

| | | SIGNATURE | DATE | POINTS |
|---|---|---|---|---|
| 2101 | Damage Control – General | Clement | 12/30/74 | 10 |
| 2102 | NBC Defense – General | Ricketts | 1/1/74 | 20 |
| 2103 | First Aid and Rescue | A. R. Martinez | 3/10/74 | 15 |
| 2104 | Safety Precautions | D. J. Allen | 12/30/74 | 10 |

### SYSTEMS

| | | | | |
|---|---|---|---|---|
| 2201 | Damage Control Organization System | D. J. Allen | 12/30/74 | 12 |
| 2202 | Shipboard Damage Control Communications System | Ricketts | 1/1/75 | 12 |
| 2203 | Fixed Damage Control Equipment System | Ricketts | 1/1/75 | 15 |
| 2204 | Typical Fire Main System | Ricketts | 1/1/75 | 10 |
| 2205 | Typical Drainage System | Ricketts | 1/1/75 | 10 |
| 2206 | Portable Damage Control Equipment System | Ricketts | 1/1/75 | 10 |
| 2207 | Mechanical Foam Equipment System | Ricketts | 1/1/75 | 13 |
| 2208 | Oxygen Breathing Apparatus (OBA) System | Ricketts | 1/1/74 | 10 |
| 2209 | P-250 Internal Combustion Engine Pump System | Ricketts | 1/1/74 | 15 |
| 2210 | Electrical Submersible Pump System | D. J. Allen | 12/30/74 | 10 |
| 2211 | Personnel Protective Clothing System | D. J. Allen | 12/30/74 | 15 |

Total Points this Page:         187

3

A TRUE COPY.  ATTEST:

*Roger Bryan Atkins*

TRIAL COUNSEL
ROGER BRYAN ATKINS
i T JAGC, USNR

DEFENSE EXHIBIT  *E*

00097

72

97

2401

2401   WATCHSTATION - GENERAL DAMAGE CONTROL REQUIREMENTS

Complete the following system qualifications:

2401.1 Perform the following practical factors: (In accordance with the requirements set forth in 3201.1)

| | | SIGNATURE | DATE | POINTS |
|---|---|---|---|---|
| .11 | Set modified material condition Yoke | | 12/30/74 | 5 |
| .12 | Set material condition Yoke | | | 5 |
| .13 | Set and secure darken ship condition | | | 5 |
| .14 | Obtain, check and don an OBA | | 12/30/74 | 3 |
| .15 | Install canister in OBA | | | 3 |
| .16 | Start and operate OBA | | | 3 |
| .17 | Remove and dispose of canister | | 12/30/74 | 3 |
| .18 | Demonstrate proper securing of ports, hatches, doors, scuttles and deck drains | | 12/30/74 | 5 |
| .19 | Read a pocket dosimeter | | 12/30/74 | 2 |
| .110 | Obtain, check and don a MK V protective mask | | 12/30/74 | 5 |
| .111 | Couple, uncouple and properly stow fire hoses | | 1/26/74 | 4 |
| .112 | Obtain, connect to fire hose and demonstrate use of 1 1/2 and 2 1/2 inch all purpose nozzles | | 8/31/74 | 5 |
| .113 | Obtain, connect and demonstrate use of low velocity fog applicator | | 12/30/74 | 5 |
| .114 | Demonstrate use of CO 2 and dry chemical and water portable fire extinguishers | | 12/30/74 | 5 |
| .115 | Set up a blower for desmoking and supply air | | 1/30/74 | 4 |
| .116 | SEt up, start, operate and secure a P-250 internal combustion engine pump | Rickette | 1/17/76 | 5 |
| .117 | Set up, start, operate and secure an electric submersible pump | | 12/30/74 | 5 |
| .118 | Set up, operate and secure a foam duplex pressure proportioner | | 12/30/74 | 5 |
| .119 | Set up, operate and secure a portable water motor proportioner | | 12/30/74 | 5 |
| .120 | Set up, operate and secure Navy pickup unit nozzle | | 1/30/74 | 5 |

Total points this page:                    87

-5-

A TRUE COPY. ATTEST:

Roger Bryan Atkins

TRIAL COUNSEL
ROGER BRYAN ATKINS
LT JAGC, USNR

DEFENSE EXHIBIT ___E___

00098

2401

| | | SIGNATURE | DATE | POINTS |
|---|---|---|---|---|
| 2401.121 | Operate installed CO 2 system | D J Owen | 12/30/74 | 5 |
| .122 | Operate CO 2 hose reel system | D J Owen | 12/30/74 | 5 |

2401.2 Discuss with a qualified operator the conditions or evolutions listed below: (In accordance with the requirements set forth in 2301.2)

| | | SIGNATURE | DATE | POINTS |
|---|---|---|---|---|
| .21 | Using a MK V protective mask | Clement | 12/30/74 | 2 |
| .22 | Using an OBA | D J Owen | 12/30/74 | 2 |
| .23 | Operating a P-250 internal combustion engine pump | Costel | 1/1/75 | 2 |
| .24 | Operating a submersible pump | D J Owen | 12/30/74 | 2 |

2401.3 Discuss with a qualified operator the following abnormal conditions that could lead to emergencies or casualties: (in accordance with the requirements set forth in 2301.3)

| | | SIGNATURE | DATE | POINTS |
|---|---|---|---|---|
| .31 | Excessive temperatures in your space or adjoining spaces | D J Owen | 12/30/74 | 1 |
| .32 | Improper housekeeping a. Unemptied trash receptacles | D J Owen | 12/30/74 | 1 |
| | b. Presence of flammable trash or materials | D J Owen | 12/30/74 | 1 |
| | c. Dirty vents, screens or filters | D J Owen | 12/30/74 | 1 |
| .33 | Improperly stowed materials or equipment | D J Owen | 12/30/74 | 1 |
| .34 | Violations of material conditions of readiness | D J Owen | 12/30/74 | 1 |
| .35 | Missing, faulty or improperly stowed fire fighting equipment | | 1/30/74 | 1 |
| .36 | Leaking pipes, valves, fitting, plating etc. | D J Owen | 12/30/74 | 1 |
| .37 | Presence of unusual odors or fumes | | | 1 |
| .38 | Frayed or bare electrical wiring or cords | D J Owen | 12/30/74 | 1 |
| .39 | Missing hatch support toggle pins and safety latches | | 12/30/74 | 1 |
| .310 | Unauthorized personnel using or tampering with damage control equipment or devices | | | 1 |

Total Points This Page:    30

- 6 -

A TRUE COPY.   ATTEST:

*Roger Bryan [signature]*

TRIAL COUNSEL
ROGER BRYAN ATKINS

DEFENSE EXHIBIT    E

00099

99

2401

2401.4  Discuss with or perform under the supervision of a qualified operator the following emergencies and/or casualties: ( in accordance with the requirements set forth in 2301.4)

|  |  | SIGNATURE | DATE | POINTS |
|---|---|---|---|---|
| .41 | Class "A" fire | D J Olin | 12/30/74 | 3 |
| .42 | Class "B" fire | D J Olin | 12/30/74 | 3 |
| .43 | Class "C" fire | D J Olin | 12/30/74 | 3 |
| .44 | Class "D" fire | D J Olin | 12/30/74 | 3 |
| .45 | Flooding | D J Olin | 12/30/74 | 3 |
| .46 | Structural damage | D J Olin | 12/30/74 | 3 |
| .47 | General quarters | D J Olin | 12/30/74 | 2 |
| .48 | Man overboard | D J Olin | 12/30/74 | 2 |
| .49 | Abandon Ship | D J Olin | 12/30/74 | 2 |
| .410 | Nuclear, Biological or chemical attack | D J Olin | 12/30/74 | 3 |

2401.5  INFREQUENT and/or ABNORMAL MAINTENANCE OPERATIONS

    a. There are no infrequent and/or abnormal maintenance operations to be discussed.

                  Total points This Page:  29
          Total Points this Watchstation:  333

-7-

A TRUE COPY. ATTEST:

TRIAL COUNSEL

     AN ATKINS

DEFENSE EXHIBIT ___E___

00100

100

2402

## 2402  WATCHSTATION - DIVISION DAMAGE CONTROL PETTY OFFICER REQUIREMENTS

Complete the following watchstation: 2401

Completion of the Damage Control Petty Officer School _____
date/grade

2402.1 Perform the following practical factors: (In accordance with the requirements set forth in 2302.1)

| | | SIGNATURE | DATE | POINTS |
|---|---|---|---|---|
| .11 | Validate compartment check off list | D. J. Allen | 12/30/97 | 10 |
| .12 | Set material condition X-ray, Yoke and Zebra in your assigned spaces and make yoke reports | | 12/30/97 | 5 |
| | | | 12/30/97 | 5 |
| .13 | Inspect access fittings in your assigned spaces | D. J. Allen | 12/30/97 | 10 |
| | | | | 10 |
| .14 | Inspect piping and valves in your assigned spaces | D. J. Allen | 12/30/97 | 8 |
| | | | | 8 |
| .15 | Inspect damage control equipment in your assigned spaces | D. J. Allen | 12/30/97 | 8 |
| | | | | 8 |
| .16 | Inspect your assigned spaces for fire hazards | R.L. | 12/30/97 | 10 |
| | | | | 10 |
| .17 | Inspect and weigh CO2 fire extinguishers in your assigned spaces | R.L. | 12/30/97 | 5 |
| | | | | 5 |
| .18 | Inspect assigned spaces for: a. Cleanliness | R.L. | 12/30/97 | 5 |
| | | | | 5 |
| | b. Preservation | R.L. | 12/30/97 | 5 |
| | | | | 5 |
| | c. Watertight integrity | R.L. | 12/2/97 | 5 |
| | | | | 5 |
| .19 | Submit interdepartmental work request for required maintenance of damage control fittings and equipment | | 11/28 | 3 |
| | | | | 3 |

2402.2 There are no normal operations to be discussed.

2402.3 Discuss with a qualified operator the following abnormal conditions that could lead to emergencies or casualties: (in accordance with the requirements set forth in 2302.3)

Total Points this Page  138

-9-

A TRUE COPY, ATTEST:

TRIAL COUNSEL
ROGER BRYAN ATKINS
LT JAGC, USNR

DEFENSE EXHIBIT  E

00101

2402

| | | SIGNATURE | DATE | POINTS |
|---|---|---|---|---|
| 2402.31 | Inoperable damage control equipment | D. J. Ole | 12/4/79 | 5 |
| .32 | Improper storage of damage control equipment | D. J. Ole | 12/30/79 | 5 |
| .33 | Unsatisfactory cleanliness preservation or watertight integrity of assigned spaces | D. J. Ole | 12/30/79 | 5 |
| .34 | Violation of material condition of readiness | D. J. Ole | 12/30/79 | 2 |
| .35 | Leaking piping and/or valves in assigned spaces | D. J. Ole | 12/30/79 | 3 |
| .36 | Improperly stowed flammable materials | D. J. Ole | 12/30/79 | 4 |

2402.4   There are no emergencies and/or casualties to be discussed.

2402.5   Discuss with a qualified operator the following infrequent and/or abnormal operations: (In accordance with the requirements set forth in 2301.5)

| | | | |
|---|---|---|---|
| .51 | Semi annual leakage inspection of assigned spaces | 1/12/78 | 5 |
| .52 | Semi annual visual inspection of assigned | 1/12/78 | 5 |
| .53 | Compartment air test | 1/12/78 | 5 |

Total Points this Page:     39
Total Points this Watchstation:     177

A TRUE COPY. ATTEST:

Roger Bryan

TRIAL COUNSEL
ROGER BRYAN ATKINS
LT JAGC, USNR

DEFENSE EXHIBIT    E

00102

102



# DEPARTMENT OF THE NAVY
COMMANDER U. S. NAVAL BASE SUBIC
COMMANDER U. S. NAVAL FORCES PHILIPPINES
COMMANDER IN CHIEF PACIFIC REPRESENTATIVE PHILIPPINES
FPO SAN FRANCISCO 96651

IN REPLY REFER TO:

N6:RBA:cak
5800
Ser 1426
13 APR 1976

THIRD ENDORSEMENT on SR Benicio A. MORTEGA's request for suspension of
disciplinary proceedings dtd 5 Apr 76

From:  Commander U. S. Naval Base, Subic Bay
To:    SR Benicio A. MORTEGA, USN, 567 29 3874
Via:   Commanding Officer, U. S. Naval Station, Subic Bay

Subj:  U.S. v. SR Benicio A. MORTEGA, USN, 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; request for
suspension of proceedings in the Special Court-Martial case of

1.  Readdressed and returned.

2.  Your request for delay in the disciplinary proceedings pending against
you is denied.

T. J. KILCLINE

Copy to:
LT R. B. ATKINS, Trial Counsel

A TRUE COPY. ATTEST:

*Roger Bryan Atkins*

TRIAL COUNSEL

ROGER BRYAN ATKINS
LT JAGC, USNR

AEA
9 Pages

00103



DEPARTMENT OF THE NAVY
U. S. NAVAL STATION
BOX 50, FPO SAN FRANCISCO 96651

NS62:VW:am
1910
Ser: 1671
12 APR 1976

SECOND ENDORSEMENT on SR Benicio A. MORTEGA's Request for
suspension of disciplinary proceedings
dtd 5 Apr 76

From: Commanding Officer, U. S. Naval Station, Subic Bay
To:   SR Benicio A. MORTEGA, USN, 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
Via:  LT Roger Bryan ATKINS, JAGC, USNR, Trial Counsel

Subj: U. S. v. SR Benicio A. MORTEGA, USN, 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;
Request for suspension of proceedings in the Special
Court-Martial case of

1.  Readdressed and returned, concurring with the recommendation
contained in first endorsement.

2.  SR MORTEGA's request for Undesirable Discharge in lieu of
court-martial is retained and is being endorsed to Commander
U. S. Naval Base, Subic Bay for appropriate action.  It can
reasonably be expected that the request will be disapproved
and suspension of the proceedings will only delay the trial.

A. S. MOREAU, JR.

Copy to:
CDR J. E. Van Slate
LT G. C. Jeffries, Jr.

A TRUE COPY. ATTEST:

TRIAL COUNSEL
ROGER BRYAN ATKINS
LT JAGC, USNR

00104



**DEPARTMENT OF THE NAVY**
NAVAL LEGAL SERVICE OFFICE SUBIC BAY
U. S. NAVAL BASE BOX 35
FPO SAN FRANCISCO 96651

FO2:RBA:cta
5800
6 APR 1976

FIRST ENDORSEMENT on SR Benicio A. MORTEGA's Request for suspension
of disciplinary proceedings dated 5 April 1976

From:   LT Roger Bryan ATKINS, JAGC, USNR, Trial Counsel
To:     Commander U. S. Naval Base, Subic Bay, R. P.
Via:    Commanding Officer, U. S. Naval Station, Subic Bay, R.P.

Subj:   U. S. v. SR Benicio A. MORTEGA, USN, 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;
        Request for suspension of proceedings in the Special
        Court-Martial case of

Ref:    (a) BUPERSMAN 3420270 para 1-2

1.  The accused's request is forwarded with the recommendation that
it be disapproved.

2.  On 5 April 1976, in the afternoon, the accused submitted his
request for an Undesirable Discharge in lieu of court-martial.
The accused's case was scheduled for trial on the morning of
6 April 1976.  Trial counsel was given no advance notice of the
request, or of the intention to make such a request.

3.  The accused's record does not warrant an undesirable discharge
nor is it to the government's advantage to grant one in this case.
With only one Art. 15 punishment in his prior disciplinary record,
and a current charge sheet reflecting a 2 1/2 month unauthorized
absence and nothing else, the case is not an appropriate one for
an undesirable discharge.  Moreover, SR MORTEGA's enlisted
performance record is good and it is doubtful that a bad conduct
discharge would be awarded at special court-martial.

4.  Reference (a), paragraph one, entitles an accused to make a
request for an undesirable discharge in lieu of court-martial if
he could be awarded a bad conduct discharge.  This request may be
submitted at any time after charges have been preferred against
the accused.  Thus any accused can successfully delay any court-
martial, if any of the offenses alleged carry a punitive discharge
as an authorized punishment, by submitting a request for an
undesirable discharge.

A TRUE COPY. ATTEST:

_Roger Bryan Atkins_

TRIAL COUNSEL
ROGER BRYAN ATKINS
LT JAGC, USNR

00105

5.  Reference (a), paragraph two, however, specifically authorizes the GCM authority to refuse to suspend disciplinary proceedings even though there has been a request for an undesirable discharge in lieu of court-martial.

6.  In a situation such as that in the instant case, where the request for undesirable discharge appears to have little merit on its face, it is respectfully requested that denial of the accused's request for suspension of disciplinary proceedings be made possible in advance of formal action on the request for undesirable discharge.  This would help to prevent further unnecessary delays in future court-martials.

7.  It is respectfully submitted that the statement of SR MORTEGA, attached to his requests, indicates that what he is really seeking is a hardship discharge or some other form of administrative discharge separate and apart from anything bearing upon his court-martial.

8.  In summary, it is felt that SR MORTEGA's requests are untimely, mislabeled, and without merit, and they should be disapproved.

Very respectfully,

ROGER BRYAN ATKINS

2

A TRUE COPY. ATTEST:

TRIAL COUNSEL
ROGER BRYAN ATKINS
LT JAGC, USNR

5 April 1976

From:  SR Benicio A. MORTEGA, USN, 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
To:    Commander, U. S. Naval Base, Subic Bay, R. P.
Via:   Commanding Officer, U. S. Naval Station, Subic Bay, R. P.

Subj:  U.S. vs. SR Benicio A. MORTEGA, USN, 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;
       Request for suspension of proceedings in the Special
       Court-Martial case of

Encl:  Request for Undesirable Discharge for the Good of
       the Service in lieu of trial by court-martial

1.  Request subject proceedings be stayed pending determinative
action re enclosure (1).

                              BENICIO A. MORTEGA

Copy to:

CDR J. E. Van Slate
LT R. B. Atkins
LT C. G. Jeffries, Jr.

A TRUE COPY. ATTEST:

TRIAL COUNSEL
ROGER BRYAN ATKINS
LT JAGC USNR

00107

107

5 April 1976

From:   SR Benicio A. MORTEGA, USN, 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
To:     Commander U. S. Naval Base, Subic Bay, R. P.
Via:    Commanding Officer, U. S. Naval Station, Subic Bay, R. P.

Subj:   Request for Undesirable Discharge for the Good of the Service

Ref:    (a) BUPERSMAN 3420270

Encl:   (1) Copy of court-martial charge

1. Under the provisions of reference (a), I hereby request an undesirable discharge for the good of the service in lieu of trial by court-martial under circumstances which could lead to a bad conduct or dishonorable discharge.

2. I have consulted with LT C. Cole JEFFRIES, JR., JAGC, USN, a member of the Bar in the State of Arkansas, who has fully advised me of the implications of such a request. The basis for my request for undesirable discharge for the good of the service stems from my misconduct contained in the court-martial charge preferred against me as indicated in enclosure (1). I elect to be administratively discharged rather than be tried by court-martial. I am completely satisfied with the counsel I have received.

3. I understand that if this request is approved I will receive an undesirable discharge. I understand that an undesirable discharge is under other than honorable conditions and may deprive me of virtually all veterans' benefits based upon my current period of active service and that I may expect to encounter substantial prejudice in civilian life in situations wherein the type of service rendered in any branch of the Armed Forces or the character of discharge received therefrom may have a bearing.

4. I understand that once this request is submitted it may only be withdrawn, whether or not accepted, with the consent of the officer exercising general court-martial jurisdiction over me.

5. I understand that I may submit a sworn or unsworn statement in my behalf. I do not desire to submit a statement.

6. This request is voluntarily submitted free from any duress or promises of any kind. I have asked my counsel, who has fully explained to me the implications of my request to witness my signature.

7. I have retained a copy of this request for an undesirable discharge for the good of the service in lieu of trial by court-martial and the enclosure related thereto.

A TRUE COPY. ATTEST:

Very respectfully,

ROGER BYRON AIKINS

BENICIO A. MORTEGA

TRIAL COUNSEL LT JAGC USNR

Witnessed by:

C. COLE JEFFRIES, JR.
LT, JAGC, USN
State of Arkansas

00108

108

Charge      : Violation of the Uniform Code of Military Justice, Article 86.

Specification : In that Seaman Recruit Benicio Aguilar MORTEGA, United States Navy, U.S. Naval Station, Subic Bay, Philippines, formerly attached to USS MANLEY (DD 940) did, on or about 0730, 01 December 1975, without authority, absent himself from his unit, to wit: USS MANLEY (DD 940), then located at U.S. Naval Station, Philadelphia, Pennsylvania, and did remain so absent until on or about 1530, 20 February 1976.

A TRUE COPY. ATTEST:

23 MAR 1976

TRIAL COUNSEL

If this space is insufficient for all charges and specifications, they will be set forth numerically, front to back, on separate sheets attached to this page.

- 2 -

ENCLOSURE (/)

5 APRIL 1976

FROM: SR BENICIO A. MORTEGA, USN 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
TO: COMMANDER, U.S. NAVAL BASE, SUBIC BAY, R.P.
VIA: COMMANDING OFFICER, U.S. NAVAL STATION, SUBIC BAY, R.P.

SUBJ: REQUEST FOR UNDESIRABLE DISCHARGE FOR THE GOOD
      OF THE SERVICE IN LIEU OF TRIAL BY COURT-MARTIAL

1. I RESPECTFULLY REQUEST FOR UNDESIRABLE DISCHARGE
ON ACCOUNT OF THE SERIOUS PROBLEM WHICH CONFRONT
MY FAMILY AND MYSELF. I AM THE ELDEST IN THE FAMILY
OF 5 BOYS AND 4 GIRLS. BEING THE ELDEST, I ALREADY
ASSUMED THE ROLE OF HELPING MY FAMILY IN SPITE OF
THE FACT THAT I'M ALREADY MARRIED AT PRESENT. IN THAT
MY MARRIAGE DID NOT SERVE IN ONE WAY OR ANOTHER
AS AN OBSTACLE FOR NOT HELPING MY FAMILY. I STILL
CONTINUE THE THINGS THAT I WAS DOING TO SUPPORT THEM,
WITH THE MONEY THAT I CONTRIBUTE TO THEM. MY FA-
THER IS TAKING THE BIG OPPORTUNITY OF GRABBING
AT LEAST ALL THE AMOUNT THAT I SEND THEM REGULARLY
FROM MY MOTHER IF NOT THROUGH PEACEFUL MEANS,
HE GETS IT BY VIOLENCE, AT LEAST SETTING A QUA-
RREL IN THE HOUSEHOLD AND THUS RESULTING TO UN-
PEACEFUL ENVIRONMENT. MY FATHER INDULDGES HIMSELF
IN GAMBLING, DRINKING, WOMEN AND ALMOST LEAVING
MY MOTHER, BROTHERS AND SISTERS STARVING FROM HUNGER.
MY YOUNGER BROTHERS AND SISTERS IS SUFFERING THE IN-
CONVENIENCE OF ACQUIRING A BIT OF EDUCATION BECAUSE
OF SEVERAL UNPAID SCHOOL FEES AND WITH THAT THEY
CANNOT TAKE THE EXAMINATION. WITH ALL THESE HAPPE-
NINGS THERE'S NOBODY WHO COULD HELP MY MOTHER
IN DEFENDING HERSELF AND MY BROTHERS AND SISTERS
WELL, EXCEPT MYSELF ON ACCOUNT OF I'M THE
ONLY RESPONSIBLE PERSON IN THE FAMILY WHO COULD
AT LEAST MINIMIZE IF NOT TOTALLY GONE THE ILL
DEEDS OF MY FATHER.

A TRUE COPY ATTEST:

TRIAL COUNSEL
ROGER BRYAN ATKINS
LT JAGC, USNR

00110

85

110

2. I ALREADY ASKED THE ASSISTANCE OF THE BASE CATHOLIC CHAPLAIN REGARDING MY PROBLEM. I EVEN ASKED HIM IF HE COULD LET ME OUT IN THE SERVICE THROUGH ADMINISTRATIVE DISCHARGE BUT IT WAS ALL IN VAIN, I COULD NOT GET OUT WITH THAT KIND OF DISCHARGE. SO FINALLY, I DECIDED TO PUT THIS REQUEST FOR UNDESIRABLE DISCHARGE IN AS MUCH AS THIS IS THE ONLY WAY LEFT FOR ME TO DO TO HELP ME SOLVE MY PROBLEM.

VERY RESPECTFULLY,

Benicio A. Mortega

BENICIO A. MORTEGA

A TRUE COPY. ATTEST.

TRIAL COUNSEL

ROGER BRYAN ATKINS

LT JAGC, USNR.

00111

APPELLATE RIGHTS STATEMENT

From: SR Benicio A. MORTEGA, USN, 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
      (Accused)
To: Judge Advocate General

Subj: Appellate Rights

1. **Statement of Understanding.** In regard to the review of my trial by
_Special_ court-martial held on _13 April 1976_ at
_Naval Legal Service Office Subic Bay, Rep. of the Philippines_
I have been advised by my defense counsel of my appellate rights under
Article 70, Uniform Code of Military Justice; and paragraph 48k, Manual
for Courts-Martial, 1969 (Rev.). I understand that I am entitled to
request that appellate defense counsel   me before the Navy
Court of Military Review if the record of my trial is referred to that
Court under Article 66 or Article 69 of the Code. Further, that I have
10 days from notice of the action of the [convening (for GCM)] [super-
visory (for SPCM)] authority in which to forward a request for
representation and that my failure to do so within this time may be
regarded as a waiver of my right to appellate counsel. I also under-
stand that I am entitled to provide civilian counsel to represent me
before the Court if I so desire, and that I may withdraw my request
for appellate counsel at any time.

2. **Election Regarding Appellate Representation.** [Accused should initial
in the blank space preceding statement a or b, as appropriate.]

a. _____ I do not desire to be represented by appellate defense
counsel before said Navy Court of Military Review.

b. _____ I do desire to be represented by appellate defense
counsel before said Navy Court of Military Review (if my case is referred
to it), and herewith request that appellate defense counsel urge in my
behalf all substantive errors or other matters which he may discover in
the record and accompanying papers. In this regard the errors or matters
listed below (if any), are those which I and my trial defense counsel
believe may be grounds for relief. [If no specific errors or matters
are to be listed, so state. If a listing of errors does not appear below
but is attached, or a brief by trial defense counsel will be submitted
in lieu of a simple listing of errors, so state.]: (Attach sheets as
necessary).

00112

(1) __Civilian counsel.__ The name, full address and phone number of civilian counsel provided by me to represent me before the Navy Court of Military Review is (if none, __so state__):

NONE

3. __Information.__ [Where appellate defense counsel has been requested, complete the following]: In the event that my appellate defense counsel may desire to contact me if the need arises, and aside from my current military address, I may most probably be reached at or through the following address:

949 Panamitan,
Kawit
Cavite
Republic of the Philippines

I will forward any change in the above address, until completion of appellate review to the following:

Director, Appellate Defense Division
Navy Appellate Review Activity
Office of the Judge Advocate General
Washington Navy Yard
Washington, D. C.  20374

Benicio A. Mortega
(Signature of the Accused)

Date:  27 April 1976

Witness:

C. C. JEFFRIES, JR.
LT, JAGC, USN
Defense Counsel

Copy to:
Accused

2

001 3

113

## INSTRUCTIONS FOR PREPARING AND ARRANGING
## VERBATIM RECORD OF TRIAL

USE OF FORM - Appendix 9e, MCM, 1951, and this form will be used by the trial counsel and the reporter as a guide to the preparation of the completed record of trial in all general court-martial cases and in all special court-martial cases in which a verbatim record is prepared.

COPIES OF RECORD - See appendix 9f, MCM, 1951.

ARRANGEMENT OF RECORD - When forwarded to the appropriate Judge Advocate General, a record of trial by general or special court-martial will be arranged in the sequence shown below. Items 8 and 9, if prepared, will be included in a special court-martial record.

1. Front cover and chronology sheet.

2. Request of accused for appellate counsel.

3. Briefs of counsel (Art 38c).

4. Court-martial data sheet.1

5. Court-martial orders; 10 copies promulgating the result of trial as to each accused.

6. Signed review of staff judge advocate or legal officer, in duplicate.

7. Charge sheet.

8. Report of investigating officer pursuant to article 32, followed by any other papers which accompanied the charges when referred for trial, unless included in the record of trial proper.

9. Advice of staff judge advocate or legal officer pursuant to article 34.

10. Records of former trials.

11. Requests by counsel and action of the convening authority taken thereon (e. g., requests concerning delay, witnesses, and depositions).

12. Record of trial proper in the following order:

    (a) Index sheet.

    (b) Receipt of accused, or certificate of trial counsel, showing delivery of copy of record to accused.

    (c) Record of proceeding in court.

    (d) Action of convening authority and, if appropriate, action of officer exercising general court-martial jurisdiction.

    (e) Exhibits admitted in evidence.

    (f) Clemency papers.

    (g) Offered exhibits not received in evidence, but which are attached at request of counsel. The page of the record of trial where each exhibit was offered and rejected will be noted on the front of each exhibit.

    (h) Appellate exhibits, such as proposed instructions, written offers of proof or preliminary evidence (real or documentary), and briefs of counsel.

13. This back cover sheet.

---

1Unless otherwise directed by the cognizant general court-martial authority the Navy does not use DD Form 494, Court-Martial Data Sheet (see JAG Man. sec. 0114a(4)).

* U. S. GOVERNMENT PRINTING OFFICE : 1948 O—242-767

89

00114

114