UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **BENICIO A. MORTEGA,** | ) | |
| Plaintiff, | ) | Civil Action No.: 06-0426 (EGS) |
| v. | ) | ECF |
| **DONALD H. RUMSFELD,** **SECRETARY OF DEFENSE,** | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY BRIEF IN FURTHER SUPPORT OF HIS MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

In his late-filed opposition to Defendant's motion for dismissal or, alternatively, summary judgment,[1] Plaintiff Benico A. Mortega contends, without any evidentiary support in the record, that he was coerced into signing a plea agreement and was not informed of the consequences of his receipt of a Bad Conduct Discharge from the Navy.  These facts, he contends, warrants the Court granting him relief in the amount of $1.001 billion and reinstatement in the Navy with 28 years of credited honorable naval service.  (Compl. VI(c).)  Plaintiff's allegations are without merit and he has done nothing, aside from set forth his own subjective beliefs and conclusions, to oppose Defendant's motion.  Accordingly, the Court should grant Defendant's motion to dismiss or, in the alternative, for summary judgment.

---

[1]Plaintiff has entitled his opposition "Plaintiff's Comment on Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment."  For ease of reference, Defendant has cited to Plaintiff's opposition as "Pl.'s Opp'n."

I.   **PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION IS LEGALLY INSUFFICIENT AND DEFENDANT'S MOTION SHOULD BE GRANTED.**

Plaintiff has failed to properly oppose Defendant's arguments for dismissal, or alternatively, summary judgment.  In response to Defendant's motion, Plaintiff has filed a three-page handwritten document in which he recounts certain purported facts relating to his underlying Navy special court-martial conviction and makes conclusory statements that he has exhausted his administrative remedies[2] and has established a constitutional violation.  (Pl.'s Opp'n, ¶¶ 4, 8.)  Nowhere does Plaintiff provide a substantive response to the Defendant's arguments that Plaintiff's claims are untimely; that he waived his challenges to his court-martial conviction by failing to raise those claims in the trial court; that the denials of his petitions for relief were not arbitrary or capricious; and that he cannot recover monetary damages.  (Def.'s Mem. at 11-21.)  Under the law of this Circuit, Plaintiff has effectively conceded Defendant's arguments, and dismissal is warranted.  See Hopkins v. Women's Div., General Bd. of Global Ministries, 238 F. Supp. 2d 174, 178 (D.D.C. 2002) ("It is well understood in this Circuit that when a plaintiff files an opposition to a motion to dismiss addressing only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded . . . .") (citations omitted); see also Bancoult v. McNamara, 227 F. Supp. 2d 144, 149

---

[2]This statement by Plaintiff is apparently in response to Defendant's argument that, to the extent his complaint can be read to assert a claim pursuant to the Federal Torts Claim Act ("FTCA"), Plaintiff is precluded from asserting such a claim because he never filed a claim with the appropriate administrative agency.  Def.'s Mem. at 18; see also McNeil v. United States, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies.").  Plaintiff has not provided any evidence that he presented a monetary claim for damages to the Department of the Navy or the Department of Defense within two years after his claim accrued, as required by the FTCA.  28 U.S.C. § 2401(b).  His conclusory statement that he has "exhausted all administrative remedies" (Pl.'s Opp'n ¶ 4) is therefore insufficient to controvert the Defendant's argument.

(D.D.C. 2002) ("If the opposing party files a responsive memorandum, but fails to address certain arguments made by the moving party, the court may treat those arguments as conceded, even when the result is dismissal of the entire case.") (citations omitted).

   To the extent that the Court treats Defendant's motion as one seeking summary judgment, Plaintiff's failure to adequately oppose Defendant's motion warrants the grant of Defendant's motion for several reasons.  First, Plaintiff has failed to provide a sufficient response to Defendant's Statement of Material Facts to Which There is No Genuine Dispute, which permits the Court to deem Defendant's facts as admitted.  See LCvR 56.1 ("[T]he court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues file[d] in opposition to the motion.").  Second, Plaintiff has provided no support, beyond his own assertions, that defeats any of Defendant's arguments.  It is well-established that "the nonmoving party may not rely solely on allegations or conclusory statements."  Walker v. Pharm. Research & Mfrs. of America, 439 F. Supp. 2d 103, 106 (D.D.C. 2006) (citations omitted).  See also Greene v. Dalton, 164 F.3d 671, 675 (D.C. Cir. 1999) ("Accepting such conclusory allegations as true . . . would defeat the central purpose of the summary judgment device, which is to weed out those cases insufficiently meritorious to warrant the expense of a jury trial.").  Plaintiff, as the nonmoving party, had the duty to "present specific facts that would enable a reasonable jury to find in [his] favor."  Walker, 439 F. Supp. 2d at 106.  In light of Plaintiff's complete failure to oppose Defendant's arguments, Defendant's motion should be granted.[3]

---

[3]That Plaintiff is proceeding pro se does not require that this Court overlook his failure to comply with the Federal Rules of Civil Procedure.  See Dozier v. Ford Motor Co., 702 F.2d 1189, 1194 (D.C. Cir. 1983) ("While a pro se litigant must of course be given fair and equal

II.  **PLAINTIFF'S ATTACK ON HIS COURT-MARTIAL IS NOT JUSTICIABLE AND, IN ANY EVENT, THIS CLAIM IS UNTIMELY.**[4]

To the extent that Plaintiff seeks relief other than review of the decisions by the Board for Correction of Naval Records ("BCNR") denying Plaintiff's request to alter his records, these claims are not justiciable. The District of Columbia Circuit has clearly held that claims, similar to Plaintiff's request that the Court vacate the judgment of the military court and credit him with 28 years of honorable naval service, including retroactive promotions (Compl. VI.(a)-(b)), are non-justiciable and subject to dismissal for lack of subject-matter jurisdiction. See Kreis v. Secretary of the Air Force, 866 F.2d 1508, 1511 (D.C. Cir. 1989) (holding that "request for retroactive promotion falls squarely within the realm of nonjusticiable military personnel decisions."); see also Piersall v. Winter, 435 F.3d 319, 322 (D.C. Cir. 2006). Quite simply, the

---

treatment, he cannot generally be permitted to shift the burden of litigating his case to the courts, nor to avoid the risks of failure that attend his decision to forgo expert assistance."); Mazique v. Mazique, 356 F.2d 801, 806 (D.C. Cir. 1966) (noting that plaintiff, who petitioned the court to permit her to proceed pro se, "could not expect or seek concessions because of her inexperience and lack of trial knowledge and training . . . ."); Eagle Eye Fishing Corp. v. United States Dep't of Commerce, 20 F.3d 503, 506 (1st Cir. 1994) ("While courts have historically loosened the reins for pro se parties . . . the right of self-representation is not a license not to comply with relevant rules of procedural and substantive law.") (internal citations and quotation marks omitted).

[4]Plaintiff contends that he has filed "this complaint thru a petition for extraordinary relief in the nature of habeas corpus ad subjiciendum and claim for punitive and compensatory damages." (Pl.'s Opp'n, ¶ 6.)  However, a habeas action is not available to Plaintiff, who is not subject to custody and living freely abroad in the Philippines. See Chatman-Bey v. Thornburgh, 864 F.2d 804, 806 (D.C. Cir. 1988 ) ("Habeas gets at custody or detention of an individual. Its function is to test the power of the state to deprive an individual of liberty in the most elemental sense."); El-Hadad v. United States, 377 F. Supp. 2d 42, 49 (D.D.C. 2005) (noting that the D.C. Circuit has "categorically denie[d] the application of habeas jurisdiction to aliens living freely abroad.") (citing Bruno v. Albright, 197 F.3d 1153, 1162 (D.C. Cir. 1999)).  Nor would habeas relief afford Plaintiff the compensatory and punitive damages he seeks. See Preiser v. Rodriguez, 411 U.S. 475, 508 (1973) ("In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy.").

relief Plaintiff seeks cannot be afforded to him by this Court and dismissal of these claims for lack of subject matter jurisdiction is appropriate.[5]

Furthermore, as Defendant argued in its Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment ("Def.'s Mem."), Plaintiff has failed to timely file his challenge to his court-martial conviction. Pursuant to 28 U.S.C. § 2401(a), Plaintiff had six-years in which to bring this claim. However, his Bad Conduct Discharge was executed on March 9, 1977, nearly thirty years ago. (A.R. 1, 8, 14, 40; Def.'s Mem. at 6, 11-12.) Plaintiff does not dispute that he failed to challenge his court martial conviction within the time prescribed by the statute. Accordingly, this challenge is untimely and should be dismissed.

### III. PLAINTIFF'S CHALLENGES TO THE DECISIONS OF THE BCNR ARE UNTIMELY AND LACK MERIT.

Plaintiff petitioned the BCNR for relief on four separate occasions: May 1, 1982 (A.R. 1-15);[6] April 29, 1997 (A.R. 18-23); January 22, 2001 (A.R. 26-30); and April 27, 2005 (A.R. 33-40). The BCNR denied each of Plaintiff's petitions. Plaintiff now challenges those decisions.

Plaintiff's challenge to the BCNR's decisions is governed by the Administrative Procedure Act ("APA"). 5 U.S.C. § 702; see also Piersall, 435 F.3d at 324 ("the decisions of boards for correction of military records are subject to review under the APA.") (citation

---

[5] Although Defendant previously argued that Plaintiff's failure to raise his claims timely deprives the Court of subject matter jurisdiction, (Def.'s Mem. at 12), Defendant failed to argue in its initial dispositive motion that the relief Plaintiff seeks regarding dismissal of the charges against him and receipt of retroactive promotions is not justiciable. Accordingly, Defendant would not oppose Plaintiff's request, if any, to file a surreply to address this isolated argument.

[6] "A.R." refers to the Administrative Record that Defendant previously filed with the Court.

omitted). Plaintiff's May 1, 1982 petition was denied on July 30, 1982, and his April 29, 1997 petition was denied on June 27, 1997. (A.R. 1-2; 18.) As Defendant previously contended in its opening brief, Plaintiff's challenges to the 1982 and 1997 BCNR decisions are untimely because the six-year statute of limitations applicable to challenges to final agency decisions contained in 28 U.S.C. § 2401(a) has clearly expired. See Impro Prods. Inc. v. Block, 722 F.2d 845, 850 (D.C. Cir. 1983) (plaintiff's challenges to agency decisions all ran afoul of the six-year limitations period). Thus, the Court lacks subject matter jurisdiction to entertain these claims. See Spannaus v. Dep't of Justice, 824 F.2d 52, 55 (D.C. Cir. 1987) ("[Section] 2401(a) is a jurisdictional condition attached to the government's waiver of sovereign immunity, and as such must be strictly construed.") (citations omitted).

Regarding the 2001 and 2005 BCNR decisions, in order to afford Plaintiff relief, the Court must find that the BCNR's denials were "arbitrary or capricious, unsupported by substantial evidence, or erroneous in law." McDougall v. Widnall, 20 F. Supp. 2d 78, 82 (D.D.C. 1998) (citing 5 U.S.C. § 706(2)(a)). It is Plaintiff who "has the burden of showing by cogent and clearly convincing evidence that the decision [of the BCNR] was the result of a material legal error or injustice." Kosnik v. Peters, 31 F. Supp. 2d 151, 157 (D.D.C. 1998) (citations omitted). Plaintiff has presented no basis upon which the Court could conclude that the BCNR's denials fail to withstand APA scrutiny and accordingly, his challenge to the BCNR's decisions lacks merit. (See Def.'s Mem. at 16-17.)

**IV.   PLAINTIFF CANNOT ASSERT CLAIMS FOR CONSTITUTIONAL VIOLATIONS OR MONETARY DAMAGES AGAINST THE UNITED STATES.**

Plaintiff contends that his right to "constitutional due process was violated pursuant to the provisions of the 14th Amendment of the Constitution." (Pl.'s Opp'n, ¶ 8.) However, to the

extent that Plaintiff seeks money damages by raising constitutional challenges in this Court, he is precluded from doing so.  The United States has not generally consented to be sued for constitutional torts.  F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit.").  Nor does the FTCA provide a waiver of sovereign immunity for such torts.  Id. at 477-78; Kline v. El Salvador, 603 F. Supp. 1313, 1317 (D.D.C. 1985).

    In addition, although he seeks in excess of a billion dollars in damages, Plaintiff has failed to articulate any rationale that would permit such recovery.  As Defendant previously argued, to the extent Plaintiff seeks to recover monetary damages pursuant to the FTCA, he has failed to comply with the Act's requirements that he exhaust his administrative remedies.  See 28 U.S.C. § 2675(a) ("the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency . . . ."); see also McNeil v. United States, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies.").  Plaintiff has not provided any evidence that he presented a monetary claim for damages to the Department of the Navy or the Department of Defense within two years after his claim accrued, as required by the FTCA.  28 U.S.C. § 2401(b).  In addition, as Defendant argued in his opening memorandum of law, the APA does not permit the recovery of monetary damages.  Linder v. Calero-Portocarrero, 251 F.3d 178, 181 (D.C. Cir. 2001); Hubbard v. EPA, 982 F.2d 531, 359 (D.C. Cir. 1992) (en banc).  There is, therefore, no theory upon which Plaintiff can recover in excess of a billion dollars from the federal government and his claim should be dismissed.

## V. CONCLUSION

For the foregoing reasons, as well as those made in its Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment, the Court should dismiss Plaintiff's complaint in its entirety.

Respectfully submitted,

　/s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

　/s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

　/s/ Michelle N. Johnson
MICHELLE N. JOHNSON, D.C. BAR # 491910
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W. – Room E4212
Washington, D.C. 20530
(202) 514-7139
COUNSEL FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Defendant's Reply Brief in Further Support of his Motion to Dismiss or, in the Alternative, for Summary Judgment, was mailed by depositing a copy of it in the U.S. Mail, first class postage prepaid, addressed to:

>Benicio A. Mortega
>27-C 17th Avenue, Murphy
>Quezone City 1109
>Philippines

on this 26th day of October, 2006.

_____/s/_____
MICHELLE N. JOHNSON
Assistant United States Attorney
555 4th St., N.W., Room E4212
Washington, D.C.  20530
202-514-7139