IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **BENICIO A. MORTEGA,** | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 06-0426 (EGS) |
| | ) | |
| v. | ) | |
| | ) | |
| **DONALD H. RUMSFELD,** | ) | |
| **SECRETARY OF DEFENSE,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND TIME FOR A MOTION FOR RECONSIDERATION TO SUMMARY JUDGMENT**

Defendant, through counsel, respectfully opposes the Plaintiff's "Motion to Extend Time for a Motion for Reconsideration to Summary Judgment." Because the time in which Plaintiff could seek reconsideration of this Court's Order dismissing his lawsuit has expired, an extension of time should not be granted.

This matter was initiated by the Plaintiff on March 8, 2006. Defendant filed a motion to dismiss, or in the alternative, for summary judgment, on July 10, 2006. On September 1, 2006, this Court issued an Order to Plaintiff advising him that he should respond to the Defendant's motion no later than October 2, 2007, or the Court could consider the motion conceded. Plaintiff filed his response to Defendant's motion on October 19, 2006, and Defendant filed his reply on October 26, 2006. On March 20, 2007, this Court granted Defendant's motion to dismiss, or in the alternative, for summary judgment.

Rule 59(e) of the Federal Rules of Civil Procedure states that "any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." Fed. R. Civ.

P. 59(e).  This Court is not empowered to extend this ten-day period.  See Fed. R. Civ. P. 6(b); Center for Nuclear Responsibility, Inc. v. United States Nuclear Regulatory Comm'n, 781 F.2d 935, 941 (D.C. Cir. 1986) ("Rule 59(e) motions are expressly limited to the 10-day period following entry of judgment, and the District Court simply has no power to extend that time limitation") (footnote and citation omitted); Badru v. United States, 215 F.R.D. 8, 10  (D.D.C. 2003) ("A party must file a Rule 59(e) motion within ten days after entry of judgment.") (citing Fed. R. Civ. P. 59(e)).  Although Plaintiff contends that he did not receive the Court's order until April 26, 2007, this fact does not excuse Plaintiff's untimeliness because "[t]his Court cannot extend the time for filing Rule 59(e) motions, even if a party does not receive notice of an order."  Badu, 215 F.R.D. at 10 (citations omitted).  Therefore, because Plaintiff's Rule 59(e) motion was not filed within ten days of the Court's entry of judgment, his motion may not be considered under that rule.  Id.  (dismissing pro se Rule 59(e) motion that was received more than ten days after the entry of judgment).[1]

Because the time in which Plaintiff could have sought reconsideration has clearly expired, Defendant respectfully requests that the Court deny the Plaintiff's motion to extend time for Plaintiff to file a motion for reconsideration of summary judgment.

---

[1] While it is true that "[a]n untimely motion under Rule 59(e) may be considered as a motion under Rule 60(b) if it states grounds for relief under the latter rule[,]" Uberoi v. E.E.O.C., 271 F. Supp. 2d 1, 2 (D.D.C. 2002), Plaintiff has failed to set forth any justification that would permit the Court to reconsider its Order of final judgment pursuant to Rule 60(b).  Indeed, plaintiff's motion sets forth no basis for the Court revisiting its prior decision.

Dated: June 7, 2007

        Respectfully submitted,

          /s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

          /s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

          /s/ Michelle N. Johnson
MICHELLE N. JOHNSON, D.C. BAR # 491910
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W. – Room E4212
Washington, D.C. 20530
(202) 514-7139

COUNSEL FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Defendant's Opposition to Plaintiff's Motion to Extend Time for a Motion for Reconsideration to Summary Judgment, was mailed by depositing a copy of it in the U.S. Mail, first class postage prepaid, addressed to:

> Benicio A. Mortega
> 27-C 17th Avenue, Murphy
> Quezone City 1109
> Philippines

on this 7th day of June, 2007.


_____/s/_____
MICHELLE N. JOHNSON
Assistant United States Attorney
555 4th St., N.W., Room E4212
Washington, D.C. 20530